V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
V. JAMES DESIMONE LAW
13160 Mindanao Way Suite 280
Marina Del Rey, California 90292
Telephone:  (310) 693-5561
Email: VJD000095@bohmlaw.com

Attorneys for Plaintiffs, M.A.R., minor, by and through his Guardian ad litem
ELISABETH BARRAGAN; and SILVIA IMELDA RIVERA, mother of deceased.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; OFFICER ANGEL ROMERO; Police Chief MICHEL MOORE, in his individual, and official capacity; and DOES 6-10, inclusive.<br><br>Defendants. | Case No.: 2:21-CV-02957-JFW-MAR<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure- Excessive Force (42 U.S.C. § 1983)<br>2.  Deprivation of Life Without Due Process (42 U.S.C. § 1983)<br>3. Municipal Liability for Unconstitutional Custom, Practice, or Policy—(42 U.S.C. § 1983)<br>4. Interference with Parent-Child Relationship (42 U.S.C. §1983)<br>5. Wrongful Death (Cal. Civ. Proc. Code § 377.60)<br>6. Assault and Battery<br>7.  Negligence<br>8.  Violation of Bane Civil Rights Act (Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS M.A.R., the minor child of deceased, DANIEL RIVERA

(hereinafter "MR. RIVERA"), and SILVIA IMELDA RIVERA, the mother of deceased,

upon information and belief, allege as follows:

**INTRODUCTION**

1. PLAINTIFF M.A.R., by and through his Guardian ad litem ELISABETH BARRAGAN; and SILVIA IMELDA RIVERA, ("PLAINTIFFS") bring this lawsuit to seek justice for MR. RIVERA who was recklessly killed by OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO of the Los Angeles Police Department ("LAPD") on August 14, 2020. At the time of the killing, MR. RIVERA was unarmed, surrendering and was not threating anyone. OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO recklessly used excessive force causing MR. RIVERA's death by piling on top of him while he was in a prone position, tasing MR. RIVERA four (4) times without justification, improperly restraining him while applying full body weight and forcing him in face own while in medical distress causing positional asphyxiation. Based on information and belief, OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO used excessive force and recklessly caused the death of MR. RIVERA.  OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO also failed to intervene and stop the unjustified use of excessive force.

2. DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO are liable in their individual capacities as they proximately caused MR. RIVERA's death and injuries and are liable under federal law pursuant to 42 U.S.C. §1983 and state law pursuant to California Government Code §§ 815.2 and 820.

3. DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or

**COMPLAINT FOR DAMAGES**

OFFICER ANGEL ROMERO are directly liable for MR. RIVERA's death and injuries under federal law pursuant to 42 U.S.C. §1983.

4. DEFENDANTS DOES 6-10 (DOE OFFICERS) are directly liable for MR. RIVERA's death and injuries under federal law pursuant to 42 U.S.C. §1983.

5. DEFENDANTS CITY and DOES 6-10 also proximately caused MR. RIVERA's death and injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

6. According to LAPD 2019 statistics of officer involved deaths, thirty five (35) people were killed by LAPD officers with sixteen (16), or 45.7%, of the people being killed were Latino, like MR. RIVERA.

7. Moreover, a database compiled by the LA Times on June 9, 2020 in the aftermath of George Floyd's death in Minneapolis of cases where people died at the hands of law enforcement in Los Angeles County, it found that "since 2000, there have been nearly 900 killings by local police that were ruled a homicide by county medical examiners. Almost all of the dead were men, nearly 80% were black or Latino," Further, more than 50% of these deaths were Latino, like MR. RIVERA.

8. DEFENDANT POLICE CHIEF MICHEL MOORE ("CHIEF MOORE" OR "DEFENDANT MOORE") has failed to impose adequate discipline on his deputies who committed killings, or who committed other types of excessive force, creating a culture of impunity within the LAPD that encourages such violence and incidents of unreasonable force against the public.

9. DEFENDANT CITY OF LOS ANGELES ("CITY") by summarily rejecting PLAINTIFFS' claim for damages, has proved unwilling to accept responsibility for the wrongs committed by its Officers.

10. This civil rights action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under the United States Constitution and California State laws in connection with the fatal tasing, excessive force, and improper restraining of Mr. Rivera on August 14, 2020.

11.  On information and belief, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO piled on top of MR. RIVERA as he was laying face down in a prone position while DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO tased MR. RIVERA with a taser gun four times, whereby the combination of all DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO actions, caused MR. RIVERA's death.  DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO are all employed by the Los Angeles Police Department. MR. RIVERA was unarmed and not threatening anyone.  The killing was completely unnecessary, unreasonable, unjustified.  DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO actions leave MR. RIVERA's teenage son, M.A.R., fatherless, and his mother SILVIA IMELDA RIVERA without a son ("PLAINTIFFS").  DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and OFFICER ANGEL ROMERO  are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983. PLAINTIFFS bring this lawsuit, seeking justice.

12.  DEFENDANTS DOES 6-10 proximately caused MR. RIVERA's and the PLAINTIFFS' injuries by integrally participating or failing to intervene in the excessive force, and by engaging in other acts/ or omissions around the time of the tasing and improper restraining that resulted in MR. RIVERA's death, including, using unreasonable use of excessive force against him. DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and OFFICER ANGEL ROMERO are directly liable for PLAINTIFFS' injuries

under federal law pursuant to 42 U.S.C. § 1983.

13.     DEFENDANT CITY, Police Chief MICHEL MOORE, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6-10 also proximately caused MR. RIVERA's and PLAINTIFFS' injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and by ratifying the unconstitutional actions of the DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6-10 officers' actions and/or maintaining a policy or custom that is the "moving force" behind the unconstitutional deprivations alleged below.

14.     The policies and customs of engaging in unreasonable excessive force, unnecessary tasing, improperly restraining and use of hobble restraints on civilians such as MR. RIVERA's are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as PLAINTIFFS herein seek by means of this civil rights action to hold accountable those responsible for the killing of MR. RIVERA and to challenge the CITY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## PARTIES AND THEIR AGENTS

15.     At all times mentioned in this Complaint, PLAINTIFF SILVIA IMELDA RIVERA, the mother of deceased was a resident of the County of Los Angeles, California.

16.     At all times mentioned in this Complaint, PLAINTIFF M.A.R., the minor child of deceased, was a resident of the County of Los Angeles, California.

17.     PLAINTIFFS are informed and believe DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6-10 are individuals living in the County of Los Angeles, California.

18.     At all relevant times, DEFENDANTS OFFICER BRET BECKSTROM;

**COMPLAINT FOR DAMAGES**

OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO were public employees and agents of DEFENDANT CITY OF LOS ANGELES and were acting with the course and scope of their respective duties as police officers and with complete authority and ratification of their principal DEFENDANT CITY OF LOS ANGELES.

19.   At all relevant times, DOES 6-10 were duly appointed officers and/or employees or agents of the CITY OF LOS ANGELES subject to oversight and supervision by CITY OF LOS ANGELES' elected and non-elected officials.

20.   PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6-10 were agents, servants, and employees of DEFENDANT CITY OF LOS ANGELES and/or the LAPD.  PLAINTIFFS are ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 6-10, inclusive, and therefore sue these DEFENDANTS by such fictitious names.  PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. As such, the individual DOE DEFENDANTS are sued in both their individual and official capacities.

21.   In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and OFFICER ANGEL ROMERO and DOES 6-10 were acting on the implied and actual permission and consent of CITY OF LOS ANGELES and MOORE.

22.   DEFENDANT CITY OF LOS ANGELES is a municipal corporation duly organized and existing under the Constitution and laws of the State of California. LAPD is a local government entity and an agency of CITY OF LOS ANGELES, and all actions of the LAPD are the legal responsibility of the CITY OF LOS ANGELES. CITY OF LOS ANGELES is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFFS' federal rights claims.

23.     DEFENDANT MICHEL MOORE is, and was, at all times relevant to this action, the LAPD police chief and a policymaker for his department.  He is sued in both his individual and official capacities.

24.     ALL DEFENDANTS who are natural persons, including DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and OFFICER ANGEL ROMERO and DOES 6-10 , are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF LOS ANGELES. ALL DEFENDANTS who are natural persons, including DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6-10 , are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF LOS ANGELES.

25.     At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

26.     PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6-10 are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.

27.     Finally, all relevant times herein, all DEFENDANTS acted as agents of all other DEFENDANTS in committing the acts alleged herein.

## JURISDICTION

28.     Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States

Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

The incidents complained of occurred in Arleta, California in the City of Los Angeles. On August 14, 2020, at approximately 6:01 p.m., DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO of the Los Angeles Police Department caused the death of Decedent MR. RIVERA by three (3) officers piling on top of him using full body weight, using excessive force, improperly restraining him when he was surrendering and in the prone position while a fourth (4th) officer tased him four (4) times and using hobble restraints.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

29.     At all times herein mentioned, PLAINTIFF, M.A.R., the minor child of the deceased, is a resident City of Los Angeles California.

30.     At all times herein mentioned, PLAINTIFF SILVIA IMELDA RIVERA, the mother of deceased, is a resident of the City of Los Angeles.

31.     At all times herein mentioned decedent, DANIEL RIVERA, was a resident of the City of Los Angeles, in the State of California.

32.     DEFENDANT CITY of LOS ANGELES (hereinafter referred to as "CITY") is and was a duly organized public entity; form unknown, existing as such under the laws of the State of California.  At all relevant times, CITY was the employer of DEFENDANT CHIEF MICHEL MOORE, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6-10, who were either CITY officers, or managerial, supervisorial, and policymaking employees of the CITY police department are sued in their individual capacity for damages only.

33.     At all relevant times, DEFENDANTS OFFICER BRET BECKSTROM;

OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6 to 10 were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as CITY police officers and with the complete authority and ratification of their principal, DEFENDANT CITY.

34.     At all relevant times, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, and DEFENDANTS DOES 6 to 10 were duly appointed CITY officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

35.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, and DOES 6 to 10 were acting on the implied and actual permission and consent of CITY.

36.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and OFFICER ANGEL ROMERO were, at all relevant times, the officers that fatally caused MR. RIVERA's death while employed by the City of Los Angeles. Based on information and belief, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO were present and improperly restrained MR. RIVERA when he was in the prone position, tased him four (4) times without justification, and failed to intervene and stop the unjustified use of excessive and deadly force.  DOES 5 to 10 were each duly appointed, qualified and acting ranking officers, officials and employees of the Los Angeles Police Department and DEFENDANT CITY, also charged by law with the supervision, management, control, operation, and administration of the Los Angeles Police Department and CITY. Each said DEFENDANT was acting within the course and

scope of their said employment and under the color of state law, and as the employee, agent and representative of each other DEFENDANT.

37.    PLAINTIFFS are informed and believe and thereon allege that each of the DEFENDANTS designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 6 through 10, inclusive, and each of them, are not now known to PLAINTIFFS who therefore sue said DEFENDANTS by such fictitious names, and PLAINTIFFS will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

38.    At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every DEFENDANT.

39.    On October 30, 2020, PLAINTIFFS timely filed a timely claim for damages with CITY pursuant to applicable sections of the California Government Code.

40.    On November 5, 2020, PLAINTIFFS received a letter from the CITY stating that the claim for damages was forwarded to the Office of the City Attorney, Claim # C21-01853.

41.    On December 10, 2020, PLAINTIFFS' claims were rejected by the City of Los Angeles.

## FACTS COMMON TO ALL CAUSES OF ACTION

42.    On August 14, 2020 at around 06:01 p.m., upon information and belief, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO arrived in the vicinity of Wingo Street in Arleta, CA responding to a purported burglary in progress with body cams which captured their unnecessary use of excessive force and callous conduct.

43.    Upon their arrival, MR. RIVERA was by the fence of the wash and as the

DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO called out to him to lie face down as he jumped over the fence into the wash.

44.    DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO went over the fence and as they approached MR. RIVERA, he surrendered, by laying face down on the grounds in a prone position with his hands up in plain view by his head.

45.    DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; or OFFICER ANGEL ROMERO then jumped on top of MR. RIVERA as he lay face down in the prone position, with one officer applying his full body weight and kneeing MR. RIVERA in his back, another officer grabbing MR. RIVERA by the arms and a third officer aggressively grabbing MR. RIVERA's wrist to handcuff him.

46.    Although MR. RIVERA, showed no resistance and was totally compliant, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; or OFFICER ANGEL ROMERO quickly began tasing MR. RIVERA thereby causing his body to convulse and tense from the shock and pain to his body.

47.    As MR. RIVERA's body violently convulsed while laying in the prone position and pleading for help, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; or OFFICER ANGEL ROMERO continued to aggressively handcuff him while DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; or OFFICER ANGEL ROMERO continued tasing MR. RIVERA a total of four (4) times making it more difficult to handcuff MR. RIVERA as the repeated tasing caused MR. Rivera's body to convulse

**COMPLAINT FOR DAMAGES**

1   and tense up.

2      48.   MR. RIVERA was still in the prone position when DEFENDANTS

3   OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL

4   LOPEZ; OFFICER NATHAN RAMOS; or OFFICER ANGEL ROMERO grabbed MR.

5   RIVERA's neck with both hands and slammed MR. RIVERA's neck into the ground

6   while DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER;

7   OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; or OFFICER ANGEL

8   ROMERO had his full body weight on top of MR. RIVERA and his knee on MR.

9   RIVERA's arm.

10      49.   Despite MR. RIVERA being in the prone position, his body convulsing, and

11   pleading for help, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER

12   MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or

13   OFFICER ANGEL ROMERO continued shoving MR. RIVERA into the ground while

14   one of the officers had his full body weight on MR. RIVERA'S back.

15      50.   Once MR. RIVERA was handcuffed and laying down in the prone position,

16   DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER;

17   OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; or OFFICER ANGEL

18   ROMERO remained seated in a horse stance position on top of MR. RIVERA and

19   unnecessarily requested a hobble restraint device to further subdue MR. RIVERA.  The

20   officers kept MR. RIVERA faced down while handcuffed and hobbled a position known

21   to cause death by positional asphyxiation.

22      51.   The police body cam footage shows MR. RIVERA was ultimately

23   completely rolled off of his stomach approximately six minutes after the initial piling on

24   of DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER;

25   OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/OR OFFICER

26   ANGEL ROMERO.  At approximately four minutes after the initial assault, with MR.

27   RIVERA struggling to breath and in the prone position, an DEFENDANTS OFFICER

28   BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ;

- 12 -
**COMPLAINT FOR DAMAGES**
*M.A.R. v. City of Los Angeles*       V. James DeSimone, Esq.
Case No.: 2:21-CV-02957-JFW-MAR       Carmen D. Sabater, Esq.

OFFICER NATHAN RAMOS; or OFFICER ANGEL ROMERO placed a mask on his face. Even after MR. RIVERA was handcuffed, the body cam footage shows MR. RIVERA in the prone position face down, struggling to breath for nearly three more minutes with DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO continuing to unnecessarily apply pressure to his back.

52.    As DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO remained on top of MR. RIVERA with his full body weight while he was in the prone position with minimal movement, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO placed MR. RIVERA's legs tightly into a hobble restraint device to further restrict his movements while his minimal movements were showing he was in distress and needed medical attention.  Further, during this period MR. RIVERA's body continued to tense and he showed obvious signs of struggling to breathe and respiratory distress.

53.    Even after MR. RIVERA laid motionless and rendered incapacitated DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO did not render any type of first aid.

54.    DEFENDANTS CITY are well aware of the dangers involved in hog tying a person in the prone position, however, continue to allow their OFFICERS to utilize this reckless tactic. Moreover, as noted in a Police Mag article, authored by Lawrence E. Heiskell[1], dated September 9, 2019, "Multiple cases of death by positional asphyxia have

---

[1] Lawrence Heiskell, MD, FACEP, FAAFP is an emergency physician and a veteran reserve police officer with the Palm Springs (CA) Police Department. He is the founder and medical director of the International School of Tactical Medicine.
https://www.policemag.com/524139/how-to-prevent-positional-asphyxia

been associated with the hog tied or prone restraint position. The risk of positional asphyxia is further compounded when a suspect with predisposing medical conditions becomes involved in a violent struggle with an officer. This is especially true when the physical restraint includes the use of behind-the-back handcuffing combined with placing the individual in a stomach down position. Many law enforcement and health personnel are now taught to avoid restraining people face-down or to do so only for a very short period of time."

55.    Based on information and belief prior to using excessive force, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO gave no verbal command or warning prior to tasing MR. RIVERA. Despite MR. Rivera complying with DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO command to give him his hand or he was going to be tased, prior to the tasing DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO did not issue any further warnings to MR. RIVERA that he was going to tase him, or give him any commands as required by Police Officer Standard Training (POST), California law and Constitutional limits on the use of force.

56.    DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO took no steps to intervene and/or prevent the killing of MR. RIVERA.

57.    Upon information and belief, while being repeatedly tased and improperly restrained, MR. RIVERA was convulsing and in distress, and in obvious and critical need of emergency medical care and treatment. DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER

NATHAN RAMOS; and/or OFFICER ANGEL ROMERO did not timely summon medical care or permit medical personnel to treat MR. RIVERA. The delay of medical care to MR. RIVERA caused him extreme physical and emotional pain and suffering, and was, on information and belief, a contributing cause of MR. RIVERA's death.

58.     Furthermore, Los Angeles County Deputy Medical Examiner Dr. Brice L. Hunt, ruled MR. RIVERA's death a homicide. According to Dr. Hunt, he ascribes one of the causes of death to cardiopulmonary arrest following prone physical restraint with electromuscular disruption.

## FIRST CAUSE OF ACTION

Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(Against All Defendants)

59.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

60.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO unjustified tasing, improper restraining and use of force was both excessive and unreasonable under the circumstances. DEFENDANTS' unjustified killing of MR. RIVERA deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to MR. RIVERA under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. PLAINTIFF, M.A.R., as the minor child of decedent and SILVIA IMELDA RIVERA, as the mother of decedent have the right and standing to assert MR. RIVERA's claim for his violation of his Fourth and Fourteenth Amendment rights.

61.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO use of force was both excessive and unreasonable, especially because MR. RIVERA had surrendered, and posed no immediate threat of death or serious bodily injury to the officers or others at the time of the tasing and improper

restraining.

62.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO unlawful use of excessive force caused MR. RIVERA to suffer extreme pain and suffering, loss of enjoyment of life, earning capacity, his relationship with his family and friends, and his untimely death when he was fatally tased and improperly restrained by DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO who were acting under the color of law and as employees of the LAPD. DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, inclusive, integrally participated in or failed to intervene in the fatal tasing and improper restraining of MR. RIVERA.

63.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO tasing, improper restraining, use of hobble restraints and use of force violated their training, Post requirements and California and Federal law.

64.     As a direct and legal result of the aforesaid acts and omissions of DEFENDANTS, and each of them, MR. RIVERA was deprived of his liberty and life without warrant or justification.

65.     As a result of their conduct, DEFENDANTS are liable for MR. RIVERA's injuries either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent those violations.

66.     As a direct and legal result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFFS suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the continued loss of MR. RIVERA's love,

affection, society, support, guidance, and companionship for the remainder of their lives.

67.     PLAINTIFFS are informed and believe and thereon allege that the acts of the individual DEFENDANTS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFFS with a conscious disregard of PLAINTIFFS' health and safety and constitutional rights and by reason thereof, PLAINTIFFS seek punitive and exemplary damages from all DEFENDANTS, and each of them, (except DEFENDANT CITY) in an amount as proved.

## SECOND CAUSE OF ACTION

Deprivation of Life Without Due Process-(42 U.S.C. § 1983)

(Against All Defendants)

68.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO acted under color of state law within the course and scope of their duties as LAPD officers when they wrongfully killed MR. RIVERA who posed no imminent threat of danger to DEFENDANTS or anyone else.  MR. RIVERA posed no threat when LAPD Officers unjustifiably used excessive force when they tased and improperly restrained him thereby causing his death.

70.     PLAINTIFFS have a cognizable interest under the Substantive Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution to be free from state actions that deprive them of life, liberty or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their relationship with MR. RIVERA.

71.     As a result of the excessive force by DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and acting under color of state law, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER;

OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO tased and improperly restrained MR. RIVERA thereby depriving him of his life without due process of law. DEFENDANTS' actions also caused MR. RIVERA extreme pain and suffering, loss of life, earning capacity and his relationship with his family, and friends. PLAINTIFFS have thereby been deprived of their constitutional right of a familial relationship with MR. RIVERA for the rest of their lives.

72.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO actions, along with other undiscovered conduct, shocked the conscience, in that deliberation was practical and DEFENDANTS acted with deliberate indifference to PLAINTIFFS' constitutional rights, and with the purpose to harm unrelated to any legitimate law enforcement objective.

73.     As a legal result of their conduct, DEFENDANTS are liable for MR. RIVERA's injuries, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations.

74.     The claim against DEFENDANT CITY, DEFENDANT MOORE, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, DOES 6-10 are based upon PLAINTIFFS' allegations that CITY's policies, practices or customs were a cause of the injuries suffered by MR. RIVERA and PLAINTIFFS herein, and as set forth above.

75.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. RIVERA's love, affection, society, support, and companionship.

76.     PLAINTIFFS are informed and believe and thereon allege that the acts of the

individual DEFENDANTS were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of PLAINTIFFS' rights, welfare and safety of those of MR. RIVERA, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

77.  PLAINTIFFS, M.A.R., and SILVIA IMELDA RIVERA bring this claim as the son and mother of MR. RIVERA and also seek attorneys' fees under this claim.

### THIRD CAUSE OF ACTION

Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(Against All Defendants)

78.  PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79.  Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and by ratifying the unconstitutional actions of the  DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and DOES 6-10 officers' actions and/or maintaining a policy or custom that is the "moving force" behind the unconstitutional deprivations alleged below, on and for some time prior to August 14, 2020 (and continuing to the present date), DEFENDANTS CITY, CHIEF MOORE, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFFS and MR. RIVERA, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of excessive force;

b.  Employing and retaining as police officers and other personnel, including

DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, whom DEFENDANTS CHIEF MOORE, CITY and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LAPD policies, including the use of excessive force;

c.      Of inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and other personnel, including DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, whom DEFENDANTS CHIEF MOORE, CITY and DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

d.      By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, who are police officers and/or agents of CITY;

e.      By failing to meaningfully investigate and adequately discipline DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and/or other LAPD officers, including but not limited to, unlawful tasing, improper restraining, unnecessary use of hobble restraints, and excessive force;

f.      By ratifying the intentional misconduct of DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, and other

officers and/ or agents, who are officers and/or agents of CITY;

g.    By having and maintaining an unconstitutional policy, custom, and practice of tasing, improper restraining, use of hobble restraints, and using excessive force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DEFENDANTS CHIEF MOORE, CITY and DOES 6-10 were maintained with a deliberate indifference to individuals' safety and rights;

h.    By failing to properly investigate claims of unlawful tasing, improper restraining, use of hobble restraints, and excessive force by CITY officers; and other LAPD officers; and

i.    Condonation and encouragement of officers in the belief that they can violate the rights of persons such as MR. RIVERA with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

80.    By reason of the aforementioned policies and practices of DEFENDANTS CHIEF MOORE, CITY and DOES 6-10, MR. RIVERA was severely injured and subjected to pain and suffering and lost his life.

81.    DEFENDANTS CHIEF MOORE, CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of MR. RIVERA, PLAINTIFFS, and other individuals similarly situated.

82.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS CHIEF MOORE, CITY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life of MR. RIVERA and for MR.

RIVERA's and PLAINTIFFS' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by DEFENDANTS CHIEF MOORE, CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of MR. RIVERA and PLAINTIFFS.

83.     The actions of each of DEFENDANTS DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS DOES 6-10 and any other individual as allowed by law.

84.     By reason of the aforementioned acts and omissions of DEFENDANTS CHIEF MOORE, CITY and DOES 6-10, PLAINTIFFS have suffered loss of love, companionship, affection, comfort, care, society, and they will continue to be so deprived for the remainder of their lives.

85.     Accordingly, DEFENDANTS CHIEF MOORE, CITY and DOES 6-10 each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

86.     PLAINTIFFS also seek attorney fees under this claim.

## FOURTH CAUSE OF ACTION

### Interference with Parent-Child Relationship-(42 U.S.C. § 1983)

### (Against All Defendants)

87.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

88.     By wrongfully killing MR. RIVERA by tasing, improperly restraining, and using a hobble restraint on him when he was unarmed and surrendering, DEFENDANTS deprived PLAINTIFF SILIVIA IMELDA RIVERA of her Fourteenth Amendment right to a familial relationship with MR. RIVERA.  DEFENDANTS acted with deliberate indifference to PLAINTIFF SILIVIA IMELDA RIVERA's rights and/or their unlawful conduct shocks the conscience.

89.     DEFENDANTS' interference with the parent-child relationship caused MR.

**COMPLAINT FOR DAMAGES**

RIVERA extreme pain and suffering, loss of life and earning capacity. DEFENDANTS' actions also deprived PLAINTIFF SILIVIA IMELDA RIVERA of the life-long love, companionship, support, society, care, and sustenance of her son MR. RIVERA, and she will continue to be so deprived for the remainder of her life.

90.    As a result of their conduct, DEFENDANTS are liable for MR. RIVERA's injuries and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

91.    The claim against DEFENDANTS CITY, CHIEF MOORE, DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO and Does 6-10 is based upon PLAINTIFF SILIVIA IMELDA RIVERA's allegations that CITY's policies, practices or customs were a cause of the injuries suffered by MR. RIVERA and PLAINTIFF SILIVIA IMELDA RIVERA herein, as set forth above.

92.    As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF SILIVIA IMELDA RIVERA suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. RIVERA's love, affection, society, support, and companionship.

93.    PLAINTIFF SILIVIA IMELDA RIVERA is informed and believes and thereon alleges that the acts of the individual DENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of PLAINTIFF SILIVIA IMELDA RIVERA's rights, welfare and safety and those of her son, justify the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

94.    PLAINTIFF SILIVIA IMELDA RIVERA brings this claim as successor- in-interest to MR. RIVERA and seeks both survival and wrongful death damages under

federal law for the violation of MR. RIVERA's rights. PLAINTIFF SILIVIA IMELDA RIVERA also seeks attorneys' fees under this claim.

### FIFTH CAUSE OF ACTION

Wrongful Death (Cal. Civ. Proc. Code § 377.60)

(PLAINTIFF M.A.R. Against All Defendants)

95.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

96.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, killed MR. RIVERA despite the absence of an imminent threat of death or physical injury to themselves or others.  MR. RIVERA was unarmed and posed no threat to the officer's safety or to the safety of others. Mr. RIVERA died intestate and unmarried. PLAINTIFF M.A.R. as MR. RIVERA's only child, is the proper person to sue for his wrongful death under California state law.

97.     PLAINTIFF M.A.R. asserts wrongful death actions against all DEFENDANTS pursuant to C.C.P. §§ 377.60 *et seq.*  Per California Probate Code Section 6402 (b), PLAINTIFF is, "… The issue of the decedent…" This claim is based upon the fact that DEFENDANTS' negligent, reckless and wrongful acts and omissions, as alleged herein, were a direct and legal cause of MR. RIVERA's death and the resulting damages to PLAINTIFF M.A.R.  As a result of their conduct, DEFENDANTS are liable for PLAINTIFF M.A.R's injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations.

98.     The civil rights violations alleged herein, as well as DEFENDANTS' other tortious acts and omissions, and negligence under California Civil Code Section 1714 form the basis for this cause of action.

99.     PLAINTIFF M.A.R. is informed and believes and thereon alleges that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of PLAINTIFF M.A.R's

**COMPLAINT FOR DAMAGES**

rights, welfare and safety and those of his father, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

100.     As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFM.A.R. suffered damages, including, without limitation, loss of earnings and earning capacity, support and benefits, loss of enjoyment of life, pain and suffering, physical injuries and sickness, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. RIVERA's love, affection, society and companionship.

101.     PLAINTIFF M.A.R seeks both survival and wrongful death damages and all other damages and remedies available under state law.

## SIXTH CAUSE OF ACTION

### Assault and Battery

### (Plaintiff M.A.R. Against All Defendants)

102.     PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

103.     DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO, while working as police officers for the LAPD COUNTY, and acting within the course and scope of their duties, intentionally used unreasonable force against MR. RIVERA, including but not limited to, tasing, improperly restraining and unnecessary use of a hobble restraint on him when he posed no threat to the officers or anyone else.  Upon information and belief, MR. RIVERA was tased multiple times. DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO had no legal justification for using excessive force against MR. RIVERA as this use of force was unnecessary and unreasonable.

104.     DEFENDANTS' assault and battery caused MR. RIVERA extreme pain and suffering, and loss of life and earning capacity.  DEFENDANTS' actions also deprived

PLAINTIFF M.A.R. of the life-long love, companionship, support, society, care and he will continue to be so deprived for the remainder of his life.

105.   As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF M.A.R. suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. RIVERA's love, affection, society, support and companionship.

106.   PLAINTIFF M.A.R. is informed and believes and thereon alleges that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of MR. RIVERA, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

107.   As a result of their conduct, DEFENDANTS are liable for MR. RIVERA's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

108.   PLAINTIFF M.A.R. brings this claim as successor-in-interest to MR. RIVERA, and seeks both survival and wrongful death damages under state law.

## SEVENTH CAUSE OF ACTION

### Negligence

### (Against All Defendants)

109.   PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

110.   DEFENDANTS owed a duty of care toward MR. RIVERA and were required to use reasonable diligence to ensure that MR. RIVERA was not harmed by DEFENDANTS' acts or omissions.   DEFENDANTS' actions and omissions were negligent and reckless, including but not limited to:

(a).   the failure to properly assess and/or supervise the need to tase, improper restraining, use of hobble restraints, and use of excessive force against MR. RIVERA;

(b). the negligent tactics and handling of the situation with MR. RIVERA, including pre-tasing negligence;

(c). the negligent tasing, improper restraining, use of hobble restraints, use of excessive force against MR. RIVERA;

(d). the failure to employ proper restraining techniques and to exercise due care.

(e). the failure to properly train, supervise and discipline employees, including the individual DEFENDANTS;

(f). the failure to provide timely medical assistance to MR. RIVERA; and

(g). the negligent hiring, retention and assignment of its employees, including the individual DEFENDANTS.

111.   DEFENDANTS' conduct caused MR. RIVERA, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. DEFENDANTS' actions also deprived PLAINTIFF M.A.R. of the life-long love, companionship, support, society, care, and sustenance of his father and he will continue to be so deprived for the remainder of his life.

112.   In addition, at the aforementioned date, time and place, the DEFENDANTS negligently, carelessly and without reasonable care, touched and fatally battered MR. RIVERA.

113.   As a result of their conduct, DEFENDANTS are liable for MR. RIVERA's injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

114.   DEFENDANT CITY is vicariously liable under Government Code section 815.2 for the acts of its employees DEFENDANTS OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; and/or OFFICER ANGEL ROMERO committed in the course and scope of their employment with the CITY.

**COMPLAINT FOR DAMAGES**

115.   PLAINTIFF M.A.R. brings this claim as successor-in-interest to MR. RIVERA, and seeks both survival and wrongful death damages under state law.

## EIGHTH CAUSE OF ACTION

Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

116.   PLAINTIFF(S) repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

117.   As alleged herein, DEFENDANTS interfered by threats, intimidation, coercion, or violence with MR. RIVERA's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under Civil Code Section 43, Penal Code Sections 149, 240 and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

118.   DEFENDANTS' conduct caused MR. RIVERA extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, friends and family. DEFENDANTS' actions also deprived PLAINTIFF M.A.R. of his life-long love, companionship, support, society, care, and he will continue to be so deprived for the remainder of his life.

119.   As a result of their conduct, DEFENDANTS are liable for MR. RIVERA's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

120.   As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF M.A.R. suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR.

RIVERA's love, affection, society and companionship.

121.   PLAINTIFF M.A.R. is informed and believes and thereon alleges that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

122.   PLAINTIFF M.A.R. brings this claim as successor-in-interest to MR. RIVERA's, and seeks both survival and wrongful death damages under state law. PLAINTIFF also seeks reasonable attorneys' fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS' pray for judgment against DEFENDANTS and each of them, as follows:

AS TO EACH OF THE ACTIONS AS APPLICABLE:

1.  For General Damages according to proof;

2.  For Special Damages according to proof;

3.  For punitive Damages as provided by law, in an amount to be proved against each individual DEFENDANT (not including CITY)

4.  For Attorneys' Fees and costs of suit;

5.  For such other and further relief as the Court may deem proper.

6. For such other and further relief as the Court may deem just, proper, and appropriate.

Dated: September 9, 2021          **V. JAMES DESIMONE LAW**


By:   _/s/ V. James DeSimone_
      V. James DeSimone, Esq.
      Carmen D. Sabater, Esq.
      Attorneys for PLAINTIFFS

- 29 -
**COMPLAINT FOR DAMAGES**

# DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial by jury.

Dated: September 9, 2021                    **V. JAMES DESIMONE LAW**

                              By:   /s/ *V. James DeSimone*
                                    V. James DeSimone, Esq.
                                    Carmen D. Sabater, Esq.
                                    Attorneys for PLAINTIFFS