_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-02957-FWS-MAR                                                            Date: June 16, 2022
Title: M.A.R. v. City of Los Angeles *et al*.

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS PLAINTIFFS' THIRD, FIFTH, SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION [142]**

    Before the court is plaintiffs M.A.R., a minor,[1] represented by and through Guardian ad litem Elisabeth Barragan and Silvia Imelda Rivera's ("Plaintiffs") Motion to Dismiss Plaintiffs' Third, Fifth, Sixth, Seventh, and Eighth Causes of Action ("Motion or Mot."). (Dkt. 142.) Defendants Officer Brett Beckstrom, Officer Tyler Moser, Officer Michael Lopez, Officer Angel Romero, City of Los Angeles, Michel Moore, and Nathan Ramos[2] ("Defendants") filed a Joint Opposition ("Opposition" or "Opp.") to Plaintiffs' Motion. (Dkt. 143.)

    The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

---

[1] The court refers to a minor plaintiff using only the minor's initials. *See* Fed. R. Civ. P. 5.2(a).
[2] Though Defendant Ramos is listed as joining Defendants' Joint Opposition, (Dkt. 143,) the parties previously stipulated to dismiss Defendant Ramos from this action with prejudice on February 10, 2022. (Dkt. 98.)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-02957-FWS-MAR                           Date: June 16, 2022
Title: M.A.R. v. City of Los Angeles *et al*.

## I. Relevant Background

This action stems from the August 14, 2020, arrest of Daniel Rivera ("Decedent"). M.A.R. is Decedent's minor child; Plaintiff Rivera is Decedent's mother; and Plaintiffs Barragan and Rivera are M.A.R.'s Guardian ad litem. In summary, Plaintiffs' claims relate to allegations that Decedent was killed through the use of excessive force by Defendants Officers Brett Beckstrom, Angel Romero, Michael Lopez, and Tyler Moser (collectively, the "Individual Officers") and Nathan Ramos during Decedent's arrest. (*See* First Amended Compl. ("FAC") ¶ 1.)

Previously, the court granted summary judgment for the Individual Officers on Plaintiffs' first, second, and fourth causes of action brought under 42 U.S.C. § 1983 based on qualified immunity. (Dkt. 133 ("Summary Judgment Order").) After the Summary Judgment Order, Plaintiffs' only remaining causes of action are their third, fifth, sixth, seventh, and eighth causes of action, which were not at issue in the Summary Judgment Order. (*See* Dkt. 133.) Plaintiffs' third cause of action for municipal liability for unconstitutional custom or policy is brought under the holding of *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), while Plaintiffs' fifth, sixth, seventh, and eighth causes of action are brought under California state law. (*See* FAC ¶¶ 59-122.)

Plaintiffs filed a notice of appeal of the Summary Judgment Order in the Ninth Circuit, (Dkts. 135-136,) and noted that the Ninth Circuit "requested a report on the appealability of the issues by May 18, 2022," the date on which the Motion was filed. (Mot. at 3.) Plaintiffs move the court to dismiss Plaintiffs' third, fifth, sixth, seventh, and eighth causes of action to confer proper jurisdiction on the Ninth Circuit over the appeal and permit Plaintiffs to refile their state law causes of action in state court. (*Id.*)

## I. Legal Standard

A plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P.

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-02957-FWS-MAR | Date: June 16, 2022 |
| Title: M.A.R. v. City of Los Angeles *et al*. | |

41(a)(1)(A). In all other cases, "an action may be dismissed at the plaintiff's request only by [a] court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In the situation where "a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* "Rule 41 generally gives district courts wide discretion to determine whether the dismissal is with prejudice or without prejudice." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016). But where the applicable notice, stipulation, or court order is silent, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B), (a)(2). "The rule allows the court to attach conditions to the dismissal" if warranted. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982).

Courts "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citations omitted). "'[L]egal prejudice' is 'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). However, legal prejudice does not result from "[u]ncertainty because a dispute remains unresolved"; "the threat of future litigation . . . [causing] uncertainty"; or "merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by [a] dismissal." *Smith*, 263 F.3d at 976 (first and second alterations in original) (citations and internal quotation marks omitted). Courts may also consider whether the plaintiff seeking dismissal is attempting to avoid a likely adverse ruling. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

**II.   Discussion**

   A.   Prejudice to Defendants

Plaintiffs argue that the mere possibility of this case proceeding in two separate forums cannot constitute legal prejudice to Defendants. (Mot. at 5-6.) Defendants argue that "[l]egal prejudice exists when a defendant may face litigation on the same claim in state court when it

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-02957-FWS-MAR | Date: June 16, 2022 |
| Title: M.A.R. v. City of Los Angeles *et al*. | |

has already engaged in substantial discovery and reached the summary judgment level in federal court." (Opp. at 2.) Defendants also argue that they will suffer prejudice if Plaintiffs' claims are dismissed because this case "involve[s] a plaintiff appealing a federal ruling on one track while adjudicating the related state law claims on a parallel track in state court to avoid issue preclusion." (Opp. at 3.)

Standing alone, "'a change from federal to state court [which] might create a tactical disadvantage'" is not legal prejudice within the meaning of Rule 41(a). *Zanowick*, 850 F.3d at 1093 n.2 (citing *Smith*, 263 F.3d at 976). Defendants have not sufficiently demonstrated that their assertions Plaintiffs seek to "avoid issue preclusion" show cognizable legal prejudice warranting the court's departure from this general rule. While prejudice to a party's "legal interest in asserting claim [or] issue preclusion as a defense in a[] future action" may be legal prejudice in appropriate circumstances, see *Ricketts v. CBS Corps.*, 2020 WL 3124215, at *1 (C.D. Cal. Apr. 14, 2020), Defendants do not sufficiently specify what prejudice their potential issue preclusion defense will face if raised in state court instead of this court.[3] Plaintiffs seek dismissal of their claims that are not pending in the Ninth Circuit and on which the court did not rule in the Summary Judgment Order, and Defendants do not sufficiently address how dismissal of these claims would prejudice their potential issue preclusion defense. Defendants also do not cite adequate authority to support an argument that a state court would ignore a ruling from the

___

[3] Defendants argue that, "[p]rior to the appeal, the Defendants can assert issue preclusion as to the state law claims, for example assault and battery and the Bane Act violations that are founded on the same facts and circumstances as the adjudicated federal claims," in apparent relation to "Plaintiffs attempt to block the Defendants from barring the re-litigation of issues already ruled upon by this Court when granting the summary judgment motion on qualified immunity." (Opp. at 4.) Putting aside the merits of Defendants' contention that issue preclusion would be viable "[p]rior to the appeal"—a proposition on which the court expresses no opinion and with respect to which Defendants cite insufficient legal authority—Defendants' argument does not appear to concern the effect of the forum hearing Plaintiffs' claims on the viability of issue preclusion as a defense.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-02957-FWS-MAR | Date: June 16, 2022 |
| Title: M.A.R. v. City of Los Angeles *et al*. | |

Ninth Circuit on the Summary Judgment Order.[4]  *Cf. F.E.V. v. City of Anaheim*, 15 Cal.App.5th 462, 467 (2017) ("A federal court judgment retains its collateral estoppel effect, however, while on appeal.").

     Defendants argue *Thompson v. Janssen Pharms., Inc.*, 756 F. App'x 740 (9th Cir. 2019), supports their argument that permitting Plaintiffs to refile in state court constitutes legal prejudice.  (Opp. at 2-3.)  In *Thompson*, an unpublished opinion, the Ninth Circuit held that "the district court considered permissible factors in evaluating prejudice" and mentioned the parties "had already engaged in substantial discovery and reached the summary judgment stage in federal court"; the plaintiff "had offered no expert disclosures or expert reports to support his product liability claims against [defendant]"; and the plaintiff "filed the Rule 41(a)(2) motion only after becoming aware that [defendant] would seek summary judgment."  756 F. App'x at 741.  However, the Ninth Circuit did not explicitly hold which, if any, of these "permissible factors" were "legal prejudice," and the court is not inclined to extend *Thompson* without a clear indication of which of those considerations constituted cognizable legal prejudice.  Similarly, Defendants point to Report and Recommendations in *Choyce v. Radasa* that recommended denying the plaintiff's motion to dismiss where a summary judgment motion was "pending review by the district court" on the grounds that "the timing of plaintiff's motion to dismiss suggest[ed] he [wa]s attempting to avoid an adverse ruling."  2022 WL 1122491, at *2 (E.D. Cal. Apr. 14, 2022).  Defendants' proffered authority is tenuous considering the *Choyce* court apparently dismissed the case before ruling on the Report and Recommendations.  *See* 2022 WL 1630996 (E.D. Cal. May 23, 2022).  Nevertheless, the Summary Judgment Order has already been issued.  Based on the current state of the record, the court finds there is no pending "likely adverse" ruling for Plaintiffs to avoid.

___

[4] The parties also dispute whether the court should retain supplemental jurisdiction over Plaintiffs' remaining state law claims.  (*See* Mot. at 7, Opp. at 5-6.)  However, Plaintiffs seek to voluntarily dismiss their pending *Monell* and state law claims wholesale.  As such, granting the Motion will result in the dismissal of all of Plaintiffs' claims from this action, except Plaintiffs' federal claims pending appeal in the Ninth Circuit.  Accordingly, the court does not consider the parties' arguments on supplemental jurisdiction relevant.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-02957-FWS-MAR   Date: June 16, 2022
Title: M.A.R. v. City of Los Angeles *et al*.

___

Defendants next argue that allowing Plaintiffs to refile their dismissed claims in state court could "easily create inconsistent legal and factual rulings when the state law matters that hinge on legal issues on appeal are litigated thorough judgment in a different forum prior to the appellate ruling" such that "[j]udicial economy and efficiency thus dictate that this case should remain in the federal court." (Opp. at 4-5.)  As a threshold matter, "judicial economy and efficiency" are not equivalent to legal prejudice.  *See, e.g.*, *Westlands Water Dist.*, 100 F.3d at 97 ("Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation.").  And while Defendants argue that the Ninth Circuit's potential ruling on the Summary Judgment Order will constitute the "law of the case" and "will be binding on the District Court if this issue [i]s remanded," (see Opp. at 4,) that doctrine is implicated only where the claims at issue "have been 'decided explicitly or by necessary implication in [the] previous disposition.'"  *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012) (alteration in original) (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 453 (9th Cir. 2000)).  Here, the court severed Plaintiffs' state law claims in the Summary Judgment Order, denying them without prejudice and reserving "discuss[ion] on the dismissal without prejudice or other disposition of the state law claims with the parties [for] the Pretrial Conference." (Dkt. 133 at 11 n.8.)  Similarly, the court did not discuss or rule on Plaintiffs' *Monell* claim in the Summary Judgment Order.  (*See generally* Dkts. 64, 133.)  And even if the "law of the case" doctrine applied, Defendants do not identify sufficient tension between the "law of the case" in this action and the fact that "[o]ur federal system permits dual-track litigation to be filed in state and federal courts" that would justify denying Plaintiffs' motion.  *See Smith*, 263 F.3d at 979.

Finally, Defendants argue they are entitled to costs and attorney's fees to "negate the issue of potential prejudice" resulting from their "effort and expenses in preparing the case for trial."  However, "[o]nly those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal."  *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir.1993).  Defendants do not adequately establish that any work product will be "rendered useless by dismissal."  And Plaintiffs note that "there is no reason why the discovery in this federal action cannot simply transfer to a state law claim."  (Reply at 3.)  Accordingly, the court **DENIES** Defendants' request to condition dismissal on the payment of attorneys' fees and costs.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-02957-FWS-MAR | Date: June 16, 2022 |
| Title: M.A.R. v. City of Los Angeles *et al.* | |

### III. Disposition

For the reasons set forth above, the court **GRANTS** Plaintiffs' Motion to Dismiss.[5]

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: mku

___

[5] Plaintiffs request the court "enter judgment pursuant to Federal Rule of Civil Procedure 54." (Mot. at 3, 4, 8.) A "judgment" under Rule 54 is "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). "'[V]oluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal.'" *Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020) (emphasis in original) (quoting *Concha v. London*, 63 F.3d 1493, 1507 (9th Cir. 1995)). "Because there is no document labeled 'judgment' in this case and no decree entered by the court and because a voluntary dismissal without prejudice is ordinarily not an appealable order, there is no judgment in this case for purposes of Rule 54." *Physician's Surrogacy, Inc. v. German*, 311 F. Supp. 3d 1190, 1194 (S.D. Cal. 2018).