James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:  (714) 446-1448

Attorneys for Defendants OFFICER BRETT
BECKSTROM; OFFICER TYLER MOSER;
OFFICER MICHAEL LOPEZ; OFFICER ANGEL
ROMERO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem, Elisbeth Barragan, individually and as a successor in interest to DANIEL RIVERA; SYLVIA IMELDA RIVERA, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; OFFICER ANGEL ROMERO, Police Chief Michel Moor, and DOES 6-10, Inclusive,<br><br>Defendants. | Case No.:  2:21-cv-02957-FWS-MAR<br><br>*Judge: Hon. Fred W. Slaughter*<br><br>**JOINT STIPULATION TO VACATE PRE-TRIAL CONFERENCE AND TRIAL DATES AND SCHEDULE AND CONTINUE TRIAL DATE TO MARCH 29, 2024**<br><br>*[Filed concurrently with:<br>[Proposed] Order]* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **STIPULATION**

TO THE HONORABLE COURT:

Plaintiffs M.A.R., a minor, by and through his Guardian ad litem, Elisbeth Barragan, individually and as a successor in interest to DANIEL RIVERA; SYLVIA IMELDA RIVERA, individually, (collectively referred to as "Plaintiffs") and Defendants CITY OF LOS ANGELES; OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO, Police Chief MICHEL MOORE (collectively referred to as "Defendants") hereby submit this stipulation requesting that the Court vacate the current trial date and pre-trial dates and continue the trial date to March 24, 2024, allow time for expert discovery, and continue the Pre-Trial Conference to a date commensurate with the new trial date, based on the following:

1. On January 17, 2022, Defendants Officer Brett Beckstrom ("Beckstrom"), Officer Angel Romero ("Romero"), Officer Michael Lopez ("Lopez"), and Officer Tyler Moser ("Moser") (collectively, the "Individual Officers") filed a Motion for Summary Judgment, or in the Alternative for Partial Summary Judgment ("Motion") [Dkt. 64].

2. WHEREAS, the Individual Defendants in February of 2022, after the Summary Judgment was filed obtained new counsel of record, James R. Touchstone of Jones & Mayer, who filed an appearance of counsel on February 18, 2022 [Dkt. 110-112];

3. WHEREAS, prior counsel for the Individual Defendants, Daniel Cha, departed the firm of Ferguson, Praet & Sherman, APC as of March 1, 2022, and his firm was not able to assign another attorney to take over the file [Dkt. 75];

4. WHEREAS, the decision to change counsel was not a choice made by the Individual Defendants but was instead a result of Ferguson, Praet & Sherman, APC not have the personnel to handle this file due to Mr. Cha leaving the firm;

5. WHEREAS, the parties filed a Stipulation to modify the Court's Scheduling Order on March 2, 2022 [Dkt. 114] on the basis that it would be prejudicial to the Individual Defendants to not have their new counsel be given a 90-day continuance to get up to speed on this case in order to defend against the claims of liability and damages, including punitive damages;

6. WHEREAS, Mr. Touchstone required time to review the file materials and discovery in order to mount an effective defense of the case on behalf of the Individual Defendants to all eight causes of action, including Federal and State law claims of excessive force, Constitutional violations, and wrongful death, before trial and the filing of pre-trial documents;

7. WHEREAS, on March 28, 2022, the District Court granted in part and denied in part Defendants Officer Brett Beckstrom, Officer Angel Romero, Officer Michael Lopez and Officer Tyler Moser's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment (Dkt. 133);

8. WHEREAS, the Individual Officers' motion was granted with respect to Plaintiffs' first (Unreasonable Search and Seizure-Excessive Force (42 U.S.C. § 1983)), second (Deprivation of Life Without Due Process (42 U.S.C. § 1983)), and fourth cause of action (Interference with Parent-Child Relationship (42 U.S.C. §1983)) based on qualified immunity. The motion was denied without prejudice as to Plaintiffs' state law claims. (Dkt. 133);

9. WHEREAS, after the Summary Judgment Order, Plaintiffs' only remaining claims were their third, fifth, sixth, seventh, and eighth causes of action(See Dkt. 133). Plaintiffs' third cause of action for municipal liability for unconstitutional custom or policy was brought under the holding of *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658 (1978), while Plaintiffs' fifth, sixth, seventh, and eighth causes of action were brought under California state law;

10. WHEREAS, on April 21, 2022, Plaintiffs filed their notice of appeal of the Summary Judgment Order in the Ninth Circuit (Dkt. 135-136);

11. On April 22, 2022, the Court of Appeals acknowledged receipt of the Notice of Appeal and assigned case number 22-55415. [Dkt. 137].

12. On April 27, 2022, the case was reassigned to the Honorable Fred W. Slaughter. [Dkt. 138].

13. WHEREAS, on April 27, 2022, the Ninth Circuit requested a report of the appealability of the issues (Appellate Dkt. 2);

14. WHEREAS, on May 18, 2022, Plaintiffs filed a Motion to Dismiss their third (*Monell*) and fifth through eighth cause of action (state law claims) (Dkt. 142);

15. WHEREAS, on June 1, 2022, the Court issued a scheduling order setting trial for October 24, 2023 and included other trial related deadlines (Dkt. 145);

16. WHEREAS, on June 16, 2022, the Court granted Plaintiffs' motion to dismiss the remaining causes of action (Dkt. 149);

17. WHEREAS, the Parties had the understanding that the deadlines set in the scheduling order were vacated as the district court granted Plaintiffs' motion to voluntarily dismiss their remaining claims and no claims remained presently pending in the District Court;

18. WHEREAS, on June 23, 2022, Plaintiff Matthew Aaron Rivera (MAR) filed a complaint for damages in state court for the state law causes of action stemming from the underlying incident (see Los Angeles Superior Court Case 22STCV20578);

19. WHEREAS, the Parties have been actively litigating the state law case which is set for trial on March 11, 2024, with the Defendant's filing a Motion to Dismiss which was withdrawn based on the Ninth Circuit's ruling and Plaintiff pursuing written discovery through a Pitchess Motion; the parties have also litigated the case diligently in depositions have been taken of all necessary involved

- 4 -

police officers as well as the Plaintiffs and the mother of M.A.R.

20.  On July 1, 2022, the Ninth Circuit Court of Appeals provided a briefing order on the appeal. [Dkt. 150].

21. WHEREAS, on July 1, 2022, the Ninth Circuit allowed briefing to proceed following the dismissal of all claims in the District Court (Appellate Dkt. 10);

22. The respective parties briefed the appellate case, which ultimately was scheduled for oral argument on June 7, 2023.

23. WHEREAS, on July 17, 2023, the Ninth Circuit determined it had jurisdiction to rule on the appeal pursuant to the principles described in *Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020), and *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010)—which hold, in part, that a judgment becomes final and appealable following a subsequent dismissal of remaining claims. (Appellate Dkt. 53);

24. WHEREAS, the parties acted with diligence in prosecuting the Appeal filing comprehensive briefing and argument to the 9th Circuit (Appellate Dkt. 15018, 29-35, 41; https://youtu.be/kFeUaF66IyA?feature=shared)

25. WHEREAS, on July 17, 2023, the Ninth Circuit Court of Appeals reversed the District Court's ruling on the Motion for Summary Judgment (Appellate Dkt. 53);

26. WHEREAS, on July 31, 2023, counsel for the Individual Officers filed a Petition for Rehearing En Banc of the 3-judge panel's decision reversing and remanding the grant of partial summary judgment. (Appellate Dkt. 56-1);

27. WHEREAS, on August 2, 2023, the Ninth Circuit directed Appellants "to file a response to Appellee's petition for panel rehearing and rehearing en banc." (Appellate Dkt. 59);

/ / /

28. WHEREAS, on September 6, 2023, Plaintiffs filed their response to the Petition for Rehearing En Banc. (Appellate Dkt. 62);

29. Counsel for the parties received the Court's Order Modifying the Scheduling Order on September 11, 2023 [Dkt. 154, noting a current trial date of October 24, 2023, with various pre-trial deadlines and dates.

30. The parties have not completed discovery in this matter due to the currently pending appeal and based on the parties understanding that the prior deadlines were vacated. Specifically, counsel have not deposed various designated experts in this case, including: Defendants' Experts: 1) Edward Flosi, Police Practices Expert; 2) Dr. Gary Vilke, M.D. an Emergency Room Physician that has been retained to provide expert testimony surrounding the physiological aspects of the case, including but not limited to the physical struggle and police restraint on an individual's ability to adequately ventilate; and Plaintiff's Experts: 1) Dr. Bennet Omalu, M.D., Forensic Pathologist that has been retained to testify regarding his expert opinion on the cause and manner of death; 2) Ernie Burwell, police practices expert, and both Parties intend to use the treating Coroner in this case: Dr. Brice Hunt, M.D. None of these expert depositions have taken place and depending on the status of the case, there will most likely be some additional discovery needed prior to completing any expert depositions.

31. WHEREAS, the Court of Appeals recently issued a formal mandate on the Appeal on October 4, 2023 (Dkt. 158), thus returning jurisdiction to this Court. While counsel for the Individual Defendants intend to file a Petition for Writ of Certiorari with the United States Supreme Court, this would not deprive the District Court of jurisdiction;

32. WHEREAS, when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the district courts consider, among other factors, whether the requesting party was diligent in obtaining discovery within the guidelines

established by the court. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). In *City of Pomona*, the Ninth Circuit recognized that the requesting Party was diligent following an appeal when it "moved promptly once the case returned to the District Court." Here, the Parties have not had the opportunity to move promptly as the case is still pending in the Court of Appeals. The Parties cannot conduct expert discovery on issues that have been dismissed by a final order by the District Court and are pending appellate review. In the event the Court of Appeals denies Plaintiffs' request there will be no discovery to conduct in the federal court. Accordingly, the Court cannot make a finding that the Parties did not act diligently as all remaining discovery is pending the appellate decision.

33. WHEREAS, in *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992), the Ninth Circuit recognized that a Party must show good cause for modifying the scheduling order. *Id*. at 608. "Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. at 609 (internal citations omitted). In *Johnson*, the Court held that a party's failure to recognize that all necessary Parties have not been named in the complaint does not constitute diligence. *Id*. The facts of *Johnson* are not at all comparable to the facts at issue in this case. Here, the Parties have not failed to take account of facts and circumstances surrounding the case. Rather, the Parties were unable to proceed with discovery as the case reached final judgment on appeal.

34. WHEREAS, Counsel for the parties have engaged in a continued meet and confer exchange and have agreed to a trial date based on the very fully trial calendars of all counsel extending through at least the first six months of 2024.

35. WHEREAS, it is important to note that due to Defense Counsel Jones & Mayer's entrance into this case, which came after the Summary Judgment had been

filed, the Jones & Mayer Firm was diligently trying to obtain the case file, realized it needed more time to competently represent their new clients and sought relief from the Court via a modification of the Scheduling Order. During this time, discovery could not have proceeded due to Defendants' new Counsel entering into the case due to circumstances completely beyond the control of Defendants and Jones & Mayer. Shortly thereafter, the Court granted, in part, the Summary Judgment and thereafter this case was no longer under the jurisdiction of the Federal Court.

36. WHEREAS, the above-listed events establish good cause for the continuance of both the Trial and Pre-Trial Dates in this matter and the Parties hereby jointly request continuances of both of those dates.

**IT IS HEREBY STIPULATED**, by and between Plaintiffs M.A.R., a minor, by and through his Guardian ad litem Elisabeth Barrara, individually and as a successor in interest to DANIEL RIVERA; SYLVIA IMELDA RIVERA, individually, and Defendants CITY OF LOS ANGELES; OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO, Police Chief MICHEL MOORE by and through their respective counsel of record, that:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    1.    The current Final Pre-Trial Conference and Trial dates in this case be

2    vacated;

3    2.    That the Court schedule trial for March 29, 2024, with commensurate

4    pre-trial dates and expert discovery deadlines.

Dated: October 4, 2023        JONES MAYER

By:    /S/ James R. Touchstone
    JAMES R. TOUCHSTONE
    DENISE L. ROCAWICH
    Attorneys for Defendants Officer Brett
    Beckstrom; Officer Tyler Moser; Officer
    Michael Lopez; Officer Angel Romero

Dated: October 4, 2023        HYDEE FELDSTEIN SOTO, City Attorney

By:    
    CHRISTIAN R. BOJORQUEZ
    Attorneys for Defendant City of Los Angeles
    and Police Chief Michael Moore

Dated: October 4, 2023        V. JAMES DESIMONE LAW

By:    /S/ V. James DeSimone
    VINCENT JAMES DESIMONE
    CARMEN D. SABATER
    Attorneys for Plaintiffs