**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561

*Attorneys for Plaintiffs*

# UNTIED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO, <br><br> Defendants. | Case No.: 2:21-cv-02957-FWS-MAR <br><br> **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> *Assigned to the Honorable Fred W. Slaughter* <br><br> PTC: March 7, 2024, 8:30 a.m. <br> Courtroom: 10D <br><br> Trial: April 16, 2024, 8:30 a.m. <br> Courtroom: 10D |

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4 and the Court's Orders, Plaintiffs M.A.R. and Silvia Rivera respectfully submit the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties pertaining to the trial scheduled to commence on April 16, 2024.

## I. INTRODUCTION

Plaintiffs M.A.R. and Silvia Rivera bring this suit against the Defendants Officer Brett Beckstrom, Officer Tyler Moser, Officer Michael Lopez, and Officer Angel Romero for violations of their federal civil rights stemming from improper restraint techniques and use of force during the detention of Daniel Rivera. The Defendant officers violated the United States Constitution when they used unreasonable and unjustifiable force to detain Daniel Rivera resulting in his death. Rivera was lying motionless, face down, when the four arresting officers approached him at the bottom of an empty wash. Without warning, Beckstrom and Romero grabbed Rivera's right and left arm, respectively, while simultaneously pressing their knees and bodyweight into Rivera's back. The immense bodyweight on Rivera's back made it difficult for him to breathe and Rivera instantly tensed under the pressure. Over the course of approximately five minutes the officers continued to apply substantial bodyweight on Rivera's back, hips, arms, and neck—all the while maintaining pressure on his head, forcing it into the ground.

During the restraint, Moser deployed his Taser on Rivera four times. According to Los Angeles Police Department Policy, an officer may only utilize a Taser when a subject is violently resisting or posing an immediate threat to officers or the public. Rivera was clearly not violently resisting as he never attempted to kick, punch, or bite the officers. Rather, any resistance, which consisted of the tensing of his arms and body, resulted from him being shocked by the attack and unable to breathe. Moreover, based on video evidence, it is

abundantly clear that Rivera did not pose an immediate threat to any of the officers: when they first approached him he was motionless and once they began to affect his arrest, they never lost control of Rivera.

The officers forced Rivera to remain face down in a prone position for over two and a half minutes after they handcuffed and hobbled him. The officers were aware that leaving a handcuffed and hobbled individual in the prone position can lead to positional asphyxia. Rivera died on the scene. The coroner attributed Rivera's death to prone physical restraint with electromuscular disruption [caused by the taser].

Plaintiff M.A.R. seeks compensatory, wrongful death and survival damages under federal law. Plaintiff Silvia Rivera seeks compensatory damages under federal law. Both Plaintiffs seek punitive damages and attorney fees pursuant to under §§ 1983 and 1988.

## II. CLAIMS AND DEFENSES

**a) Plaintiffs Claims**

**Claim 1**:    Excessive Force  (Survival Claim)

Claim 1 is brought by Plaintiff M.A.R. against all Defendants. Plaintiff contends that Defendants Beckstrom, Moser, Lopez, and Romero used excessive force against Decedent Daniel Rivera in violation of his Fourth Amendment rights and 42 U.S.C. § 1983. Decedent posed no immediate threat of death or serious bodily injury to the involved deputies or anyone else. Further, Decedent did not injure anyone or attempt to do so.

Plaintiff M.A.R. seeks survival damages, punitive damages, and reasonable attorneys' fees and costs.

Elements:

1. Defendants acted under color of state law;

2. Defendants used excessive force against Daniel Rivera; and

    3.    Defendants use of force was the cause of injury, damage, loss, or harm to Daniel Rivera.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.22.

    **Claim 2**:    Fourteenth Amendment- Interference with Familial Relationship. (Wrongful Death Damages)

Claim 2 is brought by Silvia Imelda Rivera and M.A.R. against all Defendants. Plaintiffs contend that Defendants Beckstrom, Moser, Lopez, and Romero deprived them of their right to a familial relationship with Daniel Rivera in violation of the Fourteenth Amendment, entitling Plaintiffs to wrongful death damages. The Ninth Circuit has recognized that family members have a Fourteenth Amendment liberty interest in the companionship and society of their children." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1492 (2011) (citing *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th 1991)).

Plaintiffs seek wrongful death damages, punitive damages, and reasonable attorneys' fees and costs under this claim.

Elements:

    1.    Defendants acted under color of law;

    2.    Defendants acted with deliberate indifference or reckless disregard to Daniel Rivera's rights.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.32.

**b) Key Evidence**

Plaintiffs' claims are related. In brief, the key evidence Plaintiff relies on for each of the claims is:

Testimony of Officer Brett Beckstrom

Testimony of Officer Tyler Moser

Testimony of Officer Michael Lopez

Testimony of Officer Angel Romero

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Testimony of Officer Nathan Ramos

Testimony of Dr. Brice Hunt

Testimony of Ernie Burwell (Plaintiffs' expert witness)

Testimony of Dr. Bennett Omalu (Plaintiffs' expert witness)

Testimony of Matthew A. Rivera

Testimony of Elisabeth Barragan

Testimony of Silvia Imelda Rivera

Los Angeles Coroner's Report

Video of incident obtained from the individual officers' body worn cameras

Communications from the involved police officers, including observations made from the LAPD helicopter.

Family photos and other items illustrating the losses and harms.

**c) Defendants' Counterclaims and Affirmative Defenses**

Plaintiffs anticipate that Defendants will assert the following:

1. Defendants may argue they are entitled to qualified immunity;
2. Defendants may argue that their use of force was reasonable under the circumstances.

**d) Anticipated Evidentiary Issues**

Plaintiffs are filing the following motions in limine:

1. Exclude information not known to the Defendant Deputies at the time of their use of force;
2. Exclude information regarding Daniel Rivera's criminal history;
3. Exclude evidence of Plaintiff Silvia Imelda Rivera's civil restraining order against Daniel Rivera;
4. Exclude any reference to the fact that the Riverside District Attorney and California Attorney General chose not to criminally prosecute the Defendant Officers.

1 | Defendants are filing motions in limine to exclude police officer personnel information; evidence relating to economic damages calculations and excluding the plaintiff from requesting from the jury a specific dollar amount for his non-economic damages; certain testimony of and evidence related to Dr. Bennett Omalu, notably any reference to the film "Concussion" and his associated fame; references to Daniel Rivera's underlying criminal conduct as "non-violent" or "property" offenses; references and arguments related to local and national events, statistics, as well as the Ninth Circuit and Supreme Court appeals related to this case.

**e) Issues of Law**

It is necessary to determine the appropriate standard for Plaintiffs' Fourteenth Amendment Claim. The officers' conduct should be evaluated under a deliberate indifference standard. Substantive due process claims typically involve egregious conduct or the use of excessive force. But official conduct only violates substantive due process when it "shocks the conscience." *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)). Under the overarching test of whether the official's conduct "shocks the conscience" are two standards: the more demanding "purpose to harm" standard and the lesser "deliberate indifference" standard. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (applying purpose to harm standard when police officer killed suspect during quickly escalating investigation of suspicious vehicle). To determine which of the two standards govern, courts look at the context of the events leading to the deprivation. *See id.*

The critical consideration is whether the circumstances are such that actual deliberation by the officer is practical. *Hayes v. County of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013). "Where actual deliberation is practical, then an officer's 'deliberate indifference' may suffice to shock the conscience. On the other hand, where a law enforcement officer makes a snap judgment because of

an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson*, 610 F.3d at 554 (citing *Porter*, 546 F.3d at 1137). *See also Zion v. County of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017) (holding jury could find that officer stomping head of suspect who no longer posed threat would "shock the conscience"). Plaintiff prevails under either standard.

The deliberate indifference standard should be used as Defendants had ample opportunity prior to accosting the subdued face down Rivera on what tactics they should use. "Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omission for the very purpose of causing harm or with knowledge that harm will result." *Gantt*, 717 F.3d at 709. Instead, Beckstrom formulated a plan requiring far from justified force. Moreover, the tenor of Moser's statements—"dude"—and his ability to give an out of policy warning show that he was not making snap judgments and had time to deliberate whether or not a Taser should be used. After Rivera was detained and hobbled, the officers have plenty of opportunity to deliberate as to whether leaving Rivera in the prone position was reasonable. As discussed above, the officers disregard the consequences of aggressively putting body weight on Rivera and the detrimental use of a Taser. The officers were aware of the dangers of positional asphyxia yet did nothing to remedy the situation and placed body weight on Rivera for 2 ½ minutes while he was handcuffed and hobbled. No member of the team objected and he was not placed on his side until an Officer shouted from the top of the wash that he should be put on his side.

For all the reasons above, the Court should instruct the jury to apply the deliberate indifference standard when considering Plaintiffs' Fourteenth Amendment claim.

### III. BIFURCATION OF ISSUES

Plaintiffs contend that the predicate question of whether Plaintiffs are entitled to punitive damages must be in Phase 1, and a Phase 2 is only for the amount of punitive damages.

Plaintiffs conditionally request bifurcation of liability and damages should the Court deny Plaintiffs Motions in Limine 1, 2, or 3. *See Est. of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016).

### IV. JURY TRIAL

Plaintiffs have timely demanded a jury trial. Each of Plaintiff's causes of action are triable to a jury. The parties made a timely demand for trial by jury in conformity with Rule 38 of the Federal Rules of Civil Procedure.

### V. ATTORNEYS' FEES

If Plaintiffs prevails on one of their claims under Section 1983, they will be entitled to an award of reasonable attorney's fees and costs. 42 U.S.C. § 1988(b). *Stanford Daily v. Zurcher*, 550 F.2d 464 (9th Cir. 1978), *rev'd on other grounds*, 435 U.S. 547 (1978).

### VI. ABANDONMENT OF ISSUES

Plaintiffs have abandoned their Deprivation of Life Without Due Process of Law claim, i.e. Claim 2 of Plaintiffs First Amended Complaint (ECF No. 28). The only active claims from the First Amended Complaint are Claim 1 and Claim 4. Please note that there are no claims against Michel Moore or the City of Los Angeles, so they are no longer parties to this action.

Respectfully submitted,

DATED: February 8, 2024,    **LAW OFFICES OF DALE K. GALIPO**

*/s/    Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**