**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Facsimile: (323) 544-6880

*Attorneys for Plaintiffs*

**UNTIED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO, <br><br> Defendants. | Case No.: 2:21-cv-02957-FWS-MAR <br><br> **PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEFENDANTS AT THE TIME OF THEIR USE OF EXCESSIVE FORCE** <br><br> *Assigned to the Honorable Fred W. Slaughter* <br><br> PTC: March 7, 2024, 8:30 a.m. <br> Courtroom: 10D <br><br> Trial: April 16, 2024, 8:30 a.m. <br> Courtroom: 10D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 7, 2024, or as soon thereafter as this matter may be heard in Courtroom 10D of the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this Motion in limine to exclude any evidence, testimony, argument, or reference at trial to information unknown to the Defendant Officers at the time of their uses of force, including:

A) The 911 calls to dispatch that were not heard by Defendant Officers and containing information that was not passed to the Defendant Officers prior to their uses of excessive and unreasonable force.

B) Testimony of 911 callers, including the superfluous and cumulative information from the 911 calls regarding information not known to the Defendant Officers.

C) Information of Daniel Rivera's activities prior to entering the wash, except for information specifically communicated to or perceived by Defendant Officers before their use of force.

Plaintiffs make this Motion under Federal Rules of Evidence 401, 402, 403 and 404.

**Statement of Local Rule 7-3 Compliance**: This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,
DATED: February 8, 2024,    **LAW OFFICES OF DALE K. GALIPO**
/s/    *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs M.A.R. and Silvia Rivera bring this suit against the Los Angeles Police Officers Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero for violations of Daniel Rivera's federal civil rights stemming from improper restraint techniques and use of force during his detention. Rivera was lying face down and motionless at the bottom of an empty wash in Arleta, California, when Defendant Officers approached him. Without warning, Beckstrom and Romero grabbed Rivera's right and left arm, respectively, while simultaneously pressing their knees and bodyweight into Rivera's back. The immense bodyweight on Rivera's back made it difficult for him to breathe and Rivera instantly tensed under the pressure. Over the course of approximately five minutes the officers continued to apply substantial bodyweight on Rivera's back, hips, arms, and neck—all the while maintaining pressure on his head, forcing it into the ground.

During the restraint, Moser deployed his Taser on Rivera four times. According to Los Angeles Police Department Policy, an officer may only utilize a Taser when a subject is violently resisting or posing an immediate threat to officers or the public. Rivera was clearly not violently resisting as he never attempted to kick, punch, or bite the officers. Any resistance—which was minimal and consisted of the tensing of his arms and body—resulted from him being shocked by the attack and unable to breathe. Moreover, based on video evidence, it is abundantly clear that Rivera did not pose an immediate threat to any of the officers: when they first approached him he was motionless and once they began to affect his arrest, they never lost control of him.

The officers forced Rivera to remain face down in a prone position for over two and a half minutes after they handcuffed and hobbled him. The officers were aware that leaving a handcuffed and hobbled individual in the prone position can lead

to positional asphyxia. Rivera died on the scene. The coroner attributed Rivera's death to prone physical restraint with electromuscular disruption [caused by the taser].

Prior to the use of excessive and unreasonable force against Plaintiffs, the only information that Defendant Officers had was from their own observations and from the information they heard over dispatch. Defendants did not hear the 911 calls or post-incident witness statements prior to their uses of force. It is well-settled that information unknown is not relevant to the analysis of whether the forced used by the Defendants Officers was reasonable. Yet, Defendants may attempt to focus the jury on this irrelevant information in an attempt to paint Daniel Rivera in a negative light, which would unfairly distract the jury and confuse the issues.

Thus, for the following reasons, Plaintiffs respectfully request the Court issue an order ruling that the foregoing information and evidence shall be excluded from the trial.

## II.   INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Fed. R. Civ. P. 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) (O'Connor, J., dissenting). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id*. at 25–26; *United States v. Place*, 462 U.S. 696, 702–703 (1983).

Information that was unavailable to Defendant Officers at the time of the incident and only discovered by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011). For example, in *Glenn*, unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id*. Rejecting the "suggestion that . . . these statements provide uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement," the Ninth Circuit stated, "[w]e cannot consider evidence of which the officers were unaware. . . ." *Id*. at 873, n.8 (citing *Graham*, 490 U.S. at 396.) Accordingly, juries are instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Glenn,* 673 F.3d at 873; Ninth Circuit Model Jury Inst. 9.25.

In light of how the jury will be instructed and given the great weight of authority on this issue, permitting the jury to learn about facts and circumstances that Defendants were not confronted with or that were otherwise unknown to them at the time they used force against Daniel Rivera would be improper. Evidence of facts and circumstances unknown to the Defendants at the time of their use of force should be excluded, including any evidence of the 911 calls to dispatch that were not heard by Defendant Officers and containing information that was not passed to the Defendant Officers prior to their uses of excessive and unreasonable force; testimony of 9-1-1 callers regarding information not known to the Defendant Officers; and information regarding Daniel Rivera's activities prior to entering the wash, except for information specifically communicated to or perceived by Defendant Officers before their use of force. This approach ensures that the jury's considerations are confined to the knowledge and circumstances directly available to the Defendant Officers at the time of the incident, aligning the evaluation of their actions with the principle that officers

can only be judged based on what they knew at the time they made their decisions.

Here, Defendants only had information from their observations and from specific messages they may have heard over dispatch. Defendants should be precluded from introducing evidence of which they had no knowledge at the time of the incident. To the extent that they had *some* knowledge conveyed to them regarding what Rivera was doing, the jury need only hear that specific information as related to the officers. To introduce witnesses to give direct testimony regarding Daniel Rivera's activities prior to entering the wash would distract the jury and confuse the issues in this case. That testimony and evidence did not play in the totality of circumstances confronting Defendant Officers when they used force, therefore, it should be excluded under Rule 402 as irrelevant and impermissible hindsight evidence.

## III.   THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL

Alternatively, information unknown should be excluded under Rule 403 because any probative value it may have, is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, wasting the Court's time, and needlessly presenting cumulative evidence. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

If the information regarding Daniel Rivera's conduct before entering the wash has any relevance, it is extremely limited. Even if some of his conduct was known by the Defendant Officers, the jury need not hear any evidence outside of what the officers heard themselves. By permitting the Defendant Officers to go on *ad nauseum* about details of Daniel Rivera's conduct before the use-of-force incident would mislead jury to believe that information unknown to the officers is an important part

of their analysis. The jury should properly remain focused on the Defendant Officers conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police).

Further, admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Daniel Rivera posed an immediate threat of harm to the Defendants when they used excessive and unreasonable force against him. Refuting the inferences that Defendants may attempt to raise regarding information unknown to the Defendants at the time of the incident will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute; and this exercise will only serve to deprive Plaintiffs of a fair trial and waste the Court's time. *Blancha*, 972 F.2d at 516.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order excluding any evidence, witnesses, or argument at trial to the above categories of information that was unknown to Defendants at the time of their use of force.

Respectfully submitted,
DATED: February 8, 2024,         **LAW OFFICES OF DALE K. GALIPO**

　　　　　　　　　　　　　　　　　/s/    *Cooper Alison-Mayne*
　　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　　Cooper Alison-Mayne
　　　　　　　　　　　　　　　　*Attorney for Plaintiffs*