**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Facsimile: (323) 544-6880

*Attorneys for Plaintiffs*

# UNTIED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND/OR TESTIMONY REGARDING DANIEL RIVERA'S ALLEGED PRIOR CRIMINAL HISTORY PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, 403, AND 404**<br><br>*Assigned to the Honorable Fred W. Slaughter*<br><br>PTC: March 7, 2024, 8:30 a.m.<br>Courtroom: 10D<br><br>Trial: April 16, 2024, 8:30 a.m.<br>Courtroom: 10D |

1

**PLAINTIFFS' NOTICE OF MOTION IN LIMINE NO. 2**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 7, 2024, or as soon thereafter as this matter may be heard in Courtroom 10D of the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this Motion *in limine* to exclude any evidence, testimony, argument, or reference at trial to Daniel Rivera's prior criminal history. Plaintiffs make this Motion under Federal Rules of Evidence 402, 403 and 404.

**Statement of Local Rule 7-3 Compliance**:  This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in the motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,
DATED: February 8, 2024,                    **LAW OFFICES OF DALE K. GALIPO**
                                            */s/     Cooper Alison-Mayne*
                                            Dale K. Galipo
                                            Cooper Alison-Mayne
                                            *Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Los Angeles Police Officers Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero violated the Daniel Lopez's federal civil rights when they engaged in excessive force and improper police tactics which resulted in his death. Defendant Officers used excessive force when they tased Daniel Rivera, who was in a prone position when the force was used, and physically forced him to remain face down in the prone position after he was fully restrained and not resisting. Plaintiffs contend that the excessive and unreasonable restraint tactics were the cause of Mr. Rivera's untimely death.

Plaintiffs seek to exclude evidence of Mr. Rivera's alleged prior criminal history, as being irrelevant, unduly prejudicial, and impermissible character evidence. Any references to Mr. Rivera's alleged prior criminal history are irrelevant to whether the use of force against him was excessive. Such evidence has no probative value and would serve to prejudice the jury and influence a finding of no liability. Plaintiffs would be prejudiced if this motion is denied as the jury would consider improper, inflammatory evidence in deciding the issue of liability. Defendant Officers had no knowledge of the details of Mr. Rivera's alleged prior criminal history when they utilized force. As such, the information is not relevant in determining liability.

Any references to Mr. Rivera's alleged prior criminal history are irrelevant, prejudicial, and inadmissible hearsay. Evidence of Mr. Rivera's alleged prior criminal history was not a factor in Defendant Officers' decision to use force against Mr. Rivera. As such, evidence of Mr. Rivera alleged prior criminal history should not be introduced at trial. Only information known to the Defendant Officers at the time of the use of force should be permitted as admissible evidence.

Defendants seek to introduce such irrelevant and inflammatory evidence

1  to distract the jury from the issue at hand—whether the Defendant Officers used
2  excessive force, which caused Mr. Rivera's death.  Any speculative probative
3  value of such evidence would be substantially outweighed by the danger of
4  undue prejudice, consumption of time and confusing the jury, with respect to
5  both liability and damages issues at trial. Thus, the Court should exclude such
6  evidence in its entirety.

7  **II.   ARGUMENT**

8        **A.    References to Mr. Rivera's Prior Criminal History Are**
9              **Irrelevant and Should be Excluded Under Rules 401 and 402**

10       Plaintiffs anticipate that Defendants will attempt to present evidence of
11 Mr. Rivera's past criminal to paint Mr. Rivera in a negative light to the jury.
12 This is not permissible. "[E]vidence of other crimes or wrong acts is not looked
13 upon with favor and must be carefully scrutinized to determine probative
14 value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986).
15 Federal Rule of Evidence 401 defines "relevant evidence" as evidence having
16 any tendency to make the existence of any fact that is of consequence to the
17 determination or the action more probable or less probable than if would be
18 without the evidence. Rule 402 states in part that evidence which is not relevant
19 is not admissible at trial. Evidence of facts and circumstances not known to the
20 Defendant Officers when they used force against Mr. Rivera is irrelevant and
21 therefore inadmissible under Rule 402.  *Graham v. Connor*, 490 U.S. 386, 397
22 (1989); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen
23 considering a charge of excessive force under the Fourth Amendment, evidence
24 outside the time frame of the shooting is irrelevant and prejudicial."); *Wallace
25 v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (affirming inadmissibility of
26 evidence about an excessive force plaintiff's mental illness and likelihood
27 someone with that condition would act aggressively, because it would shift
28 focus from plaintiff's actions to his condition); *Witt v. W. Va. State Police,*

*Troop* 2, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics . . . are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat [the plaintiff]"— even though the facts of the incident were profoundly disputed); *Stringer v. City of Pablo*, 2009 WL 5215396, at *7 (N.D. Cal. Dec.28, 2009) (evidence of plaintiff's criminal history was "overwhelmingly prejudicial" where officers lacked such knowledge when the incident occurred); *see also Valtierra v. City of Los Angeles*, 2015 WL 1644894, at *2 (C.D. Cal. April 13, 2015).

In an excessive force case such as this, the relevant inquiry is whether the officer's actions are "objectively reasonable", thus it is the Plaintiff's actions during the incident, not his subjective state of mind, is of consequence to whether the force was excessive. *Graham*, 490 U.S. at 397; *Plaza-Bonilla v. Cortazzo*, 2009 WL 977297, at *2 (E.D. Pa. Apr. 9, 2009) (holding that pre-incident juvenile record and parole status was irrelevant to liability issues because plaintiff's state of mind is not an element and evidence was not known to officer at the time of alleged excessive force); *Stringer*, 2009 WL 5215396, at *3 (excluding decedent's criminal history and potential third-strike if arrested because "Decedent's motivation or intention to provoke the Officers to shoot him is not at issue.  Rather, the key issue is Decedent's actions leading up to the shooting."); *Jackson v. City of Gahanna*, 2011 WL 587283, at *3 (S.D. Ohio Feb. 9, 2011) ("The Plaintiff persuasively argues that evidence of the Plaintiff's intent is not at issue. . . . the Plaintiff's criminal history is not relevant to any factual dispute and must be excluded under Rule 402.").

Here, there Defendant Officers' decision to use force against Mr. Rivera could not have been informed by Mr. Rivera's alleged previous criminal acts. Thus, such evidence has no bearing on whether Defendants' use of force was "objectively reasonable" or on Defendant Officers knowledge on August 14,

2020. Thus, references to Mr. Rivera's prior criminal history against are irrelevant to the excessive force inquiry and must be excluded pursuant to Federal Rules of Evidence 401 and 402.

**B. References to Mr. Rivera's Alleged Prior Criminal History Should Be Excluded Under Rule 404**

"The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985). Any references to Mr. Rivera's alleged prior criminal history must also be excluded under Rule 404, to the extent that its relevance would require a speculative inference that Mr. Rivera acted in conformity with some bad character trait. *See, e.g., Rogers v. Harrell*, 2010 WL 2011145, at *2 (E.D. Mich. May 19, 2010) (excluding excessive force plaintiff's prior criminal history under Rules 401, 402, and 404(b), and noting that "<u>the only reason that Defendant would seek to introduce evidence of Plaintiff's prior convictions is to cast doubt on his character</u>") (emphasis added). Courts routinely exclude prior criminal history under Rule 404, which arguably would provide stronger evidence of bad character traits than unsubstantiated criminal allegations. Evidence of Mr. Rivera's prior criminal history is of no probative value. References to Mr. Rivera's past criminal history have no probative value other than to prove his propensity towards bad conduct, thus should be excluded as inadmissible character evidence. Thus, references to Mr. Rivera's prior criminal history are irrelevant to the excessive force inquiry and will only serve as impermissible character evidence, therefore it must be excluded pursuant to Federal Rule of Evidence 404.

**C. References to Mr. Rivera's Past Criminal History Should Be Excluded Under Rule 403**

Rule 403 excludes relevant evidence "if its probative value is substantially

outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). Plaintiffs maintain that such references are of no probative value to whether Defendant Officers' use of force was reasonable. Evidence of criminal history is highly prejudicial and likely to inflame, mislead, or confuse the jury. *See, e.g., Aims Back*, 588 F.2d at 1287; *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a syringe and hypodermic needle and possession of heroin . . . are unquestionably highly prejudicial."); *Wilson v. Union Pac. R.R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone . . . can be highly prejudicial and arouse jury sentiment against a party-witness.").

This is particularly true as to criminal history not known to officers in an excessive force case. *See Stringer*, 2009 WL 5215396, at *7 (holding that evidence of plaintiff's criminal history was "overwhelmingly prejudicial" where officers lacked such knowledge when the incident occurred); *Seals v. Mitchell*, 2011 WL 1399245, at *3 (N.D. Cal. Apr. 13, 2011) (in civil rights excessive force case, evidence of plaintiff's prior convictions are inadmissible because they are irrelevant and the probative value is substantially outweighed by the danger of unfair prejudice). The use of such references is likely to stir up antagonistic feelings on the part of the jurors towards Mr. Rivera. Such damage may be irreversible.

Any speculation that the prior criminal history makes it more likely that

Mr. Rivera posed a threat to Defendants is inappropriate. Moreover, any potential relevance to such speculation pales in comparison to the unduly prejudicial and misleading nature of the evidence. Inflammatory and misleading evidence and argument about alleged criminal history is solely designed to unduly prejudice Plaintiffs and to confuse and mislead the jury that such evidence can be used to justify Defendants' use of force. Any jury, presented with this inflammatory and prejudicial evidence, will not be able to divorce this evidence from its verdict on liability. A limiting instruction would only serve to further highlight the evidence and lengthen its exposure to the jury. *See Stringer*, 2009 WL 5215396, at *3 ("Further, under Rule 403, the Court must balance the probative value of Decedent's criminal history against its prejudicial effect. The Court agrees with Plaintiffs that any probative value the evidence has is substantially outweighed by the potential that the jury would consider such evidence beyond the purpose for which it would be admitted— even with a limiting instruction.").

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Numerous courts in the criminal context have barred the introduction of past felony convictions when the probative value of such evidence is significantly outweighed by it prejudicial value. Courts have reasoned that a jury which is made aware of similar prior convictions will inevitably feel pressure to conclude that is the accused committed the prior crime he likely committed the crime charged. *People v. Rist*, 16 Cal. 3d 211, 223 (1976).

Mr. Rivera's past criminal history run this precise risk because there is no probative value to such illusory references. The central factual dispute in this

case is whether Defendant officers' use of force against Mr. Rivera was reasonable. Refuting the inferences that Defendants may attempt to raise regarding references to Mr. Rivera's past criminal history will necessitate a mini-trial on collateral issues that have nothing to do with the central factual dispute, which will unduly consume this Court's and the jury's time. In sum, references to Mr. Rivera's past criminal history do not make a material disputed fact more likely. It would only serve to promote decision on an improper basis, and to distract the jury from the real factual dispute of what precise circumstances Defendant Officers confronted during the incident. Accordingly, the Court should exclude such evidence in its entirety.

### D. References to Mr. Rivera's Past Criminal History Are Irrelevant to Damages

As to damages, references to Mr. Rivera's past criminal history should also be excluded. The bulk of Plaintiffs' damages relate to injuries Mr. Rivera and the Plaintiffs suffered. References to Mr. Rivera's past criminal history are not relevant to the Plaintiffs' damages.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in Limine No. 2 and exclude Mr. Rivera's past criminal history.

Respectfully submitted,
DATED: February 8, 2024,        **LAW OFFICES OF DALE K. GALIPO**

   /s/   *Cooper Alison-Mayne*
   Dale K. Galipo
   Cooper Alison-Mayne
   *Attorney for Plaintiffs*

**PLAINTIFFS' NOTICE OF MOTION IN LIMINE NO. 2**