| | |
|---|---|
| 1 | JONES & MAYER |
| 2 | James R. Touchstone, SBN 184584<br>Jeremy B. Warren, SBN 199583 |
| 3 | Denise L. Rocawich, SBN 232792<br>3777 North Harbor Boulevard |
| 4 | Fullerton, California 92835<br>(714) 446-1400; Fax (714) 446-1448 |
| 5 | e-mail: jrt@jones-mayer.com; dlr@jones-mayer.com |
| 6 | Attorneys for Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW AARON RIVERA, individually and as a successor in interest to DANIEL RIVERA, | Case No.: 2:21-cv-02957-FWS-MAR<br>*Judge: Hon. Fred W. Slaughter* |
| Plaintiff, | **DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE RE POLICE OFFICER PERSONNEL INFORMATION INCLUDING ANY FINDINGS OF LAPD POLICY VIOLATIONS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| CITY OF LOS ANGELES; OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO; Police Chief MICHEL MOORE, in his individual, and official capacity; and DOES 1-10, inclusive., | |
| | Final Pre-Trial Conf.: March 7, 2024<br>Time: 8:30 a.m.<br>Ctrm: 10D |
| Defendants. | |


# NOTICE OF MOTION IN LIMINE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on DATE, at TIME, at the Pre-Trial Conference, in Courtroom 10D of the above-entitled Court, located at 411 West 4th Street, Room 1053 Santa Ana, CA 92701, Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO, will and hereby do move this Court for an order precluding Plaintiff, MATTHEW AARON RIVERA, individually and as a successor in interest to DANIEL RIVERA, his counsel or their witnesses from introducing any testimony, documents, evidence of damages or other evidence from or relating to documents and information from the personnel files of Defendant Officers including the Report of the Board of Police Commissioners regarding the incident involving Decedent.

This Motion is made on the following grounds:

1. Such evidence is inadmissible evidence of subsequent remedial measures under Federal Rule of Evidence 407;

2. Such evidence is irrelevant and therefore inadmissible under Federal Rule of Evidence 402;

3. Such evidence, even assuming some minimal relevance, is far outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue waste of time under Rule 403;  and

4.  Such evidence, to the extent the BOPC report itself contains statements other than the personal observations of the investigating officer or statements by Defendant Officers constitutes inadmissible hearsay.

1       This Motion is based on the attached Memorandum of Points and
2 Authorities, and on any other matters properly before the Court. This motion is
3 made following the conference of counsel pursuant to Local Rule 7-3.

Dated:    February 8, 2024          Respectfully submitted,

JONES & MAYER

By: *(signature)*
    JAMES R. TOUCHSTONE
    JEREMY B. WARREN
    DENISE L. ROCAWICH
    Attorneys for Defendant Officers
    Beckstrom, Moser, Lopez, and
    Romero

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Officers, Beckstrom, Moser, Lopez, and Romero ("Defendant Officers"), respectfully move the Court for an Order in limine precluding all parties, the attorneys for all parties, and all witnesses who may be called in this trial from presenting any exhibits of, testimony concerning, questioning upon, reference to, or any other form of evidence concerning any testimony, documents, evidence of damages or other evidence from or relating to documents and information from the personnel files of Defendant Officers including the Report of the Board of Police Commissioners ("BOPC Report") in which the BOPC determined that certain actions of certain Officers during the incident involving Decedent substantially deviated from LAPD policies.

Defendant Officers move to exclude such evidence on the grounds that such evidence is inadmissible evidence of subsequent remedial measures under Federal Rule of Evidence 407. Further, on the grounds that the BOPC Report is irrelevant and therefore inadmissible under Rule 402. Moreover, assuming some minimal relevance, it is far outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue waste of time under Rule 403. Finally, insofar as the BOPC Report itself contains statements other than the personal observations of the investigating officer or statements by Defendant Officers, they constitute inadmissible hearsay.

## II. IDENTIFICATION OF INADMISSIBLE MATERIAL

During the course of discovery, Plaintiffs requested and received certain information from the Defendant Officers' personnel files including the BOPC Report. The Board of Police Commissioners serves as the civilian oversight at the head of the Los Angeles Police Department. The BOPC reviewed the incident at issue in this lawsuit and determined that certain actions of certain Officers named

as Defendants herein, substantially deviated from LAPD policies. Defendants objected to these requests on various grounds but the Report was eventually provided pursuant to the Protective Order in this case. Plaintiffs have repeatedly cited the BOPC Report during the course of this case including during briefing in the Ninth Circuit, and thus will likely attempt to introduce evidence from or relating to the BOPC Report at trial in this matter.

### III. EVIDENCE OF INTERNAL AFFAIRS INVESTIGATIONS IS INADMISSIBLE UNDER RULE 407

Federal Rule of Evidence 407 prohibits the admission of subsequent remedial measures into evidence. Internal investigations and reviews by the BOPC are remedial measures. See Maddox v. City of Los Angeles, 792 F.2d 1408, 1417 (9th Cir. 1986). Therefore, any evidence of these investigations/reviews, including the BOPC Report, is inadmissible for any purpose.

### IV. THE EVIDENCE AT ISSUE IS IRRELEVANT AND INTRODUCTION OF IT WOULD BE UNDULY PREJUDICIAL, WOULD CONFUSE THE ISSUES AND MISLEAD THE JURY AND WOULD CONSTITUTE AN UNDUE WASTE OF TIME

The BOPC Report fails to meet the threshold requirement of relevance. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Violations of LAPD policy are not dispositive or even relevant to evaluating whether force used was reasonable as a matter of law. During the course of this litigation, Plaintiff has devoted significant argument to the proposition that the Officers' violation of LAPD policy definitively demonstrates a Fourth Amendment violation. However, "[v]iolation of a policy does not amount to a violation of the

Constitution." Broussard v. Violet, 1989 U.S. Dist. LEXIS 17428 (C.D. Cal. July 24, 1989); see also Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990) [violation of state law does not give rise to a constitutional violation]; Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) [failure to adhere to administrative regulations does not equate to a constitutional violation]; Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) [holding that state's failure to abide by its own procedural regulations is not a federal due process issue]; Sims v. Ulit, 2012 U.S. Dist. LEXIS 11068 at *23 (E.D. Cal. Jan. 31, 2012) ["[A] prison official's mere violation of a prison regulation" does not constitute a constitutional violation].

In that same vein, merely negligent tactics are insufficient to establish a violation of the constitution. Billington v. Smith, 292 F.3d 1177, 1190 (9th Cir. 2002) abrogated on other grounds by County of Los Angeles v. Mendez, 581 U.S. 420, 137 S. Ct. 1539, 198 L. Ed. 2d 52 (2017). "[A plaintiff] cannot 'establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided.'" City & County of San Francisco v. Sheehan, 135 S. Ct. 1765, 1777, 191 L. Ed. 2d 856 (2015) *quoting* Billington, 292 F.3d at 1190. "Section 1983 imposes liability for violations of right protected by the Constitution, not for duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Baker v. McCollan, 443 U.S. 137, 146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). For all these reasons, any evidence of policy violations, is irrelevant to the reasonableness of the force used against the Decedent thus should not be permitted to be introduced at trial.

Moreover, even assuming there was some minimal relevance of the BOPC Report any such value is far outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue waste of time. Rule 403 provides in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

-6-
MOTION IN LIMINE NO. 1

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or a needless presentation of cumulative evidence."

"Unfair" in this context means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, usually an emotional one. See United States v. Young, 754 F.Supp. 739, 742 (D.S.D. 1990). Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. See United States v. Guerrero, 756 F.2d 1342, 1348 (9th Cir. 1984); United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir. 1994). Here, Rule 403 requires the Court exclude the BOPC Report because introduction of the Report of evidence derived from or relating to it would substantially prejudice both sides in this matter as the Report may lead the jury to believe their job is simply to ratify the findings of the BOPC. Such a conclusion is obviously improper and could not be undone by any instruction.

Further, all of the remaining Rule 403 factors indicate that this evidence should be excluded, as well. First, the connotation of an adverse finding alone is prejudicial enough to require exclusion. First, as the Ninth Circuit noted in Maddox, a jury might infer an officer was guilty of wrongdoing merely because the police department conducted a disciplinary investigation at all. Maddox, 792 F.2d at 1417. Second, evidence of the BOPC Report could easily confuse jurors because the investigations apply different standards than the jury will here. See Davis v. Scherer, 468 U.S. 183, 194 (1984) [holding that officials do not lose the benefit of qualified immunity because they violated some internal policy or regulation]; Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1989) [stating that although the underlying incident there "would not have occurred if the [defendant police officer] had followed the department's guidelines, police department guidelines do not create a constitutional right]; Vance v. Peters, 97 F.3d 987, 995 (7th Cir. 1996) [rejecting the hearing officer's finding that a prison officer used

excessive force because that decision "was based upon the standards set forth in the prison's internal rules or policies, not on Eighth Amendment criteria"]. Accordingly, there remains a strong likelihood of jury confusion.

In light of the foregoing, admission of the evidence at issue would violate Rule 403 because its probative value is substantially outweighed by the danger of confusion of the issues and unfair prejudice to the Defendants even if the jury learns about the contextual and motivational differences between the juror's decision and the administrative review. This danger cannot be avoided through any curative instruction. Moreover, explaining the context and purposes of both reviews would result in the undue consumption of time at trial. Prudence demands that the Court exclude this evidence altogether.

## V. IF ANY EVIDENCE FROM THE PERSONNEL FILES/BOPC REPORT IS ALLOWED, ALL HEARSAY CONTAINED THEREIN MUST FIRST BE REDACTED

Finally, if the Court permits Plaintiffs to introduce evidence from the BOPC Report special care must be taken to redact any inadmissible hearsay and supervisory personnel conclusions. For example, as to BOPC Report itself, that document would be inadmissible hearsay if offered for the truth of the statements written therein. All such hearsay and conclusions must be redacted before any portion of the BOPC Report may be admitted.

## VI. CONCLUSION

For the foregoing reasons, Defendant Officers, Beckstrom, Moser, Lopez, and Romero respectfully move the Court for an Order in limine precluding all parties, the attorneys for all parties, and all witnesses who may be called in this trial from presenting any exhibits of, testimony concerning, questioning upon, reference to, or any other form of evidence concerning any testimony, documents,

evidence of damages or other evidence from or relating to documents and information from the personnel files of Defendant Officers including the BOPC Report.

Dated: February 8, 2024

JONES & MAYER

By: _____
JAMES R. TOUCHSTONE
JEREMY B. WARREN
DENISE L. ROCAWICH
Attorneys for Defendant Officers Beckstrom, Moser, Lopez, and Romero