**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Facsimile: (323) 544-6880

*Attorneys for Plaintiffs*

## UNTIED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>**PLAINTIFFS' MOTION IN *LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND/OR TESTIMONY REGARDING CIVIL RESTRAINING ORDER AGAINST DANIEL RIVERA PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, 403, AND 404**<br><br>*Assigned to the Honorable Fred W. Slaughter*<br><br>PTC: March 7, 2024, 8:30 a.m.<br>Courtroom: 10D<br><br>Trial: April 16, 2024, 8:30 a.m.<br>Courtroom: 10D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 7, 2024, or as soon thereafter as this matter may be heard in Courtroom 10D of the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this Motion *in limine* to exclude any evidence, testimony, argument, or reference at trial to a civil restraining order obtained by Silvia Imelda Rivera against Daniel Rivera. Plaintiffs make this Motion under Federal Rules of Evidence 401, 402, 403 and 609.

**<u>Statement of Local Rule 7-3 Compliance</u>**:  This motion is made following the meet and confer between counsel for Plaintiffs and Defendants. The Parties were unable to resolve the issues brought up in this motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,
DATED: February 8, 2024,

**LAW OFFICES OF DALE K. GALIPO**
*/s/     Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs seek to exclude evidence of a civil restraining order obtained by Silvia Imelda Rivera on August 9, 2006, because it is irrelevant, unduly prejudicial, and impermissible character evidence. Such evidence is irrelevant to liability because the restraining order was sought about fourteen years before the incident between Defendant Officers and Mr. Rivera occurred and the content of the restraining order is not relevant in any way to the incident in question. Defendant officers could not have known about the restraining order when they used excessive force against Mr. Rivera on August 14, 2020. Therefore, evidence of this restraining order against Mr. Rivera by his mother is irrelevant to whether the use of force against him was excessive. The restraining order is further inadmissible character evidence if used to prove Mr. Rivera's propensity to commit bad acts, thus is impermissible character evidence. Moreover, any attempt at introducing the restraining order into evidence would not be proper as it constitutes inadmissible hearsay.

Plaintiffs maintain that no part of the restraining order is relevant to liability or damages as the restraining order was obtained over 14 years prior to the incident and is so remote in time that it has no bearing on Ms. Rivera's relationship with Daniel Rivera at or around the time of his death nor does it have any relevance regarding her loss.

Defendants seek to introduce such irrelevant and inflammatory evidence to distract the jury from the issue at hand: whether the Defendant Officers used excessive force and caused Mr. Rivera's death.  Any potential probative value of such evidence would be substantially outweighed by the danger of unduly prejudicing the jury, wasting the Court's time,  and confusing the jury. For example, the jury would require an explanation of the difference between a civil and criminal restraining order. Introducing a restraining order that could not

have been a factor in their decision to use force, creates a significant risk of unfair prejudice to Plaintiffs pursuant to Federal Rule of Evidence 403. Defendants are allowed to question Ms. Rivera on her relationship with Daniel Rivera, but evidence pertaining to a restraining order is highly prejudicial.

Pursuant to Federal Rule 609, convictions more than ten years old are only admissible if the probative value substantially outweighs the prejudicial effect. The Committee of the Judiciary House reasoned that after ten years following a person's release from confinement (or from the date of his conviction) the probative value of the conviction with respect to that person's credibility diminished to a point where it should no longer be admissible. *See* Fed. R. 609 notes. Similarly, any argued probative value of restraining order sought 14 years prior to the incident is minimum and the likelihood of undue harm is substantial.

Plaintiffs maintain that any evidence of this civil restraining order against Mr. Rivera is irrelevant, because it has no relation to the injuries suffered by Mr. Rivera and Plaintiffs due to Defendant Officers' excessive use of force. Lastly, such evidence has the substantial potential to be inflammatory and misleading to the jury. Even if Defendants could somehow demonstrate why this restraining order obtained by Ms. Rivera sixteen years ago, was relevant to damages, any evidence relating to the nature of the incident underlying the restraining order would be irrelevant, and, in any event the probative value of such evidence would be outweighed by its prejudice. Thus, the Court should exclude such evidence in its entirety.

## II.   ARGUMENT

### A.   Evidence of The Prior Restraining Order Against Mr. Rivera is Irrelevant and Should be Excluded Under Rules 401 and 402

Plaintiffs anticipate that Defendants will attempt to introduce the restraining order against Mr. Rivera sought by his mother, Ms. Silvia Imelda

Rivera, in an effort to paint Mr. Daniel Rivera in a negative light to the jury. "[E]vidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination or the action more probable or less probable than if would be without the evidence.  Rule 402 states in part that evidence which is not relevant is not admissible at trial. Evidence of facts and circumstances not known to the Defendant Officers when they used force against Mr. Rivera is irrelevant and therefore inadmissible under Rule 402.  *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."); *Wallace v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (affirming inadmissibility of evidence about an excessive force plaintiff's mental illness and likelihood someone with that condition would act aggressively, because it would shift focus from plaintiff's actions to his condition); *Witt v. W. Va. State Police, Troop* 2, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics . . . are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat [the plaintiff]"—even though the facts of the incident were profoundly disputed); *Stringer v. City of Pablo*, 2009 WL 5215396, at *7 (N.D. Cal. Dec.28, 2009) (evidence of plaintiff's criminal history was "overwhelmingly prejudicial" where officers lacked such knowledge when the incident occurred); *see also Valtierra v. City of Los Angeles*, 2015 WL 1644894, at *2 (C.D. Cal. April 13, 2015).

In an excessive force case such as this, the relevant inquiry is whether the

**PLAINTIFFS' NOTICE OF MOTION IN LIMINE NO. 3**

officer's actions are "objectively reasonable", thus it is the Plaintiff's actions during the incident, not his subjective state of mind, is of consequence to whether the force was excessive. *Graham*, 490 U.S. at 397; *Plaza-Bonilla v. Cortazzo*, 2009 WL 977297, at *2 (E.D. Pa. Apr. 9, 2009) (holding that pre-incident juvenile record and parole status was irrelevant to liability issues because plaintiff's state of mind is not an element and evidence was not known to officer at the time of alleged excessive force); *Stringer*, 2009 WL 5215396, at *3 (excluding decedent's criminal history and potential third-strike if arrested because "Decedent's motivation or intention to provoke the Officers to shoot him is not at issue.  Rather, the key issue is Decedent's actions leading up to the shooting."); *Jackson v. City of Gahanna*, 2011 WL 587283, at *3 (S.D. Ohio Feb. 9, 2011) ("The Plaintiff persuasively argues that evidence of the Plaintiff's intent is not at issue. . . . the Plaintiff's criminal history is not relevant to any factual dispute and must be excluded under Rule 402.").

Here, Defendant Officers' decision to use force against Mr. Rivera could not have been informed by an unknown civil restraining order filed fourteen years prior to the use of force incident occurred. Moreover, Defendant Officers were not parties to the civil restraining order nor were they involved in the civil restraining order' underlying incidents concerning Ms. Rivera. Thus, such evidence has no bearing on whether Defendants' use of force was "objectively reasonable" or on Defendant Officers knowledge on August 14, 2020. Thus, Mr. Rivera's civil restraining order is irrelevant to the excessive force inquiry and must be excluded pursuant to Federal Rules of Evidence 401 and 402.

Moreover, the civil restraining order is not relevant as it pertains to Plaintiffs' damages as the conduct alleged in the restraining order occurred 14 years prior to the incident, making it remote in time and not indicative of the amount of loss and damages suffered by Plaintiffs.

**PLAINTIFFS' NOTICE OF MOTION IN LIMINE NO. 3**

**B.      Evidence of A Civil Restraining Order Against Mr. Rivera Should Be  Excluded Under Rule 404**

"The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985).  The civil restraining order must also be excluded under Rule 404, to the extent that its relevance would require a speculative inference that Mr. Rivera acted in conformity with some bad character trait or would have acted in conformance with the allegations in the restraining order had he not died.  *See, e.g., Rogers v. Harrell*, 2010 WL 2011145, at *2 (E.D. Mich. May 19, 2010) (excluding excessive force plaintiff's prior criminal history under Rules 401, 402, and 404(b), noting, "the only reason that Defendant would seek to introduce evidence of Plaintiff's prior convictions is to cast doubt on his character).

Courts routinely exclude prior criminal history under Rule 404, which arguably would provide stronger evidence of bad character traits than a civil restraining order. Evidence of a civil restraining order is of even more tenuous probative value than a criminal act, thus there is no reason to allow a civil restraining order that is even less probative of character. The civil restraining order against Mr. Rivera has no probative value other than to prove his propensity towards bad conduct, thus should be excluded as inadmissible character evidence. *See, e.g., Beckway v. DeShong*, No. C07-5072 TEH, 2012 WL 1355744, at *6 (N.D. Cal. Apr. 18, 2012) (<u>excluding evidence of ongoing domestic violence restraining orders against the excessive force plaintiff under Rule 404</u>) (emphasis added). Moreover, the civil restraining order was filed fourteen years prior to the use of force, thus cannot even speak to Mr. Rivera's character before the incident on August 14, 2020 or his relationships with Plaintiffs.

Thus, Mr. Rivera's civil restraining order is irrelevant to the excessive

**PLAINTIFFS' NOTICE OF MOTION IN LIMINE NO. 3**

force inquiry and will only serve as impermissible character evidence, therefore it must be excluded pursuant to Federal Rule of Evidence 404.

### C.   Evidence of A Civil Restraining Order Against Mr. Rivera Should Be Excluded Under Rule 403

Assuming arguendo that the civil restraining order against Mr. Rivera has some slight probative value that does not require a large amount of speculation and guesswork, the Court should nevertheless exclude such evidence under Rule 403. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991). (Noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). Plaintiffs maintain that such evidence is of no probative value to whether Defendant Officers' use of force was reasonable.

Evidence of restraining orders is highly prejudicial and likely to inflame, mislead, or confuse the jury. *See, e.g., Medley v. Turner*, No. 93 C 322, 1995 WL 296942, at *4 (N.D. Ill. May 12, 1995) (excluded any evidence, question any witness, making any reference to, or the allegations contained within two emergency motions for a temporary restraining brought by the defendants against an excessive force plaintiff as "of little or no probative value and that what little probative value there is, is substantially outweighed by the dangers of undue prejudice and jury confusion"); *Hiramanek v. Clark*, No. 5:13-CV-00228-RMW, 2016 WL 6459548, at *6 (N.D. Cal. Oct. 31, 2016) (noting ongoing restraining order had been excluded under Rule 403 unless the

plaintiffs opened the door to its introduction). This is particularly true as to restraining orders not known to an officer in an excessive force case. *See Stringer*, 2009 WL 5215396, at \*7 (holding that evidence of plaintiff's criminal history was "overwhelmingly prejudicial" where officers lacked such knowledge when the incident occurred).

The Committee of the Judiciary House recognized that the probative value of a conviction with respect to that person's credibility is diminished after ten years to a point where it should no longer be admissible. *See* Fed. R. 609 notes. Similarly, any argued probative value of how a restraining order sought 14 years prior to the incident affected the Plaintiffs' relationship with Daniel Rivera is diminished and should no longer be admissible.

Any speculation that the civil restraining order against Mr. Rivera make it more likely that he posed an imminent threat of death or serious bodily harm to Defendant Officers is wholly improper. Inflammatory and misleading evidence and argument about a civil restraining order is solely designed to unduly prejudice Plaintiffs and to confuse and mislead the jury that such evidence can be used to justify Defendant Officers' use of force. Any jury, presented with this inflammatory and prejudicial evidence, will not be able to divorce this evidence from its verdict on liability. A limiting instruction would only serve to further highlight the evidence and lengthen its exposure to the jury. *See Stringer*, 2009 WL 5215396, at \*3 ("Further, under Rule 403, the Court must balance the probative value of Decedent's criminal history against its prejudicial effect. The Court agrees with Plaintiff that any probative value the evidence has is substantially outweighed by the potential that the jury would consider such evidence beyond the purpose for which it would be admitted—even with a limiting instruction.").

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract

the jury from the main issues." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The jury would have to be instructed as to the difference between a civil and criminal restraining order to be able to relate this evidence to the issues at trial. Moreover, the civil restraining order was based on incidents not involving the Defendants that occurred fourteen years before the use of force, creating a wholly separate factual issue that will distract the jury from what Defendant Officers knew when they used force against Mr. Rivera.

In the context of criminal convictions, Courts have reasoned that a jury which is made aware of similar prior convictions will inevitably feel pressure to conclude that is the accused committed the prior crime he likely committed the crime charged. *People v. Rist*, 16 Cal. 3d 211, 223 (1976). The presentation of this civil restraining order against Mr. Rivera to the jury, like a past conviction, runs the precise risk cautioned in *Rist* and will distract the jury from the facts known to Defendant Officers on August 14, 2022. *See, e.g., Read v. Town of Suffern Police Dep't,* No. 10-CV-9042 JPO, 2014 WL 7330432, at *2–3 (S.D.N.Y. Dec. 23, 2014) (reserving ultimate decision on admissibility of excessive force plaintiff's violation of a restraining order the day before the use of force incident, but noting that while it may be admissible to convey background or context to the plaintiff's detention, it had "little or no probative value as to the central issue of whether Tarantino unreasonably used force against Read. At the same time, the potential for unfair prejudice is significant: the conduct underlying Read's conviction…may paint him in an unfavorable light before the jury").

The central factual dispute in this case is whether Defendant Officers' use of force against Mr. Rivera was reasonable. Refuting the inferences that Defendants may attempt to raise regarding this civil restraining order against

**PLAINTIFFS' NOTICE OF MOTION IN LIMINE NO. 3**

Mr. Rivera will necessitate a mini-trial on collateral issues that have nothing to do with the central factual dispute, which will unduly consume this Court's and the jury's time.  In sum, evidence of Mr. Rivera's civil restraining order does not make a material disputed fact more likely.  It would only serve to promote decision on an improper basis, and to distract the jury from the real factual dispute of what precise circumstances Defendant Officers confronted during the incident.  Accordingly, the Court should exclude such evidence in its entirety.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiff's Motion in *Limine* No. 3 and exclude any evidence and/or testimony regarding the civil restraining order against Mr. Rivera filed by Ms. Silvia Imelda Rivera.

Respectfully submitted,
DATED: February 8, 2024,          **LAW OFFICES OF DALE K. GALIPO**

*/s/     Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*