**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Facsimile: (323) 544-6880

*Attorneys for Plaintiffs*

# UNTIED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO, <br><br> Defendants. | Case No.: 2:21-cv-02957-FWS-MAR <br><br> **PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND/OR TESTIMONY REGARDING DISTRICT ATTORNEY'S DECISION NOT TO CRIMINALLY PROSECUTE DEFENDANTS** <br><br> *Assigned to the Honorable Fred W. Slaughter* <br><br> PTC: March 7, 2024, 8:30 a.m. <br> Courtroom: 10D <br><br> Trial: April 16, 2024, 8:30 a.m. <br> Courtroom: 10D |

1

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD AND THIS HONORABLE COURT,**

**PLEASE TAKE NOTICE** that Plaintiff hereby moves *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to the County of Los Angeles District Attorney and City of Los Angeles findings that Defendants' use of force was not criminal, was reasonable, justified, and/or within policy, including any reference (whether implicit or explicit) to the District Attorney's decision not to press charges. Plaintiffs make this Motion pursuant to Federal Rules of Evidence 402 and 403.

**Statement of Local Rule 7-3 Compliance**:  This motion is made following a conference of counsel during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,
DATED: February 8, 2024,        **LAW OFFICES OF DALE K. GALIPO**
                                */s/    Cooper Alison-Mayne*
                                Dale K. Galipo
                                Cooper Alison-Mayne
                                *Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek to exclude evidence, testimony, argument, or reference to the City of Los Angeles' and/or County of Los Angeles District Attorney's findings that Defendants' use of force was not criminal, was reasonable, justified, and/or within policy, including any reference (whether implicit or explicit) to the District Attorney's decision not to press charges. Plaintiffs contend that the District Attorney's decision not to prosecute Defendants criminally is irrelevant to the issues that the jury must decide in this case and should be excluded under Rule 402 and 403 of the Federal Rules of Evidence. Plaintiffs submit that their requested exclusion of evidence should not preclude Plaintiffs from using such excluded material for impeachment purposes.

## II. ARGUMENT

At trial, the jury must determine whether the Defendants used unreasonable or excessive force against Daniel Rivera. In addressing an excessive force case under the Fourth Amendment, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Thus, only evidence of facts and circumstances known to the Defendants during his encounter with Decedent is relevant and therefore admissible. *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

The subsequent findings and conclusions of the City of Los Angles, and the District Attorney's Office are in no way probative of the factual circumstances confronting the Defendant Officers at the time of the incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for constitutional violations. *See Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 442 (7th Cir.

2009) (evidence of finding in an internal investigation "states only a conclusion and does not provide much additional probative information . . . It merely presents the question the jury was tasked with answering."). Because evidence of the District Attorney's Office decision not to press charges against Defendants is not probative of any fact of consequence to the determination of the action, the evidence should be excluded under Rule 402.

Even if the evidence has some speculative probative value, it should be excluded under Rule 403 of the Federal Rules of Evidence because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. Determining the reasonableness of the Defendant Officers' actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the City or the District Attorney's Office. The jury might feel bound to abide by the conclusions of the Police Department or the County rather than reaching its own independent conclusions based on all of the evidence. *See Lewis*, 590 F.3d at 442 (finding that evidence of an internal investigation might cause the jury to "simply adopt the result of the internal investigation rather than come to its own conclusion after hearing all the evidence."); *Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it "was tantamount to saying 'this has already been decided and here is the decision.'").

Any investigation or conclusion that the Los Angeles Police Department internally reviewed Defendant Officers detention, tactics, and use of force, and found that the Defendant Officers acted reasonably, justly, and within policy is irrelevant to the issue at the heart of this case, which is whether Defendant Officers' conduct amounted to a constitutional violation. Adherence to or deviation from municipal policy is not evidence of a constitutional violation. When balanced against the substantial risk that the Police Department's findings

may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant Federal Rule of Evidence 403.

Moreover, the District Attorney's Office makes a finding with an eye toward criminal prosecution. This review and determination is based on a criminal "beyond a reasonable doubt" standard, rather than the civil "preponderance of the evidence" standard that is applicable in this case. Therefore, informing the jury that the District Attorney chose not to prosecute Defendant Officers could improperly persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the Los Angeles Police Department or the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against the Defendant Officers. Thus, considering these substantial risks of confusing the issues and inviting juror error, this evidence should be excluded pursuant to Rule 403.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request an order excluding the conclusions of the findings of the County of Los Angeles District Attorney's Office and the City of Los Angeles Police Department pertaining to the detention, tactics, and use of force against Daniel Rivera, and the District Attorney's decision not to press criminal charges.

Respectfully submitted,

DATED: February 8, 2024,       LAW OFFICES OF DALE K. GALIPO

/s/    *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorney for Plaintiffs*

PLAINTIFFS' MOTION IN LIMINE NO. 4