JONES & MAYER
James R. Touchstone, SBN 184584
Jeremy B. Warren, SBN 199583
Denise L. Rocawich, SBN 232792
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: jrt@jones-mayer.com; dlr@jones-mayer.com

Attorneys for Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW AARON RIVERA, individually and as a successor in interest to DANIEL RIVERA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO; Police Chief MICHEL MOORE, in his individual, and official capacity; and DOES 1-10, inclusive.,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br>*Judge: Hon. Fred W. Slaughter*<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO ECONOMIC DAMAGES CALCULATIONS AND EXCLUDING PLAINTIFF FROM REQUESTING FROM THE JURY A SPECIFIC DOLLAR AMOUNT FOR HIS NON-ECONOMIC DAMAGES; DECLARATION OF ROCAWICH**<br><br>Final Pre-Trial Conf.: March 7, 2024<br>Time: 8:30 a.m.<br>Ctrm: 10D |

# NOTICE OF MOTION IN LIMINE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on DATE, at TIME, at the Pre-Trial Conference, in Courtroom 10D of the above-entitled Court, located at 411 West 4th Street, Room 1053 Santa Ana, CA 92701, Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO, will and hereby do move this Court for an order precluding Plaintiff, MATTHEW AARON RIVERA, individually and as a successor in interest to DANIEL RIVERA, his counsel or their witnesses from introducing any evidence relating to his economic damages calculations and excluding plaintiff from requesting from the jury a specific dollar amount for his non-economic damages. This evidence must be excluded because plaintiff failed to make damages calculation disclosures as required under Federal Rule of Civil Procedure 26(a)(1), and Rule 37(c)(1) therefore requires exclusion of this evidence.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Denise Lynch Rocawich, and on any other matters properly before the Court. This motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: February 8, 2024

Respectfully submitted,

JONES & MAYER

By: _____
JAMES R. TOUCHSTONE
JEREMY B. WARREN
DENISE L. ROCAWICH
Attorneys for Defendant Officers

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Officers, Beckstrom, Moser, Lopez, and Romero ("Defendant Officers"), respectfully move the Court for an Order in limine precluding all parties, the attorneys for all parties, and all witnesses who may be called in this trial from presenting any exhibits of, testimony concerning, questioning upon, reference to, or any other form of evidence relating to his economic damages calculations and excluding plaintiff from requesting from the jury a specific dollar amount for his non-economic damages.

Defendant Officers move to exclude such evidence on the grounds that plaintiff failed to make damages calculation disclosures as required under Federal Rule of Civil Procedure 26(a)(1), and Rule 37(c)(1) therefore requires exclusion of this evidence.

## II. PLAINTIFF'S DISCLOSURES

Plaintiff served Initial Disclosures on June 28, 2021. In those Disclosures, Plaintiff stated the following with regard to damages:

"Rule 26(c) Damages: Plaintiffs contend the amount of provable damages in this case will exceed $10 million. Plaintiffs seek damages on behalf of Mr. Rivera for loss of enjoyment of life, loss of earning capacity, loss of relationship with his son and mother, loss of relationship with his family and friends, pain and suffering, physical injuries and sickness, medical expenses in an amount to be determined by a jury. Plaintiffs seek damages for funeral and burial expenses, punitive damages (against individual defendants only) and other pecuniary losses not yet ascertained and the loss of Mr. Rivera's love, affection, society, support, guidance and companionship to be determined by a jury. Plaintiffs will seek an award of attorney's fees and costs of suit according to the procedures established by law. The amount of lost economic damages may be calculated by an economic expert.

1  The amount of non-economic damages will be determined by a jury. Plaintiff's
2  punitive damages will be decided by a jury and will based on a finding of
3  individual defendants' malice and their ability to pay. Plaintiffs have no insurance
4  policies pertinent to the claims made against Defendants. Plaintiffs reserve the
5  right to add or amend their prayers for relief and the nature and scope of damages.
6  Initial Disclosures." Exhibit A to Declaration of Rocawich ("Decl. Rocawich").
7  Plaintiff used identical language in the Parties Joint Rule 26 Report. [DKT 21].
8  Plaintiff has not supplemented their Disclosures, have not provided any calculation
9  as required by Rule 26 an have not produced any documents that support the $10
10 million lump sum. Decl. Rocawich at ¶ 3.

## III. SPECIFIC EVIDENCE SOUGHT TO BE EXCLUDED

The specific evidence sought to be excluded is:

1. Any evidence submitted for the purpose of calculating plaintiff's claimed economic damages.

2. Any testimony or other evidence suggesting a specific dollar amount that the jury should award for emotional distress damages.

## IV. RULE 37(C)(1) REQUIRES EXCLUSION OF THE EVIDENCE FOR FAILURE TO COMPLY WITH RULE 26

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a plaintiff to provide, as part of his initial disclosures, "a computation of each category of damages claimed." Failure to provide such calculations precludes a party from using any evidence of those calculations at trial unless the failure to provide the information was substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1). Courts routinely enforce this rule by precluding a party from presenting evidence during trial on economic damages calculations that were not disclosed. See, e.g., Hoffman v. Construction Protective Servs., Inc., 541 F.3d 1175, 1179-80 (9th Cir.

2008); Buffington v. Nestle Healthcare Nutrition Inc., No. SACV 18- 00106JVS, 2019 WL 6646703, at *2-*3 (C.D. Cal. Sep. 24, 2019) [precluding testimony on lost wages when party failed to provide a calculation of those damages as required by Rule 26]. "Rule 26(e) creates an obligation for parties to supplement the information disclosed under Rule 26(a) in a timely manner, including its computation of damages. Fed. R. Civ. P. 26(e)." Mort v. DeJoy, 2022 WL 3229298 (E.D. Cal. 2022).

To satisfy Rule 26(a)(1)(A)(iii), a "plaintiff ***should provide more than a lump sum statement*** of the damages allegedly sustained." City & County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003) [emphasis added]; see also Mort v. Joy, supra at *33-34. "[T]he 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." Id.; see also First Nat'l Bank of Chicago v. Ackerley Comm'cns, Inc., No. 94 Civ. 7539 (KTD), 2001 WL 15693, at *6 n.6 (S.D.N.Y. Jan. 8, 2001) ["A discovery request calling for the calculation of damages requires more than merely setting forth the figure demanded"].

With respect to noneconomic damages, such as pain and suffering or emotional distress, courts do not require the same level of precision to satisfy the Rule 26 initial disclosure obligation. Instead, a plaintiff has the option of not providing a damages calculation. But if a plaintiff does not provide a calculation for such non-economic damages, the plaintiff is precluded from arguing that the jury should award a specific damages amount. See, e.g., Sandoval v. Am. Bldg. Maintenance Indus., Inc., 267 F.R.D. 257, 282 (D. Minn. 2007) (citing cases); see also First v. Kia of El Cajon, No. 10-cv-536-DMS, 2010 WL 3069215, at *2 (S.D. Cal. Aug. 4, 2010) [not requiring plaintiff to provide calculation of emotional distress damages where plaintiff intended to let jury decide that question, but warning plaintiff "that if he is going to suggest a specific amount to the jury for

1  emotional distress damages and fails to provide Defendant with a calculation of
2  that amount as required by Rule 26(a)(1)(A)(iii), Plaintiff may be foreclosed from
3  suggesting that specific amount for emotional distress damages to the
4  jury at trial."].

5       Here, Plaintiff failed to provide calculations for his economic damages and
6  for his non-economic damages. As to economic damages. Plaintiff states that he
7  seeks items such as medical expenses, loss of earning capacity, funeral expenses
8  and damages relating to physical injuries and sickness; however, Plaintiff has not
9  provided any calculation of these damages during the course of this case. Such
10 general assertions of a damages amount are insufficient to satisfy Rule
11 26(a)(1)(A)(iii). See City & County of San Francisco, 218 F.R.D. at 221; First
12 Nat'l Bank of Chicago, 2001 WL 15693, at *6 n.6. As to non-economic damages,
13 Plaintiff claims several categories of such damages, but again, has provided no
14 calculations. Thus, he should be prohibited from suggesting to the jury a specific
15 dollar amount for his purported non-economic or emotional distress damages.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

# V. CONCLUSION

For the foregoing reasons, Defendant Officers, Beckstrom, Moser, Lopez, and Romero respectfully move the Court for an Order in limine precluding all parties, the attorneys for all parties, and all witnesses who may be called in this trial from presenting any evidence relating to his economic damages calculations and excluding plaintiff from requesting from the jury a specific dollar amount for his non-economic damages.

Dated: February 8, 2024           JONES & MAYER

By: _____
JAMES R. TOUCHSTONE
JEREMY B. WARREN
DENISE L. ROCAWICH
Attorneys for Defendant Officers
Beckstrom, Moser, Lopez, and Romero

## **DECLARATION OF DENISE LYNCH ROCAWICH**

I, Denise Rocawich, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am a partner in the law firm of Jones Mayer, counsel of record for Defendants Officers Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero. This Declaration is submitted in support of Defendant Officers Motion in Limine No. 2 to Exclude Evidence Relating to Economic Damages Calculations and Excluding Plaintiff From the Jury a Specific Dollar Amount for His Non-Economic Damages. If called as a witness, I would and could competently testify to all of the facts contained within this declaration based upon my personal knowledge.

2. Plaintiff served Initial Disclosures on the Defendant Officers on June 28, 2021. In those Disclosures, Plaintiff stated the following with regard to damages: "Rule 26(c) Damages: Plaintiffs contend the amount of provable damages in this case will exceed $10 million. Plaintiffs seek damages on behalf of Mr. Rivera for loss of enjoyment of life, loss of earning capacity, loss of relationship with his son and mother, loss of relationship with his family and friends, pain and suffering, physical injuries and sickness, medical expenses in an amount to be determined by a jury. Plaintiffs seek damages for funeral and burial expenses, punitive damages (against individual defendants only) and other pecuniary losses not yet ascertained and the loss of Mr. Rivera's love, affection, society, support, guidance and companionship to be determined by a jury. Plaintiffs will seek an award of attorney's fees and costs of suit according to the procedures established by law. The amount of lost economic damages may be calculated by an economic expert. The amount of non-economic damages will be determined by a jury. Plaintiff's punitive damages will be decided by a jury and will based on a finding of individual defendants' malice and their ability to pay. Plaintiffs have no insurance

policies pertinent to the claims made against Defendants. Plaintiffs reserve the right to add or amend their prayers for relief and the nature and scope of damages. Initial Disclosures." A true and correct copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit "A". Plaintiff used identical language in the Parties Joint Rule 26 Report. [DKT 21].

3. Plaintiff has not supplemented their Disclosures, have not provided any calculation as required by Rule 26 an have not produced any documents that support the $10 million lump sum.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th of February, 2024, at Fullerton, California.

_____
Denise Lynch Rocawich, Esq.

**EXHIBIT "A"**

1  V. James DeSimone (SBN: 119668)
   vjdesimone@gmail.com
2  Carmen D. Sabater  (SBN: 303546)
3  cds820@gmail.com
   **V. JAMES DESIMONE LAW**
4  13160 Mindanao Way, Suite 280
5  Marina del Rey, California 90292
6  Telephone:  310.693.5561
   Facsimile:   323.544.6880
7  Email: **VJD000095@bohmlaw.com**

8  Attorneys for PLAINTIFFS,
9  M.A.R., minor, by and through his Guardian ad litem ELISABETH
   BARRAGAN; and SILVIA IMELDA RIVERA, mother of deceased.
10

11                **UNITED STATES DISTRICT COURT**
12                **CENTRAL DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually, <br><br> PLAINTIFFS, <br><br> v. <br><br> CITY OF LOS ANGELES; Unknown Doe Officer 1; Unknown Doe Officer 2; Unknown Doe Officer 3; Unknown Doe Officer 4; Police Chief MICHEL MOORE, in his individual, and official capacity; and DOES 5-10, inclusive, <br><br> DEFENDANTS. | Case No: CV 21-2957JFW (MARx) <br><br> **PLAINTIFFS' RULE 26 INITIAL DISCLOSURES** <br><br> *Assigned to Honorable John F. Walter for All Purpose* <br><br> Action Filed:   April 6, 2021 <br> Trial Date:       TBD |

1
**PLAINTIFF'S RULE 26 INITIAL DISCLOSURES**

*M.A.R., et al. v. City of Los Angeles, et al.*                          V. James DeSimone, Esq.
Case No.: CV 21-2957JFW (MARx)                                Carmen D. Sabater, Esq.

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Pursuant to FRCP 26(e), Plaintiffs, M.A.R., minor, by and through his Guardian ad litem ELISABETH BARRAGAN; and SILVIA IMELDA RIVERA, identify the following witnesses and documents in their possession, custody or control, which may support their claims.

1. **Rule 26 (a) Potential Witnesses**

Pursuant to FRCP 26 (a), Plaintiffs identify the following witnesses, whose testimony they will use to support their claims:

   a. M.A.R., minor, by and through his Guardian ad litem ELISABETH BARRAGAN; and SILVIA IMELDA RIVERA, Plaintiffs;
   b. Chief Michael Moore, Defendant;
   c. Unknown Officers, Los Angeles Police Department, who were involved in the incident;
   d. Unknown Officers, Los Angeles Police Department, who were involved in the investigation of the incident;
   e. Medical Personnel;
   f. Dr. Brice L. Hunt, 1104 N Mission Road, Los Angeles, CA, 90033, (323) 343-0512;
   g. All witnesses listed in Defendants' Disclosures.

Plaintiffs reserve the right to supplement or amend their list of witnesses.

2. **Rule 26 (b) Documents:**

Pursuant to FRCP 26 (b), Plaintiffs identify the following categories of documents in their possession, custody, or control, which may support their claims.

Plaintiffs reserve the right to supplement or amend their categories of documents.

Videos of the Incident

County of Los Angeles, Department of Medical Exam-Coroner Autopsy Report of Daniel Rivera

  Daniel Rivera's Death Certificate

  DNA Test Report

  City of Los Angeles, Department of Medical Exam Pictures of Daniel Rivera

**3. Rule 26(c) Damages:**

  Plaintiffs contend the amount of provable damages in this case will exceed $10 million.

  Plaintiffs seek damages on behalf of Mr. Rivera for loss of enjoyment of life, loss of earning capacity, loss of relationship with his son and mother, loss of relationship with his family and friends, pain and suffering, physical injuries and sickness, medical expenses in an amount to be determined by a jury. Plaintiffs seek damages for funeral and burial expenses, punitive damages (against individual defendants only) and other pecuniary losses not yet ascertained and the loss of Mr. Rivera's love, affection, society, support, guidance and companionship to be determined by a jury. Plaintiffs will seek an award of attorney's fees and costs of suit according to the procedures established by law.

  The amount of lost economic damages may be calculated by an economic expert. The amount of non-economic damages will be determined by a jury. Plaintiff's punitive damages will be decided by a jury and will based on a finding of individual defendants' malice and their ability to pay.

  Plaintiffs have no insurance policies pertinent to the claims made against Defendants.

  Plaintiffs reserve the right to add or amend their prayers for relief and the nature and scope of damages.

///

///

///

///

///

Date: June 28, 2021

V. JAMES DESIMONE LAW

By: _____
V. JAMES DESIMONE, ESQ.
CARMEN SABATER, ESQ.

Attorneys for PLAINTIFFS, M.A.R., minor, by and through his Guardian ad litem ELISABETH BARRAGAN; and SILVIA IMELDA RIVERA, mother of deceased.

4
**PLAINITFF'S RULE 26 INITIAL DISCLOSURES**
M.A.R., et al. v. City of Los Angeles, et al.
Case No.: CV 21-2957JFW (MARx)
V. James DeSimone, Esq.
Carmen D. Sabater, Esq.

United States District Court, Central District
*M.A.R., et al. v. City of Los Angeles, et al.*
Case No.: 2:21-CV-02957

# PROOF OF SERVICE

I, the undersigned declare that I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is: 13160 Mindanao Way, Suite 280, Marina del Rey, California 90292.

On June 28, 2021, I served the within:

**PLAINTIFFS' RULE 26 INITIAL DISCLOSURES**
**MAR000001-MAR000242**

XX   By sending a true copy thereof electronically to the individual(s) and electronic service address(es) as set forth below from the electronic service address: **kmedina@bohmlaw.com**.

## SERVICE LIST

| | |
|---|---|
| **Mr. Christian R. Bojorquez, Esq.**<br>**Christian.bojorquez@lacity.org**<br>**Carlone.castillo@lacity.org**<br>**200 N. Main Street, 6th Floor**<br>**City Hall East**<br>**Los Angeles, California 90012** | Attorney for Defendants,<br>CITY OF LOS ANGELES<br>and POLICE CHIEF<br>MICHEL MOORE |

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 28, 2021, in Inglewood, California.

_____
Kimberly Medina
Case Manager