1  JONES & MAYER
   James R. Touchstone, SBN 184584
2  Jeremy B. Warren, SBN 199583
   Denise L. Rocawich, SBN 232792
3  3777 North Harbor Boulevard
   Fullerton, California 92835
4  (714) 446-1400; Fax (714) 446-1448
   e-mail: jrt@jones-mayer.com; jw@jones-mayer.com;
5  dlr@jones-mayer.com

6  Attorneys for Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER
   MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 MATTHEW AARON RIVERA,              Case No.: 2:21-cv-02957-FWS-MAR
   individually and as a successor in  *Judge: Hon. Fred W. Slaughter*
12 interest to DANIEL RIVERA,

13          Plaintiff,                 **DEFENDANTS NOTICE OF
                                       MOTION AND MOTION IN LIMINE
14       vs.                           NO. 3 TO EXCLUDE CERTAIN
                                       TESTIMONY OF AND EVIDENCE
15 CITY OF LOS ANGELES;                RELATED TO DR. BENNETT
   OFFICER BRETT BECKSTROM;            OMALU**
16 OFFICER TYLER MOSER;
   OFFICER MICHAEL LOPEZ;
17 OFFICER ANGEL ROMERO; Police        Final Pre-Trial Conf.:   March 7, 2024
   Chief MICHEL MOORE, in his          Time:                    8:30 a.m.
18 individual, and official capacity; and  Ctrm:                 10D
   DOES 1-10, inclusive.,
19
            Defendants.
20

21

22

23

24

25

26

27

28

1                   **NOTICE OF MOTION IN LIMINE**

2 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that on March 7, 2024, at 8:30 a.m., at the Pre-

4 Trial Conference, in Courtroom 10D of the above-entitled Court, located at 411

5 West 4th Street, Room 1053 Santa Ana, CA 92701, Defendants OFFICER BRETT

6 BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and

7 OFFICER ANGEL ROMERO, will and hereby do move this Court for an order

8 precluding Plaintiff, MATTHEW AARON RIVERA, individually and as a

9 successor in interest to DANIEL RIVERA, his counsel or their witnesses from

10 introducing certain evidence relating to Plaintiff's retained expert Dr. Bennet

11 Omalu. Such evidence must be excluded because it is irrelevant and unduly

12 prejudicial to Defendants.

13        This Motion is based on the attached Memorandum of Points and

14 Authorities, and on any other matters properly before the Court. This motion is

15 made following the conference of counsel pursuant to Local Rule 7-3.

16

17

18 Dated:     February 8, 2024            Respectfully submitted,

19                                        JONES & MAYER

20

21                                  By: _____

                                     JAMES R. TOUCHSTONE

22                                      JEREMY B. WARREN

                                     DENISE L. ROCAWICH

23                                      Attorneys for Defendant Officers

                                     Beckstrom, Moser, Lopez, and

24                                      Romero

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2 **I.    INTRODUCTION**

3          Defendant Officers, Beckstrom, Moser, Lopez, and Romero ("Defendant

4    Officers"), respectfully move the Court for an Order in limine precluding

5    testimony, questioning, argument or reference to any kind relating to the following

6    specific issues involving Plaintiff's retained expert Dr. Bennet Omalu's ("Dr.

7    Omalu"):

8          1.    The film portrayal of Dr. Omalu in the movie *Concussion,* including

9    any reference to the film, the actors therein, any book version of that film, or any

10   editorial or review of that film or its actors, as any such reference is both

11   irrelevant and unduly prejudicial to Defendant Officers.

12         Defendant Officers move to exclude such evidence on the grounds that

13   Pursuant to Federal Rules of Evidence 401 and 403, it is irrelevant and even if it

14   were relevant, the probative value is substantially outweighed by a danger of unfair

15   prejudice, confusing the issues, misleading the jury, undue delay, and wasting

16   time.

17

18 **II.    LEGAL STANDARD**

19         The provisions of Federal Rules of Evidence 401 and 403 frame the

20   determination of whether the evidence relating to Dr. Omalu, as challenged here by

21   Defendant Officers, is appropriately excluded as irrelevant or unduly prejudicial.

22   The initial determination of relevance is framed by the provisions of Federal Rule

23   of Evidence 401, which provides that evidence is relevant if "(a) it has any

24   tendency to make a fact more or less probable than it would be without the

25   evidence; and (b) the fact is of consequence in determining the action." Assuming

26   both prongs of the Rule 401 test for relevant evidence are met, and

27   proffered evidence of a non-party's experiences rise to a level of being "of

28   consequence in determining the action," Rule 403 then compels "balancing of

1  probative value and prejudice, potentially to exclude as unduly prejudicial some

2  evidence that has already been found to be factually relevant." *Sprint/United Mgmt.*

3  *Co. v. Mendelsohn,* 552 U.S. 379, 384 (2008) (citation omitted). Rule

4  403 expressly provides that: The court may exclude relevant evidence if its

5  probative value is substantially outweighed by a danger of one or more of

6  the following: unfair prejudice, confusing the issues, misleading the jury, undue

7  delay, wasting time, or needlessly presenting cumulative evidence.

8       In *Sprint,* the United States Supreme Court cautioned that applying Rule 403

9  to assess whether the probative value of evidence is outweighed by its prejudice

10  requires a "fact-intensive, context- specific" inquiry. 552 U.S. at 388; *see also*

11  *Heyne v. Caruso,* 69 F.3d 1475, 1479 (9th Cir. 1995).

12       Application of these rules to each of the challenged categories of evidence

13  here confirms the inadmissibility of that evidence.

14

15

16  **III.    REFERENCE TO THE FICTIONALIZED FILM ACCOUNT OF DR.**

17  **       OMALU AFFORDS PLAINTIFF A PREJUDICIAL ENHANCEMENT**

18  **       TO THE EXPERT'S CREDIBILITY AND SIGNIFICANCE.**

19       The fictionalized portrayal of Dr. Omalu in the 2015 film *Concussion*

20  focuses on the identification and diagnosis of impact related head trauma sustained

21  by NFL football players and the condition known as CTE. The film gained critical

22  acclaim, both relating to the quality of the performance and as to the treatment of

23  the controversial subject of the film. The issue of head impact, trauma and CTE

24  remains and media topic.

25       The death at issue in this case was not caused by head injury. References to

26  Dr. Omalu's portrayal in the film *Concussion,* which features his work associated

27  with head injuries, is irrelevant to the pending action, and are appropriately

28

1  excluded as failing to satisfy the FRE 401(b) requirement of being of consequence

2  in determining this action.

3         Further, references to the film are prejudicial insofar as the dramatization of

4  Dr. Omalu in the film affords the witness additional fictional credentials

5  inappropriately relied upon by the jury here. The only purpose Plaintiff could have

6  for mentioning Dr. Omalu's fame and notoriety on this unrelated issue would be to

7  underscore the importance of the witness and his conclusions. Prompting the jurors

8  to reach such conclusions, whether by direct reference to the film or less overt

9  connections through commentary or questions relating to the film or the

10  issues addressed there, serve to unduly prejudice the defense, in violation of FRE

11  403. All such testimony, questions, argument or reference should be excluded here

12  as both irrelevant and unduly prejudicial.

13        Because directing the jury to the connection to this witness's fame would

14  create substantial danger of unfair prejudice, confusion of the issues before the

15  jury, and a significant waste of judicial time and resources, Federal Rule of

16  Evidence 403 authorizes preclusion of testimony where the probative value is

17  substantially outweighed by the danger of confusion of the issues, misleading the

18  jury, or by considerations of undue delay, and waste of time. Each of

19  those elements are evident here, and to the extent such testimony, questions,

20  reference or arguments would run afoul of each of the prohibitions set forth in

21  Federal Rule of Evidence 403, Defendant Officers'' Motion in Limine to bar any

22  such testimony is appropriately granted.

23

24

25  **V.     <u>CONCLUSION</u>**

26        For the foregoing reasons, Defendant Officers, Beckstrom, Moser, Lopez,

27  and Romero respectfully move the Court for an Order in limine precluding all

28  parties, the attorneys for all parties, and all witnesses who may be called in this

1 | trial from presenting any evidence referenced herein.

2

3 | Dated: February 8, 2024            JONES & MAYER

4

5

6 | By: _____
   JAMES R. TOUCHSTONE

7 | JEREMY B. WARREN
   DENISE L. ROCAWICH

8 | Attorneys for Defendant Officers
   Beckstrom, Moser, Lopez, and Romero

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-