1  JONES & MAYER
   James R. Touchstone, SBN 184584
2  Jeremy B. Warren, SBN 199583
   Denise L. Rocawich, SBN 232792
3  3777 North Harbor Boulevard
   Fullerton, California 92835
4  (714) 446-1400; Fax (714) 446-1448
   e-mail: jrt@jones-mayer.com; jw@jones-mayer.com;
5  dlr@jones-mayer.com

6  Attorneys for Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER
   MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO
7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MATTHEW AARON RIVERA, individually and as a successor in interest to DANIEL RIVERA,<br>12<br>13       Plaintiff,<br>14  vs.<br>15  CITY OF LOS ANGELES; OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO; Police Chief MICHEL MOORE, in his individual, and official capacity; and DOES 1-10, inclusive.,<br>19       Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br>*Judge: Hon. Fred W. Slaughter*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE REFERENCE TO THE UNDERLYING CRIMINAL CONDUCT AS "NON-VIOLENT" OR "PROPERTY" OFFENSES**<br><br>Final Pre-Trial Conf.:  March 7, 2024<br>Time:                        8:30 a.m.<br>Ctrm:                        10D |

-1-
MOTION IN LIMINE NO. 4

## NOTICE OF MOTION IN LIMINE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 7, 2024, at 8:30 a.m., at the Pre-Trial Conference, in Courtroom 10D of the above-entitled Court, located at 411 West 4th Street, Room 1053 Santa Ana, CA 92701, Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO, will and hereby do move this Court for an order precluding Plaintiff, MATTHEW AARON RIVERA, individually and as a successor in interest to DANIEL RIVERA, his counsel or their witnesses from referring to the underlying criminal conduct as "non-violent" or "property" offenses.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Jeremy B. Warren, and on any other matters properly before the Court. This motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: February 8, 2024

Respectfully submitted,

JONES & MAYER

By: *[signature]*
JAMES R. TOUCHSTONE
JEREMY B. WARREN
DENISE L. ROCAWICH
Attorneys for Defendant Officers Beckstrom, Moser, Lopez, and Romero

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Officers, Beckstrom, Moser, Lopez, and Romero ("Defendant Officers"), respectfully move the Court for an Order in limine precluding testimony, questioning, argument or reference to any kind relating to the following referring to the underlying criminal conduct of Daniel Rivera as "non-violent" or "property" offenses.

### II. LEGAL STANDARD.

Federal Rule 403 sets forth that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

### III. THE UNDERLYING CRIMINAL CONDUCT OF MR. RIVERA INVOLVED SEVERAL ATTEMPTS OF FIRST-DEGREE BURGLARY WITH RESIDENTS INSIDE THEIR HOUSES, AND ONE ASSAULT WITH AN IMPROVISED EDGED WEAPON.

Mr. Rivera's conduct which led to the law enforcement response that is the basis of this case involved alarming intrusions at and around the homes of community members in a residential neighborhood while residents were inside their homes. In the initial radio broadcasts associated with the request for police assistance, responding officers were advised that the suspect (Mr. Rivera) broke the window of a home, was attempting to get inside, and the person in the neighboring residence was home. Additional transmissions reported that Mr. Rivera was in the front yard of another house, was jumping fences and was described as, "definitely under the influence." A further broadcast identified the suspect as appearing to, "try to enter a home on the southside." The subsequent toxicology examination done during the autopsy indicated that Mr. Rivera had a

level of methamphetamine measured in a peripheral femoral blood test at 1.3 ug/ml.

In California, Penal Code Section 459 defines first-degree residential burglary in pertinent part as unlawfully entering an "inhabited dwelling place" and is always a felony, with other kinds of burglary being second degree.[1] First degree burglary is classified as a "serious felony" under Cal Pen Code § 1192.7 and the punishment is up to six years in state prison. To be found guilty of this crime, the inhabitant who lives there does not have to be present. Penal Code Section 667.5(c)(21) sets forth that first degree burglary committed when a person is present in the residence is a violent felony and is a strike.

In this situation, Mr. Rivera's conduct speaks for itself. He was running from house to house trying to get inside the residences. At one home, he broke what was described as a glass planter. He picked up a piece of the planter and advanced on a resident. The resident, a father with children present, retreated into his home and was pulled inside by his son. There were young children in the house at the time. He went up to the front door of a residence and tried to open the door by pulling on the knob.

Thus, Mr. Rivera attempted to commit numerous first-degree residential burglaries, and many residents in the neighborhood were home while this was occurring. Any arguments, statements or references that Mr. Rivera's conduct was "non-violent" or constituted "property crimes" are inaccurate. This will mislead the jury, confuse the issues, and severely prejudice the Defendant Officers. Plaintiff's counsel should be required to limit testimony and arguments to what actually

---

[1] As the California Supreme Court stated, "Courts specifically have recognized that the distinction between first and second degree burglary is founded upon the perceived danger of violence and personal injury that is involved when a residence is invaded." *People v. Cruz*, 13 Cal. 4th 764, 775-776.

1  occurred and be prevented from mischaracterizing the underlying conduct as either
2  "non-violent" or a "property offense" because they were clearly much more
3  serious.

## IV. CONCLUSION

For the foregoing reasons, Defendant Officers, Beckstrom, Moser, Lopez, and Romero respectfully move the Court for an Order in limine precluding all parties, the attorneys for all parties, and all witnesses who may be called in this trial from making any statement, argument or providing testimony as referenced herein.

Dated: February 8, 2024         JONES & MAYER

By: _____
JAMES R. TOUCHSTONE
JEREMY B. WARREN
DENISE L. ROCAWICH
Attorneys for Defendant Officers
Beckstrom, Moser, Lopez, and Romero