| | |
|---|---|
| JONES & MAYER<br>James R. Touchstone, SBN 184584<br>Jeremy B. Warren, SBN 199583<br>Denise L. Rocawich, SBN 232792<br>3777 North Harbor Boulevard<br>Fullerton, California 92835<br>(714) 446-1400; Fax (714) 446-1448<br>e-mail: jrt@jones-mayer.com; jw@jones-mayer.com;<br>dlr@jones-mayer.com | |

Attorneys for Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW AARON RIVERA, individually and as a successor in interest to DANIEL RIVERA,<br><br>   Plaintiff,<br><br> vs.<br><br>CITY OF LOS ANGELES; OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO; Police Chief MICHEL MOORE, in his individual, and official capacity; and DOES 1-10, inclusive.,<br><br>   Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br>*Judge: Hon. Fred W. Slaughter*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE REFERENCES AND ARGUMENT TO UNRELATED LOCAL AND NATIONAL EVENTS, STATISTICS, AND APPEALS TO JUROR EMOTIONS; AND THE NINTH CIRCUIT AND SUPREME COURT APPEAL**<br><br>Final Pre-Trial Conf.: March 7, 2024<br>Time:      8:30 a.m.<br>Ctrm:      10D |

-1-
MOTION IN LIMINE NO. 5

# NOTICE OF MOTION IN LIMINE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 7, 2024, at 8:30 a.m., at the Pre-Trial Conference, in Courtroom 10D of the above-entitled Court, located at 411 West 4th Street, Room 1053 Santa Ana, CA 92701, Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO, will and hereby do move this Court for an order precluding Plaintiff, MATTHEW AARON RIVERA, individually and as a successor in interest to DANIEL RIVERA, his counsel or their witnesses from referring to unrelated local and national events, statistics and appeals to juror emotions; certain phrases and any reference to the Ninth Circuit ruling or pending Supreme Court Petition.

This Motion is based on the attached Memorandum of Points and Authorities, and on any other matters properly before the Court. This motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: February 8, 2024

Respectfully submitted,

JONES & MAYER

By: _____
JAMES R. TOUCHSTONE
JEREMY B. WARREN
DENISE L. ROCAWICH
Attorneys for Defendant Officers Beckstrom, Moser, Lopez, and Romero

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Officers, Beckstrom, Moser, Lopez, and Romero ("Defendant Officers"), respectfully move the Court for an Order in limine precluding testimony, questioning, argument or reference to any kind relating to the referring to unrelated local and national events, statistics and appeals to juror emotions; certain phrases and any reference to the Ninth Circuit ruling or pending United States Supreme Court petition.

### II. LEGAL STANDARD.

Federal Rule of Evidence 401 sets forth the standard of relevancy. It states that evidence is relevant if : (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Further Rule 402 provides that, "[i]rrelevant evidence is not admissible." Finally, Rule 403 sets forth that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

### III. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING UNRELATED LOCAL AND NATIONAL EVENTS, STATISTICS, AND APPEALS TO JUROR EMOTIONS.

"Federal Rules of Evidence 402 and 403, when read together, authorize the court to rule, in limine, that certain evidence should be excluded, either because it is irrelevant, or if relevant, its probative value is substantivally outweighed by considerations of prejudice and confusion." *United States Football League v. National Football League*, 643 F.Supp. 1155 1165 (S.D.N.Y. 1986) (italics in

original).

In recent months and years, there has been a great deal of local and national attention focused on several high profile incidents involving law enforcement, in general, including incidents involving fatalities, in particular. Such incidents have received substantial coverage on nightly news stations. However, these unrelated national and local events, statistics and attempts to appeal to juror emotions are not relevant to the dispositive issue in this case. Indeed, the introduction of evidence regarding these high-profile events and would be highly prejudicial. Simply stated, evidence about or arguments regarding high-profile and inflammatory incidents throughout the country would deprive defendants of their right to due process and a fair trial. This Court, therefore, should exclude this evidence pursuant to F.R.E. 401, 402 and 403. Accordingly, defendants respectfully request that the honorable Court exclude from evidence, and prohibit any reference to or argument regarding, unrelated local and national events, statistics, and appeals to juror emotions.

## IV. THE COURT SHOULD EXCLUDE ANY REFERENCE TO THE NINTH CIRCUIT OPINION OR STATIS OF THE SUPREME COURT PETITION.

As the Court is aware, the Defendants were granted summary judgement in part. Plaintiff appealed and the Ninth Circuit overruled the grant of summary judgment. Defendants have filed a petition for writ of certiorari in the United States Supreme Court which is currently pending.

Any reference to either the Ninth Circuit decision, or the pending petition in the United States Supreme Court is purely irrelevant and prejudicial. Therefore, it should be excluded.

## V.    **CONCLUSION**

For the foregoing reasons, Defendant Officers, Beckstrom, Moser, Lopez, and Romero respectfully move the Court for an Order in limine precluding all parties, the attorneys for all parties, and all witnesses who may be called in this trial from making any statement, argument or providing testimony as referenced herein.

Dated: February 8, 2024        JONES & MAYER

By: _____
JAMES R. TOUCHSTONE
JEREMY B. WARREN
DENISE L. ROCAWICH
Attorneys for Defendant Officers
Beckstrom, Moser, Lopez, and Romero