# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 21-02957-FWS (MARx) | Date | February 14, 2024 |
|---|---|---|---|
| Title | M.A.R. et al v. City of Los Angeles et al | | |

PRESENT:

**HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present   None Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER DENYING STIPULATION TO CONTINUE EXPERT DISCOVERY CUTOFF DATE [179]

Having reviewed and considered the Joint Stipulation to Continue Expert Discovery Cutoff Date (Dkt. 179) ("Stipulation"), filed on February 13, 2024, as well as the files, records, and docket in this matter, including the court's October 6, 2023, Operative Scheduling Order (Dkt. 160) ("Operative Scheduling Order"), and the applicable law, including Fed. R. Civ. P. 16(b)(4), *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013); *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002); *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060 (9th Cir. 2017); *De Paz v. Wells Fargo Bank, N.A.*, 2020 WL 2404897, at *2-*3 (C.D. Cal. Feb. 18, 2020); and *Multiple Energy Technologies, LLC v. Casden*, 2022 WL 16972482, at *3-*6 (C.D. Cal. Nov. 16, 2022), the court finds the Stipulation does not set forth sufficient good cause for the court to grant the relief and date requested.  In the Stipulation, the parties request to continue the Expert Discovery Cut-Off and state the following establishes good cause for the requested relief: (1) "First, the Parties have retained very distinguished experts for this case, and their schedules have made it difficult to complete their depositions on time;" (2) "Second, this request will not affect the trial date in this case;" (3) "Third, the Parties make this request to facilitate a mediation scheduled for February 27, 2024, with Richard Copeland;" and (4) "Fourth, the Parties have scheduled all remaining depositions and they will be complete before March 28, 2024."  (Stipulation at 2.)  The court notes the Stipulation essentially requests for the court to reopen Expert Discovery because the Expert Discovery Cut-Off deadline of January 4, 2024, in the Operative Scheduling Order, expired over a month ago.

Based on the state of the record, as applied to the applicable law, the court finds the information in the Stipulation is conclusory and fails to provide specific details that demonstrate good cause to support the requested continuance of the applicable date/deadline in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-02957-FWS (MARx) | Date | February 14, 2024 |
|---|---|---|---|
| Title | M.A.R. et al v. City of Los Angeles et al | | |

Operative Scheduling Order.  For example, the Stipulation fails to adequately provide information describing specifically how and why counsel did not meet the Expert Discovery Cut-Off deadline of January 4, 2024, in the Operative Scheduling Order, despite counsels' diligence that good cause supports a continuance of the requested dates in the Operative Scheduling Order.  See *Johnson*, 975 F.2d at 609 (stating "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," "the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end."); see also *Zivkovic* 302 F.3d at 108788 (9th Cir. 2002) (stating "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension," "[i]f the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted," and "Zivkovic did not demonstrate diligence in complying with the dates set by the district court, and has not demonstrated good cause for modifying the scheduling order, as required by Fed.R.Civ.P. 16(b)") (citations and internal quotation marks omitted).

Based on the record before it, the court concludes on balance, the factors set forth in *City of Pomona*, 866 F.3d 1066, weigh against reopening discovery as requested in the Stipulation.  *De Paz* 2020 WL 2404897, at *2 ("While no one factor is necessarily dispositive, the Ninth Circuit has instructed that the primary focus should be on whether the party seeking to reopen discovery has acted diligently.").  Therefore, because the Stipulation does not set forth sufficient good cause for the court to grant the relief and date/deadline requested, the Stipulation is **DENIED**.  All previous orders and deadlines in the Operative Scheduling Order remain.

Nothing in this Order should be interpreted as indicating whether any further requests for continuances will or will not be granted; that determination will be based on the specific information contained in any subsequent stipulation or motion, as applied to the applicable law, to the extent a subsequent stipulation or motion is filed.

| | - : - |
|---|---|
| Initials of Deputy Clerk | mku |

cc: