**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Facsimile: (323) 544-6880

*Attorneys for Plaintiffs*

# UNTIED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1**<br><br>*Assigned to the Honorable Fred W. Slaughter*<br><br>PTC: March 7, 2024, 8:30 a.m.<br>Courtroom: 10D<br><br>Trial: April 16, 2024, 8:30 a.m.<br>Courtroom: 10D |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants' Motion in Limine No. 1 (Doc. No. 168) aims to exclude evidence showing that some of the Defendants' uses of force were deemed inconsistent with LAPD policy following an internal investigation. Beyond that, Defendant requests that the Court exclude all evidence related to post-incident investigations by the Los Angeles Police Department and Los Angeles Board of Police Commissioners. The Defendant raises arguments under Rule 403, Rule 407, and Rule 801, but none of them are persuasive.

### Rule 407

The Court should reject Defendant Morales's argument that internal affairs investigations are inadmissible against him as remedial measures under Federal Rule of Evidence 407. First, Rule 407 is not properly invoked by Defendants Beckstrom, Moser, Lopez, and Romero. The purpose of Rule 407 is to encourage parties to take corrective actions without fear that those actions will be used against them as an admission of guilt. Defendants are LAPD officers and are not in positions of authority that would allow them to take corrective actions, thus Rule 407 does not apply to him in these circumstances. Morales relies on *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1096), but in that case the Ninth Circuit held that Rule 407 protected the City from the admission into evidence of particular portions of their internal investigations. *Maddox*, 702 F.2d at 1417 (certain portions of the investigation were found to be inadmissible against individual defendant under Rule 403 but not Rule 407). Rule 407 simply does not apply to Officers Beckstrom, Moser, Lopez, and Romero.

### Rule 401 and 403

Portions of the BOPC Report may be relevant to the issues before the jury in this case. Defendants' police practices expert, Edward T. Flosi, relied in part on the BOPC Report and intends to testify that Defendants acted according

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1**

to their training. (*See* Expert Report of Edward T. Flosi, Exhibit A to Declaration of Cooper Alison-Mayne.) Given that Defendants' police practices expert is expected to testify that Defendants specifically acted in accordance with policies and training, Plaintiffs must be afforded the opportunity to impeach and rebut the Defendants' contentions at trial. An investigation and report produced by their own department that directly rebuts some of their expert's opinions is clearly relevant.

Given the extent that Defendants' police practices expert is expected to testify as to policies and training of the department and how Defendants specifically acted in accordance with those policies and training, Plaintiffs must be afforded the opportunity to impeach and rebut the Defendant's contentions at trial.

Further, Defendants will not suffer any unfair prejudice if this Court admits portions of the BOPC Report. Rule 403 only excludes relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Importantly, "[u]nfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." *United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) (citations omitted).

Defendant offers no argument for why the investigation and BOPC Report would be unfairly prejudicial. The investigation and report actually found that several of the defendants acted within policy. So, while it is true that portions of the BOPC report are not favorable evidence for Defendants, they have not shown that there is a real danger of *unfair prejudice*. Indeed, Defendants have not even alleged that the BOPC decision was unfair in any way.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

Therefore, the court should reject Defendant's argument under Rule 403. As the Court can see by Plaintiffs' Motions in Limine, Plaintiffs intend to limit this trial to the information known to Defendant Morales and exclude immaterial information from earlier in the day and from post-incident investigations generally. If the Court is inclined to grant Defendants' present Motion, it should also preclude Defendants' from introducing their expert opinions and should allow Plaintiffs the right to use the subject evidence for rebutting and impeaching Defendants' contentions at trial. Further, if Defendants intend to argue that their actions were in line with LAPD training and policies, consistent with Police Officers Standards and Training, then the contrary finding by Los Angeles's own Board of Police Commissioners becomes relevant and should be admitted into evidence. These findings could assist the jury in determining whether the officers acted according to POST and LAPD training protocols, as the Defendants may claim.

**Rule 801**

Defendants cite no authority to support their argument that all evidence related to the BOPC Report constitutes inadmissible hearsay. The Court need not make Defendants' arguments for them and should deny this portion of the Defendants' motion.

But even on the merits, it is clear that large portions of the investigation constitute an opposing party's statement pursuant to Federal Rule of Evidence 801(d)(2) and thus do not constitute hearsay, when introduced as evidence by the Plaintiffs. *See Aguilar v. City of Los Angeles*, 853 F. App'x 92, 96 (9th Cir. 2021) (explaining that the trial court could not have reasonably excluded post-incident findings as hearsay); *see also Elvira v. City of Escondido*, 2016 WL 5719825, at *8 n.4 (S.D. Cal. Sept. 30, 2016) ("factual findings in 'internal affairs reports are generally admissible'").

For the foregoing reasons, Plaintiffs respectfully request that the Court

1  deny Defendants Motion in Limine No. 1 (ECF No. 167.)

3  Respectfully submitted,
4  DATED: February 15, 2024,

/s/   *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
**LAW OFFICES OF DALE K. GALIPO**

V. James DeSimone
Carmen D. Sabater
Ryann E. Hall
**V. JAMES DESIMONE LAW**

*Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1**