**Edward T. Flosi, M.S.**
Justitia Consulting, Inc.

1.     b. Hobble restraint device
2.     c. LAPD Manual - in custody death
3.     d. LD #20 (July 2020)
4.     e. Special Order 14, 2015 - In custody deaths
5.     f. UOF Directive 1.1 Use of Force Policy 2017
6.     g. UOF Directive 6.3 Beanbag-Shotgun July 2018
7.     h. UOF Directive for Taser 4.5-July 2018
8. 15. LAFD Report
9. 16. Intradepartmental correspondence, Supplemental Information to FID report F035-20; Statements of Officer Lopez (second), and LAFD FF Gray, April 13, 2021
10. 17. Intradepartmental correspondence, Chief of Police report to Board of Police Commissioners, June 3, 2021
11. 18. Intradepartmental correspondence, Chief of Police findings for Beckstrom, July 23, 2021
12. 19. Intradepartmental correspondence, Chief of Police findings for Romero, July 23, 2021
13. 20. Intradepartmental correspondence, Chief of Police findings for Lopez, July 23, 2021
14. 21. Intradepartmental correspondence, Chief of Police findings for Moser, July 23, 2021
15. 22. California POST Basic Academy Workbook Learning Domain 15 – Laws of Arrest
16. 23. California POST Basic Academy Workbook Learning Domain 16 – Search and Seizure
17. 24. California POST Basic Academy Workbook Learning Domain 20 – Use of Force/De-escalation
18. 25. California POST Basic Academy Workbook Learning Domain 23 – Crimes in Progress
19. 26. California POST Basic Academy Workbook Learning Domain 33 – Arrest and Control

**DETAILS OF THE INCIDENT**

On Friday August 14, 2020, residents in the area of Wingo Street between Beachy Ave and the wash (City of Los Angeles) saw Daniel Rivera banging on doors and windows and attempting to enter several homes. Rivera also removed a window screen from a front window and vandalized property at a residence.[1]

A video was obtained from a "Ring" doorbell mounted to 13508 Wingo Street. According to the resident (Fe Tadas), at the time this video was recorded, her front door was open, but her metal security screen door was closed. Rivera attempted to enter her residence by pulling on the screen door; however, Rivera was prevented from doing so because it was locked. The video was recorded at 17:58 hours, which was approximately 10 minutes prior to the arrival of Mission Patrol units.[2]

Rivera was described to Communications Division (CD) as a male wearing a white shirt and dark pants. During subsequent interviews, residents also indicated that Rivera appeared to be under the influence of drugs or alcohol and seemed confused.

The call for service was typed as a 459TSN (Attempted Burglary Suspect There Now). The relevant CAD entries for LAPD incident # PD20081400003726 include:[3]

---

[1] The specific addresses and crimes are listed in FID Addenda "Los Angeles Police Department, Investigative Reports dated August 14, 2020, under DR Nos. 2019-13278 through 2019-13283"
[2] FID Video: Videolink #1
[3] Incident Recall PD20081400003726 (459: 13517 Wingo @ 18:01 hours), Call 01 (with time stamp), Call 02 (with time stamp), Call 03 (with time stamps)

**EXHIBIT 1**

**Edward T. Flosi, M.S.**
Justitia Consulting, Inc.

1  I reserve my right as expert to alter, amend, enhance, or delete my findings and opinions as
2  necessary following my review of any additional discovery in this case.

3  1. The officers had a legitimate law enforcement purpose and the legal authority (based on current law
4  enforcement training) to contact and detain Rivera based on the information included in the call for
5  service and the initial on-view observations of the air support unit. The officers' actions were consistent
6  with current law enforcement practices and training.

7  Peace officers are trained that to lawfully detain a person, reasonable suspicion is needed. A
8  detention is a temporary stop of a person in order to investigate whether or not the person had been
9  engaged, is currently engaging or is about to engage in criminal activity. It is known that many times an
10 officer may have reasonable suspicion to detain a person only to find out through an investigation that
11 the detained person was not actually the correct person or involved in criminal activity.

12 Officers are trained that for an investigative stop or detention to be valid, there must be
13 reasonable suspicion that: (1) criminal activity may be afoot and (2) the person about to be detained is
14 connected with that possible criminal activity. To establish reasonable suspicion, both the quality and
15 quantity of the information needed is considerably less than the probable cause needed to arrest or
16 search.[50]

17 Officers are trained that the purpose of a detention is to resolve whether suspicious behavior is
18 innocent or relates to crime. Therefore, the possibility of an innocent explanation does not deprive the
19 officer of the capacity to entertain a reasonable suspicion of criminal activity. Detention law accepts the
20 risk that officers may stop innocent people.[51]

21 Officers are trained that whether they are detaining someone (1) to investigate the officer's
22 reasonable suspicion or (2) to issue a citation, the subject has an obligation to stop. The subject has no
23 right to resist a lawful detention. If the subject does not stop, he/she has violated California Penal
24 Code§ 148 by obstructing or delaying the officer in the performance of the officer's duties and the
25 officer may use physical force to make him stop.[52]

26 Peace Officers are trained that they are permitted to use reasonable force to effect a detention
27 as described in the California Penal Code section 835:

28     An arrest is made by an actual restraint of the person, or by submission to the custody of an
29     officer. The person arrested may be subjected to such restraint as is reasonable for his arrest
30     and detention.[53]

---

[50] California Peace Officers Legal Sourcebook, May 4, 2020
[51] California Peace Officers Legal Sourcebook, May 4, 2020
[52] California Peace Officers Legal Sourcebook, May 4, 2020
[53] California POST Basic Academy Learning Domain 15 – Laws of Arrest, California POST Basic Academy Learning Domain 20 – Use of Force

**EXHIBIT 1**