**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Facsimile: (323) 544-6880

*Attorneys for Plaintiffs*

# UNTIED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO, <br><br> Defendants. | Case No.: 2:21-cv-02957-FWS-MAR <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2** <br><br> *Assigned to the Honorable Fred W. Slaughter* <br><br> PTC: March 7, 2024, 8:30 a.m. Courtroom: 10D <br><br> Trial: April 16, 2024, 8:30 a.m. Courtroom: 10D |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion in Limine No. 2 (Doc. No. 170), Defendants aim to exclude (1) any evidence submitted for the purpose of calculating Plaintiffs' economic damages and (2) any testimony evidence suggesting a specific dollar amount that the jury should award for emotional distress damages. Further, Defendants would like the Court to prohibit Plaintiffs' counsel from suggesting to the jury a specific dollar amount for Plaintiffs' non-economic damages.

Plaintiffs do not plan on submitting a calculation of Plaintiffs' economic damages or any *evidence* regarding a specific dollar amount that the jury should award. However, counsel for the Plaintiffs intends to propose a specific dollar amount during the closing argument. The Defendants have not provided any legal basis to warrant such an extreme measure as prohibiting Plaintiffs' counsel from doing so. Defendants cite *First v. Kia of El Cajon*, 2010 WL 3069215, at *2 (S.D. Cal. Aug. 4, 2010), an unpublished case that *did not* hold that plaintiffs could not suggest an amount for non-economic damages.

The weight of case law is against Defendants. Courts regularly explain that a plaintiff need not provide a calculation for compensatory damages pertaining to emotional distress, as such calculations are necessarily vague and may not be amendable to the type of calculation disclosure contemplated by Rule 26(a)(1)(C). *See Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."); *Creswell v. HCAL Corp.*, 2007 WL 628036, at *2 (S.D. Cal. Feb. 12, 2007) ("While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation."); *Gonzalez v. Hickman*, 2007 WL 3237635, at *4 (C.D. Cal. June 28, 2007)

2

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2**

(finding that no additional information could have been provided in a computation of damages pursuant to Rule 26(a)(1) (C) because losses would be proved primarily through testimony regarding emotional suffering and not through documentary evidence or expert opinion).

    Courts even allow plaintiffs to ask for non-economic damages when they failed to include those damages in their Rule 26 disclosures altogether. *Cleveland v. Behemoth*, 2022 WL 5264494, at *3 (S.D. Cal. Oct. 6, 2022) (allowing plaintiffs to seek emotional distress damages and punitive damages even though plaintiffs did not "specifically mention emotional distress, nor punitive, damages in his initial disclosures."); *see Cramton v. Grabbagreen Franchising LLC*, 2020 WL 5880153, at *7 (D. Ariz. Oct. 2, 2020) (same).

    For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants Motion in Limine No. 2 (ECF No. 170.)

Respectfully submitted,
DATED: February 15, 2024,

        /s/    Cooper Alison-Mayne
        Dale K. Galipo
        Cooper Alison-Mayne
        **LAW OFFICES OF DALE K. GALIPO**

        V. James DeSimone
        Carmen D. Sabater
        Ryann E. Hall
        **V. JAMES DESIMONE LAW**

        *Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2**