**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Facsimile: (323) 544-6880

*Attorneys for Plaintiffs*

## UNTIED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4**<br><br>*Assigned to the Honorable Fred W. Slaughter*<br><br>PTC: March 7, 2024, 8:30 a.m.<br>Courtroom: 10D<br><br>Trial: April 16, 2024, 8:30 a.m.<br>Courtroom: 10D |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

In their Motion in Limine No. 4 (ECF No. 172), Defendants request that the Court prohibit Plaintiffs from characterizing Daniel Rivera's conduct before the incident as "non-violent." Defendants make this extraordinary request without a single citation to case law.

The Motion is grounded, in part, on allegations that were unknown to the Defendant Officers at the time of the incident and are thus irrelevant to this case. For example, it includes allegations of Rivera breaking a glass planter and menacingly picking up a shard, as well as claims of methamphetamine present in his system. These facts are not relevant to this case and should not be considered in deciding this Motion. *See* Plaintiffs' Motion in Limine No. 1 (ECF No. 165). The rest of the Motion is grounded on several layers of hearsay (*e.g.*, a dispatch recording of dispatcher reporting what a witness said he/she saw) and it has not even been established the Defendants actually *heard* these particular transmissions.

The factual basis of this Motion is essentially the facts as Defendants hope a jury sees them. But the evidence in this case will show that Mr. Rivera did not injure anyone before or during the incident and that Mr. Rivera did not pose a substantial threat to anyone that would justify the Defendants' use of force, leading to his death. Plaintiffs should be permitted to describe Mr. Rivera's behavior in a manner that is appropriate in light of the evidence that comes in at trial. *See Tyco Termal Controls, LLC v. Redwood Indus.*, 2012 WL 12919843, at *4 (N.D. Cal. Sept. 28, 2012) (noting a "motion in limine should not be used to resolve factual disputes or weigh evidence" and denying a motion in limine because "it is inappropriate for the Court to make factual determinations as to disputed questions of fact through an in limine order.").

Moreover, Plaintiffs wish to reassure the Court that there is no intention to mischaracterize behavior that is clearly violent as non-violent, as doing so

2

would compromise our ethical standards and diminish our credibility with both the jury and the Court. Similarly, Plaintiffs have no plans to mislead the jury about Daniel Rivera's actions before the incident. We contend that Mr. Rivera's behavior prior to the incident is not relevant, and should this issue be brought into evidence, it will demonstrate that he was experiencing a mental health crisis, rather than engaging in violent felonies as the Defendants suggest.

Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine No. 4 (ECF No. 172.)

Respectfully submitted,
DATED: February 15, 2024,

/s/    *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
**LAW OFFICES OF DALE K. GALIPO**

V. James DeSimone
Carmen D. Sabater
Ryann E. Hall
**V. JAMES DESIMONE LAW**

*Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4**