**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

**V. JAMES DESIMONE LAW**
V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
cds820@gmail.com
Ryann E. Hall (SBN: 306080) Of Counsel
rhall@bohmlaw.com
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Facsimile: (323) 544-6880

*Attorneys for Plaintiffs*

# UNTIED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5**<br><br>*Assigned to the Honorable Fred W. Slaughter*<br><br>PTC: March 7, 2024, 8:30 a.m.<br>Courtroom: 10D<br><br>Trial: April 16, 2024, 8:30 a.m.<br>Courtroom: 10D |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

By way of their Motion in Limine No. 5 (ECF No. 173), Defendants seek to exclude Plaintiffs from referencing "unrelated local and national events [] statistics." *Motion* at 2. Plaintiffs oppose the motion for the following reasons. First, the category of information identified by Defendants is far too broad and vaguely defined. Defendants reference "several high profile incidents involving law enforcement . . . involving fatalities." But Defendants do not identify a single specific piece of information they would like excluded from this trial. This puts Plaintiffs at a disadvantage: it is nearly impossible to oppose a motion in limine that does not identify the information at issue.

"Failure to specify the evidence they seek to exclude constitutes a sufficient basis upon which to deny [defendant's] motion." *Bullard v. Wastequip Mfg. Co. LLC*, 2015 WL 13757143 at *7 (C.D. Cal., May 4, 2015); *see also Bravo v. City of Santa Maria*, 2013 WL 12224037, at *9 (C.D. Cal. July 1, 2013) (denying a motion in limine where the requested relief was "too broad and vague for the court to issue such an order prior to trial"); *PerkinElmer Health Scis., Inc. v. SCR Living LLC*, 2022 WL 3130237, at *7 (C.D. Cal. June 22, 2022) (denying a motion in limine where the moving party "offered no guidance to the Court on how or where to draw any lines with respect to its request."). The Court should reject the Motion on this ground alone.

But even if the Court does give further consideration to Defendants' request, it should not preclude references to high profile incidents involving law enforcement because this information may be relevant during jury selection. The attorneys should be permitted to question the jury with respect to their knowledge of, exposure to, and opinions on these national incidents in order to obtain a fair jury. Second, this information may be relevant to the experience and background of the parties' respective experts. Plaintiff should be permitted to question the experts in the case about what prior cases they have reviewed

1  and/or worked on. Third, Defendants may open the door to discussion of a
2  particular incident through evidence or testimony that they introduce. "[T]he
3  introduction of inadmissible evidence by one party allows an opponent, in the
4  court's discretion to introduce evidence on the same issue to rebut any false
5  impression that might have resulted from the earlier admission." *United States v.*
6  *Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988).

7      For the foregoing reasons, Plaintiffs respectfully request that the Court
8  deny Defendants Motion in Limine No. 5 (ECF No. 173.) Plaintiffs do not
9  intend to introduce evidence about the Ninth Circuit's decision in this case, or
10 the pending petition in the United States Supreme Court.

12 Respectfully submitted,
13 DATED: February 15, 2024,

14                 /s/     Cooper Alison-Mayne
15                 Dale K. Galipo
16                 Cooper Alison-Mayne
                  **LAW OFFICES OF DALE K. GALIPO**

18                 V. James DeSimone
19                 Carmen D. Sabater
                  Ryann E. Hall
20                 **V. JAMES DESIMONE LAW**

21                 *Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5**