1 | James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
2 | Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
3 | Jeremy B. Warren, Esq., SBN 199583
JONES MAYER
4 | 3777 North Harbor Boulevard
Fullerton, CA 92835
5 | Telephone: (714) 446-1400
Facsimile: (714) 446-1448
6 |
7 | Attorneys for Defendants
OFFICER BRETT BECKSTROM; OFFICER TYLER
MOSER; OFFICER MICHAEL LOPEZ; OFFICER
8 | ANGEL ROMERO

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 |

12 | M.A.R., a minor, by and through his
Guardian ad litem, ELISABETH
13 | BARRAGAN, individually, and as a
successor in interest to DANIEL
14 | RIVERA; SILVIA IMELDA RIVERA,
individually,
15 |
16 |                   Plaintiff,
17 |        v.
18 | CITY OF LOS ANGELES; OFFICER
BRET BEKSTROM; OFFICER TYLER
19 | MOSER; OFFICER MICHAEL LOPEZ;
OFFICER NATHAN RAMOS; OFFICER
20 | ANGEL ROMERO; Police Chief
MICHEL MOORE, in his individual, and
21 | official capacity; and DOES 6-10,
inclusive,
22 |                   Defendants.
23 |

Case No.: 2:21-cv-02957-FWS-MAR

*Judge: Hon. Fred W. Slaughter*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND/OR TESTIMONY REGARDING DANIEL RIVERA'S ALLEGED PRIOR CRIMINAL HISTORY PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, 403, AND 404**

PTC:            March 7, 2024
Time:           8:30 a.m.
Courtroom:      10D

Trial:          April 16, 2024
Time:           8:30 a.m.
Courtroom:      10D

24 | TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

25 | Defendants, OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER;

26 | OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO (collectively "Officer

27 | Defendants" or "Defendants") hereby oppose plaintiffs' motion in limine for an order

28 | to exclude evidence and/or testimony regarding Daniel Rivera's alleged prior criminal



1  history pursuant to Federal Rules of Evidence 401, 402, 403, and 404.

2          As set forth herein, defendants submit that plaintiffs' motion in limine number 2

3  should be **denied**.

4  Dated:  February 15, 2024                    Respectfully submitted,

5                                               JONES MAYER

6

7                                               By: _____

8                                                  James R. Touchstone
                                                   Denise L. Rocawich
                                                   Jeremy B. Warren

9                                                  Attorneys for Defendants Officer Brett
                                                   Beckstrom; Officer Tyler Moser; Officer
10                                                 Michael Lopez; Officer Angel Romero

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.   INTRODUCTION.**

Plaintiffs have moved in limine to exclude evidence and/or testimony regarding Daniel Rivera's ("Rivera") alleged prior criminal history pursuant to Federal Rules of Evidence 401, 402, 403, and 404.  The evidence Plaintiffs seek to exclude involves repetitive criminal conduct and contact with law enforcement, including resisting arrest, by Mr. Rivera highly similar to what took place during the underlying incident in this case.  In addition, a number of the crimes involved the victimization and enforcement of retraining orders by the decedent against his mother, Silvia Rivera, ("Ms. Rivera") who is a party in this action. The evidence is highly probative of the level of resistance the Defendant Officers were facing and Rivera's intent, absence of mistake, lack of accident and pattern of fighting and resisting law enforcement officers.  Rivera's past criminal history highlights the necessity of the Officer Defendants to use force and the reasonableness of such force.

Moreover, the evidence is relevant as to the Plaintiffs' claim that Ms. Rivera was deprived of "life-long love, companionship, support, society, care, and sustenance of her son."  (FAC pg. 23, ln. 2-3.). Thus, such evidence is also relevant to the damages phase of the trial as well as potential impeachment.

Accordingly, defendants respectfully request that plaintiffs' motion in limine for an order to exclude evidence and/or testimony regarding Rivera's alleged prior criminal history pursuant to Federal Rules of Evidence 401, 402, 403, and 404 be **denied.**

//
//
//
//
//
//
//

- 3 -



## II.   RIVERA'S PAST CRIMES AND CONDUCT DEMONSTRATE A CLEAR PATTERN OF RESISTING ARREST WHICH WAS DEMONSTRATED DURING THE INCIDENT IN THIS CASE AND IS THEREFORE ADMISSIBLE UNDER FED. R. EVID. 402(b)(2).

As an initial matter, evidence is relevant (even if it is not dispositive) if such evidence has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact at issue is "of consequence to determining the action." *See* Fed. R. Evid. 401. Fed. R. Evid 402(b)(2) sets forth:

(b) Other Crimes, Wrongs, or Acts.

(1) *Prohibited Uses*. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Rivera's past alleged criminal conduct is highly relevant and admissible pursuant to Fed. R. Evid 402(b)(2). A summary of the facts of each incident is as follows.

On October 28, 2019, less than a year before the incident giving rise to the instant case, at 5:40 am in the morning, Ms. Rivera called police to her home because her son, Rivera, was asleep in her garage in violation of a restraining order which was issued on August 28, 2019.  Similar to this case, when police attempted to arrest him, Rivera initially presented his hands behind his back and then pulled away and locked his arm out when the officers attempted to handcuff him. Just like the instant case, officers attempted to use two sets of handcuffs to control Rivera. During the struggle, Rivera dug his fingernail into an officer's thumb causing a half inch cut.

On September 12, 2019, Ms. Rivera called officers to her home because Rivera, jumped the fence into her yard and was banging on the window wanting money.  As with other arrests, as part of resisting being taken into custody, Rivera stiffened his



arms and body and exerted pressure to prevent officers from handcuffing him.  Like the instant case, an officer warned Rivera that a Taser would be used if he continued to resist, however, the Taser was ultimately not used. Both officers had their body worn cameras knocked off during this previous incident.  One officer sustained hand pain and both officers received scratches and abrasions to their hands.  Ms. Rivera told officers that she obtained the Domestic Violence Protective Order because her son fights with her and uses illegal narcotics.  She also said she cares for two young children at the residence and feared for their safety.

On August 14, 2019, at 4:40 am, Ms. Rivera called police because Rivera was in her garage.  Following his arrest, he told officers he was possibly overdosing on methamphetamine, and was transported by ambulance to Mission Community Hospital for treatment.

On March 5, 2018, officers attempted to stop Rivera for littering. Rivera was holding his right front side in a manner which led officers to believe that he possibly was carrying a weapon.  Officers followed Rivera as he ran into a Ross Dress for Less store.   Officers struggled with Rivera applying body weight and firm grip for approximately four minutes before getting him into custody.  During the attempt to control Rivera, he kicked one of the officers above her right eye, similar to his kicking actions in this incident.  A package of razor blades was recovered along Rivera's path of travel.

On March 21, 2017, Rivera came to Ms. Rivera's banging on the front door begging for food.  She ignored him and he left.  He returned at approximately 1:00 a.m, 3:00 a.m, 4:00 a.m., and 5:00 a.m. before she finally called police when he returned a sixth time at 6:00 a.m.  Ms. Rivera told police that she was afraid of Rivera because of his violent tendencies and narcotic use.  Ms. Rivera signed the private person arrest form.

On February 14, 2016, Rivera was arrested at his mother's home after she pointed him out in the garage and told police that she had a restraining order against



- 5 -

him.  During this arrest, Rivera actively resisted handcuffing by pulling his hands away and his left arm into his body, leading to a struggle on the ground, consistent with his conduct during the other arrests, including the instant case.

On September 27, 2015, Rivera was arrested for violation of the restraining order for being at Ms. Rivera's residence.  Rivera did not fight with officers during this arrest. On August 16, 2015, Rivera was taken into custody for resisting arrest after running from a detention initiated by a motor officer.  The detention was based on a pedestrian traffic violation of Rivera creating a hazard in the roadway causing cars to abruptly stop.

Under Fed. R. Evid. 401, Rivera's past criminal conduct is relevant to the central issue in this case, namely the reasonableness of the force necessary to take Rivera into custody. Moreover, the pattern of his conduct is so similar to the instant cast and so extensive, that its admissibility under Rule 401(2)(b) is clear. *See Boyd v. City & County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009); *Dominguez v. City of Los Angeles*, 2018 U.S. Dist. LEXIS 224976 (C.D. Cal. October 9, 2018); *M.A.C. v. City of Los Angeles* 2018 U.S. Dist. LEXIS 238114 (C.D. Cal. January 24, 2018),

Rivera's previous alleged crimes and conduct demonstrate his intent to resist arrest during the incident at issue.  His conduct in resisting arrest in some of the instances is very similar, including his tensing up and resistance to being handcuffed. Like the instant case, he consistently was present on property where he was not allowed to be. In addition, his previous arrests for crimes is evidence that he had knowledge that his acts would lead to a response by police and, therefore, his intent, motive and modus operandi to attempt to flee and escape. Also significant is that more than one officer was frequently on scene and he resisted multiple officers and escalated the situation, which should have resulted in an arrest without incident.

Accordingly, Rivera's repeated previous crimes and conduct is so similar to the instant case, it is hard to conceive of a case more appropriate for the admission of such evidence under Rule 401(2)(b) to prove motive, opportunity, intent, preparation, plan,



1  knowledge, identity, absence of mistake, or lack of accident.

2

3  **III.   RIVERA'S PAST CONDUCT IS RELEVANT TO DAMAGES AND IS**
4         **NOT PRECLUDED BY RULE 403.**

5         The evidence of Rivera's past crimes and conduct is also relevant to damages
6  asserted from the alleged wrongful death. The victim of many of the crimes, namely
7  violation of a restraining order, which led to Rivera in resisting arrest, was his mother,
8  Ms. Rivera, who is a Plaintiff in this case. Such evidence may also potentially be used
9  for impeachment purposes.

10        The probative value far outweighs the potential prejudice or other considerations
11 under Fed. Rule Evid. 403. "The Ninth Circuit has held that evidence may be admitted
12 pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act
13 is not too remote in time; (3) the evidence is sufficient to support a finding that
14 defendant committed the other act; and (4) (in certain cases) the act is similar to the
15 offense charged.'" *U.S. v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008) (quoting *U.S.*
16 *v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)).  Rivera's criminal conduct meets all of
17 these criteria for ad mission into evidence. The prior incidents were not remote in time,
18 the oldest one being referenced occurring in August of 2015 and the most recent
19 occurring in October of 2019, less than a year before the incident giving rise to the
20 instant case.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //



**IV.   CONCLUSION.**

Defendants respectfully request that Plaintiffs' Motion in Limine No. 2 be denied.

Dated:  February 15, 2024          Respectfully submitted,

JONES MAYER

By: _____
James R. Touchstone
Denise L. Rocawich
Jeremy B. Warren
Attorneys for Defendants Officer Brett
Beckstrom; Officer Tyler Moser; Officer
Michael Lopez; Officer Angel Romero

