James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants
OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem, ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; OFFICER BRET BEKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; OFFICER ANGEL ROMERO; Police Chief MICHEL MOORE, in his individual, and official capacity; and DOES 6-10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>*Judge: Hon. Fred W. Slaughter*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND/OR TESTIMONY REGARDING DISTRICT ATTORNEY'S DECISION NOT TO CRIMINALLY PROSECUTE DEFENDANTS**<br><br>*[Motion In Limine No. 4]*<br><br>PTC:         March 7, 2024<br>Time:        8:30 a.m.<br>Courtroom:   10D<br><br>Trial:       April 16, 2024<br>Time:        8:30 a.m.<br>Courtroom:   10D |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants, OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO (collectively "Defendants") hereby oppose plaintiffs' motion in limine for an order excluding any evidence, testimony, argument, or reference at trial to the County of Los Angeles



1  District Attorney and City of Los Angeles findings that Defendants' use of force was
2  not criminal, was reasonable, justified, and/or within policy, including any reference
3  (whether implicit or explicit) to the District Attorney's decision not to press charges.
4       As set forth herein, defendants do not necessarily intend at this time to offer such
5  evidence at trial. However, the wholesale exclusion of this evidence would be improper
6  as conditions could exist which would render this evidence relevant and admissible.
7  Accordingly, Defendants submit that Plaintiffs' motion in limine number 4 should be
8  **denied**.

Dated:  February 15, 2024        Respectfully submitted,

JONES MAYER

By: _____
James R. Touchstone
Denise L. Rocawich
Attorneys for Defendants Officer Brett
Beckstrom; Officer Tyler Moser; Officer
Michael Lopez; Officer Angel Romero



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiffs have moved in limine for an order excluding any evidence, testimony, argument, or reference at trial to the County of Los Angeles District Attorney and City of Los Angeles findings that Defendants' use of force was not criminal, was reasonable, justified, including any reference (whether implicit or explicit) to the District Attorney's decision not to press charges. However, due to the nature of this evidence, and the possible valid reasons that it could be admitted at trial, reason for his evidence is highly relevant to issues in this case and should not be excluded.

Accordingly, Defendants respectfully request that Plaintiffs' motion in limine for an order excluding any evidence, testimony, argument, or reference at trial to the County of Los Angeles District Attorney and City of Los Angeles findings that Defendants' use of force was not criminal, was reasonable, justified, including any reference (whether implicit or explicit) to the District Attorney's decision not to press charges should be **denied.**

## II. EVIDENCE REGARDING THE COUNTY OF LOS ANGELES DISTRICT ATTORNEY AND CITY OF LOS ANGELES FINDINGS THAT DEFENDANTS' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, INCLUDING ANY REFERENCE (WHETHER IMPLICIT OR EXPLICIT) TO THE DISTRICT ATTORNEY'S DECISION NOT TO PRESS CHARGES MAY BECOME RELEVANT AT TRIAL AND, THEREFORE, THE MOTION SHOULD BE DENIED

As an initial matter, evidence is relevant (even if it is not dispositive) if such evidence has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact at issue is "of consequence to determining the action." *See* Fed. R. Evid. 401.



1  Federal Rule of Evidence rule 402 provides that, "[i]rrelevant evidence is not admissible." Rule 403 provides that the Court may exclude evidence when its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Federal Rules of Evidence 402 and 403, when read together, authorize the court to rule, in limine, that certain evidence should be excluded, either because it is irrelevant, or if relevant, its probative value is substantially outweighed by considerations of prejudice and confusion." *United States Football League v. National Football League*, 643 F.Supp. 1155 1165 (S.D.N.Y. 1986) (italics in original).

In this case, Plaintiffs' motion involves considerations which should not be decided in the procedural posture of their motion in limine and should therefore be denied. Specifically, there are some circumstances under which the District Attorney conclusions or findings might be admissible at trial. For example, if a defense police practices expert cites such potential hearsay evidence as one of the bases of his expert opinion in the case, such conclusions may be admissible from that expert witness as part of the foundation for his opinions. *See generally* Fed. R. Evid. 702; *United States v. Lundy*, 809 F.2d 392, 395-396 (7th Cir. 1987). Similarly, if a plaintiffs' witness – particularly a plaintiffs' expert – erroneously contends that a defendant officers' conduct during the shooting was criminal homicide, such District Attorney conclusions might be admissible rebuttal/prior statement evidence. *See, e.g.*, Fed. R. Evid. 801(d), 803(6), 806, 807.

Indeed, portions of investigative reports otherwise admissible under Federal Rules of Evidence Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion, as long as the conclusion is based upon factual investigation and satisfies the Rules' trustworthiness requirement. *See Beech Aircraft Corp. v. Rainey*, 488 US. 153, 169 (1988).

In sum, although Defendants have no plans to introduce such District Attorney conclusions into evidence, Plaintiffs have not only failed to offer any evidentiary



support for a blanket exclusion of such conclusions, but there are some circumstances under which such conclusions may be admissible in this action.

Accordingly, the Court should deny plaintiffs' motion on this basis as well.

### III. CONCLUSION.

Accordingly, although Defendants do not intend at this time to offer such evidence at trial, the wholesale exclusion of this evidence would be improper as conditions could exist which would render this evidence relevant and admissible; and, therefore, Defendants respectfully request that plaintiffs' motion in limine for an order excluding any evidence, testimony, argument, or reference at trial to the County of Los Angeles District Attorney conclusions that Defendants' use of force was not criminal, was reasonable, and/or justified, including any reference (whether implicit or explicit) to the District Attorney's decision not to press charges be **denied.**

Dated:  February 15, 2024            Respectfully submitted,

JONES MAYER

By: _____
James R. Touchstone
Denise L. Rocawich
Attorneys for Defendants Officer Brett Beckstrom; Officer Tyler Moser; Officer Michael Lopez; Officer Angel Romero

