James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
Jeremy B. Warren, Esq. SBN 199583
jw@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:  (714) 446-1448

*Attorneys for Defendants*

V. James DeSimone (SBN: 119668)
Carmen D. Sabater (SBN: 303546)
Ryann E. Hall (SBN: 306080) Of Counsel
V. JAMES DESIMONE LAW
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Email: vjdesimone@gmail.com;
cds820@gmail.com;
rhall@bohmlaw.com;
VJD000095@bohmlaw.com

*Attorneys for Plaintiffs*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem, ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>*Judge: Hon. Fred W. Slaughter*<br><br>**JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS**<br><br>PTC Date: March 7, 2024<br>Time: 8:30 a.m.<br>Courtroom: 10D<br><br>Trial Date: April 16, 2024<br>Time: 8:30 a.m.<br>Courtroom: 10D |

**PLEASE TAKE NOTICE** that the Parties hereby submit the following Joint Agreed Upon [Proposed] Jury Instructions for the Trial of this matter.  The Parties reserve their right to amend this set of instructions.

| NUMBER | TITLE | SOURCE | PAGE |
|:---:|:---:|:---:|:---:|
| | **Opening Instructions** | | |
| 1. | Duty of Jury | 9th Circuit Manual of Model Jury Instructions (2017 Edition) ("9th Cir.") 1.2 | 5 |
| 2. | Outline of Trial | 9th Cir. 1.21 | 6 |
| 3. | Claims and Defenses | 9th Cir. 1.5 | 7 |
| 4. | Burden of Proof—Preponderance of the Evidence | 9th Cir. 1.6 | 8 |
| 5. | Two or More Parties—Different Legal Rights | 9th Cir. 1.8 | 9 |
| 6. | What is Evidence | 9th Cir. 1.9 | 10 |
| 7. | What is Not Evidence | 9th Cir. 1.10 | 11 |
| 8. | Evidence for a Limited Purpose | 9th Cir. 1.11 | 12 |
| 9. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 12 |
| 10. | Ruling on Objections | 9th Cir. 1.13 | 14 |
| 11. | Credibility of Witness | 9th Cir. 1.14 | 15-16 |
| 12. | Conduct of Jury | 9th Cir. 1.15 | 17-18 |

| 13. | No Transcript Available to Jury | 9th Cir. 1.17 | 19 |
|-----|--------------------------------|---------------|-----|
| 14. | Taking Notes | 9th Cir. 1.18 | 20 |
| 15. | Questions to Witnesses By Jurors | 9th Cir. 1.19 | 21 |
| 16. | Bench Conferences and Recesses | 9th Cir. 1.20 | 22 |
| 17. | Expert Opinion | 9th Cir. 2.13 | 23 |
| 18. | Charts and Summaries Received into Evidence | 9th Cir. 2.15 | 24 |
| 19. | Evidence in Electronic Format | 9th Cir. 2.16 | 25-26 |
| 20. | Stipulations of Fact | 9th Cir. 2.2 | 27 |
| | **Claims** | | |
| 21. | Section 1983 Claim – Introduction Instruction | 9th Cir. 9.1 | 28 |
| 22. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 29 |
| 23. | Fourth Amendment—Unreasonable Seizure Of Person—Excessive Force | 9th Cir. 9.25 | 30-31 |
| 24. | Fourteenth Amendment—Interference with Familial Relations | Ninth Cir. Model Inst. No. 9.32 (comment only; Rev. May 2023); *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010) | 32 |

**3**

| 25. | Causation—Substantial Factor | CACI 430 | 33 |
|---|---|---|---|
| 26. | Causation—Multiple Causes | CACI 431 | 34 |
| 27. | Alternative Causation | CACI 434 | 35 |
| 28. | Damages | 9th Cir. 5.1, 5.2; CACI 3921 | 36 |
| 29. | Punitive Damages, Predicate Question | 9th Cir. 5.5 | 37 |
| **Closing Instructions** | | | |
| 30. | Duty of Jury | 9th Cir. 1.4 | 38 |
| 31. | Duty to Deliberate | 9th Cir. 3.1 | 39 |
| 32. | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 40-41 |
| 33. | Communication with Court | 9th Cir. 3.3 | 42 |
| 34. | Readback of Playback | 9th Cir. 3.4 | 43 |
| 35. | Return of Verdict | 9th Cir. 3.5 | 44 |

**INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the jury: you are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.2 (2017 Ed.).

**INSTRUCTION NO. 2**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

<u>Authority</u>: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.21.

**INSTRUCTION NO. 3**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs are M.A.R. and Silvia Rivera. The Plaintiffs claim that Officers Bret Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero used excessive and unreasonable force and/or restraint against Daniel Rivera on August 14, 2020, resulting in his death. The Plaintiffs are seeking damages as permitted by law.

Defendants are Los Angeles Police Officers Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero. Defendants contend that the use of force against decedent Rivera was reasonable under the totality of the circumstances.

Authority: Ninth Circuit Manual of Model Jury Instructions, No. 1.5 (2017 Ed.).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 4**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.6 (2017 Ed.).

**INSTRUCTION NO. 5**
**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless otherwise stated, the instructions apply to all parties.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.8 (2017 Ed.).

**INSTRUCTION NO. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consist of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.9 (2017 Ed.).

## INSTRUCTION NO. 7

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.10 (2017).

Joint agreed upon [proposed] Jury Instructions

**INSTRUCTION NO. 8**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.11 (2017 Ed.).

**INSTRUCTION NO. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.12 (2017 Ed.).

**INSTRUCTION NO. 10**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit may be received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means when you are deciding the case, you must not consider the evidence for any purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, No. 1.13 (2017 Ed.).

### INSTRUCTION NO. 11
### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

**15**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit, No. 1.14 (2017 Ed.).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 12
## CONDUCT OF JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter (now "X"), Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it [,although I have no

**17**

information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit 1.15 (2017 Ed., Revised Dec. 2020).

**INSTRUCTION NO. 13**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit 1.17 (2017 Ed.).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INSTRUCTION NO. 14

### TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.18 (2017 Ed.).

**INSTRUCTION NO. 15**

**QUESTIONS TO WITNESSES BY JURORS**


Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.19 (2017 Ed., Revised Oct. 2019).

**INSTRUCTION NO. 16**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit No. 1.20 (2017 Ed.).

**INSTRUCTION NO. 17**

**EXPERT OPINION**

You have will hear testimony from [insert experts], who will testify about their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.13 (2017 Ed., revised March 2023).

### INSTRUCTION NO. 18

### CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.15 (2017 Ed.).

**INSTRUCTION NO. 19**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing

such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.16 (2017 Ed.).

**INSTRUCTION NO. 20**

**STIPULATIONS OF FACT**

The Parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

1.  Defendants Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero are officers with the Los Angeles Police Department;

2.  At all times relevant, Defendants Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero were acting under color of law;

3.  Daniel Rivera was born January 13, 1983;

4.  M.A.R. is the son of Daniel Rivera;

5.  M.A.R. was born December 19, 2003;

6.  Silvia Imelda Rivera is the mother of Daniel Rivera;

7.  The incident took place on August 14, 2020;

8.  Daniel Rivera died on August 14, 2020; and

9.  Officer Moser deployed a Taser during this incident.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.2 (2017).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 21**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiffs bring their claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Manual of Model Jury Instructions for the Ninth Circuit No. 9.1 (2017 Ed., revised Dec. 2022).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**INSTRUCTION NO. 22**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claims, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  Officers Bret Beckstrom, Tyler Moser, Michael Lopez, and/or Angel Romero acted under color of state law; and

2. Officers Bret Beckstrom, Tyler Moser, Michael Lopez, and/or Angel Romero deprived Daniel Rivera and/or Plaintiffs of their rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Officers Bret Beckstrom, Tyler Moser, Michael Lopez, and/or Angel Romero were acting under color of state law.

If you find that Plaintiffs have proved each of these elements, your verdict should be for Plaintiffs.  If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Officers Bret Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero.

Authority: Manual of Model Jury Instructions for the Ninth Circuit No. 9.3 (2017 Ed. revised Dec. 2022).

**INSTRUCTION NO. 23**

**FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON— EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending herself and/or others.  Therefore, to establish an unreasonable seizure by excessive force in this case, the Plaintiffs must prove by a preponderance of the evidence that Defendants Beckstrom, Moser, Lopez, and/or Romero used excessive or unreasonable force and/or restraint against the decedent, Daniel Rivera.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to Defendants Beckstrom, Moser, Lopez, and Romero are relevant to your inquiry, their subjective intent or motive is not relevant to your inquiry.

In determining whether the defendants used excessive force in this case, consider all of the circumstances known to them at the time of the incident, including:

10. The nature of the circumstances known to the officer defendants at the time the force was applied;

11. Whether Daniel Rivera posed an immediate threat of death or serious bodily injury to the officer defendants or to others;

12. Whether Daniel Rivera was actively resisting arrest or attempting to evade arrest by flight;

13. The amount of time the officer defendants had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

**30**

14. The relationship between the need for the use of force and the amount of force used;

15. The extent of Daniel Rivera's injury;

16. Any effort made by the officers to temper or to limit the amount of force;

17. The severity of the security problem at issue;

18. The availability of alternative methods to take Daniel Rivera into custody;

19. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

20. Whether it was practical for the officer defendants to give warning of the imminent use of force, and whether such warning was given;

21. Whether the officer defendants were responding to a domestic violence disturbance;

22. Whether it should have been apparent to the officer defendants that Daniel Rivera was emotionally disturbed;

23. Whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

24. Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

Authority:  Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.25 (2017 Ed.; revised August 2023) (modified).

**INSTRUCTION NO. 24**

**FOURTEENTH AMENDMENT—SUBSTANTIVE DUE PROCESS— INTERFERENCE WITH PARENT/CHILD RELATIONSHIP**

Plaintiffs claim that Defendants Beckstrom, Moser, Lopez, and Romero deprived them of their rights under the Fourteenth Amendment to be free from unlawful state inference with their familial relationship with Daniel Rivera, their father and son.

In order to prove that the officer defendants deprived Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with Daniel Rivera, Plaintiffs must prove that the officer defendants acted with deliberate indifference when they used force and/or restraint against Daniel Rivera.  Deliberate indifference is reflected by a conscious disregard of a risk to the decedent's health or safety. However, if you find that it was impracticable for the defendant officers to deliberate before they used force against Daniel Rivera, then Plaintiffs must instead prove that the officer defendants acted with a purpose to harm Daneil Rivera that was unrelated to a legitimate law enforcement objective.

Authority: Ninth Cir. Model Inst. No. 9.32 (comment only; Rev. May 2023); *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010*); Porter v. Osborne*, 546 F.3d 1131, 1136-37 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372 (9th Cir. 1998).

### INSTRUCTION NO. 25

### CAUSATION – SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

<u>Source</u>: CACI 430 (2023 edition).

**INSTRUCTION NO. 26**

**CAUSATION: MULTIPLE CAUSES**

A person's conduct may combine with another factor to cause harm.  If you find that the conduct of Officers Bret Beckstrom, Tyler Moser, Michael Lopez, and/or Angel Romero was a substantial factor in causing harm to Daniel Rivera, then the officers are responsible for the harm.  Officers Beckstrom, Moser, Lopez, and Romero cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Daniel Rivera's death.

Source: CACI 431 (2023 edition).

# INSTRUCTION NO. 27
## ALTERNATIVE CAUSATION

You may decide that more than one of the defendants used excessive or unreasonable force but that of only one of them could have actually caused Daniel Rivera's harm. If you cannot decide which defendant caused Daniel Rivera's harm, you must decide that each defendant is responsible for the harm.

However, if defendants prove that they did not cause the decedent's harm, then you must conclude that defendants are not responsible.

<u>Source</u>:  Based on CACI 434 (2023 edition).

# INSTRUCTION NO. 28
## DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of their claims, you must determine Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs and/or Daniel Rivera for any injury you find was caused by the defendants.

You should consider the following as to Daniel Rivera's damages:

1.  The nature and extent of the injuries;

2.  Daniel Rivera's loss of life; and

3.  The mental, physical, and emotional pain and suffering experienced prior to his death.

As to the Plaintiffs' damages, you should consider the loss of Daniel Rivera's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

In determining Plaintiffs' loss, do not consider Plaintiffs' grief, sorrow or mental anguish.

It is for you to determine what damages, if any, have been proved.

Authority: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2; CACI 3921 (2023 edition).

# INSTRUCTION NO. 29

## PUNITIVE DAMAGES—PREDICATE QUESTION

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent.  Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the decedent's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the decedent's rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions No. 5.5 (2017 Ed., Revised Mar. 2018).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 30**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit (2017), 1.4.

# INSTRUCTION NO. 31

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1 (2017 Ed.).

**INSTRUCTION NO. 32**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

<u>Authority</u>:  Ninth Circuit Manual of Model Civil Jury Instructions No. 3.2 (2017 Ed., Revised 2020).

**INSTRUCTION NO. 33**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote county or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3 (2017 Ed.).

**INSTRUCTION NO. 34**

**READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.]  [Because of the length of the testimony of this witness, excerpts will be [read] [played].]  The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.4.

**INSTRUCTION NO. 35**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.5.

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

Dated:  February 15, 2024

Respectfully submitted,

JONES MAYER

By: */s/Jeremy B. Warren*
James R. Touchstone
Denise L. Rocawich
Jeremy B. Warren
Attorneys for Defendants Officer Brett Beckstrom; Officer Tyler Moser; Officer Michael Lopez; Officer Angel Romero

Dated:  February 15, 2024

**LAW OFFICES OF DALE K. GALIPO**

By:*/s/Cooper Alison-Mayne*
Dale K. Galipo, Esq.
Cooper Alison-Mayne, Esq.
Attorneys for Plaintiffs, M.A.R.
SILVIA IMELDA RIVERA