James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
Jeremy B. Warren, Esq., SBN 199583
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants
OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem, ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; OFFICER BRET BEKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER NATHAN RAMOS; OFFICER ANGEL ROMERO; Police Chief MICHEL MOORE, in his individual, and official capacity; and DOES 6-10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>*Judge: Hon. Fred W. Slaughter*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND/OR TESTIMONY REGARDING CIVIL RESTRAINING ORDER PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, 403, AND 404**<br><br>PTC:      March 7, 2024<br>Time:     8:30 a.m.<br>Courtroom: 10D<br><br>Trial:    April 16, 2024<br>Time:     8:30 a.m.<br>Courtroom: 10D |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants, OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO (collectively "Defendants") hereby oppose plaintiffs' motion in limine for an order to exclude evidence and/or testimony regarding a civil restraining order obtained by Silvia Rivera



against Daniel Rivera. The motion is made pursuant to Federal Rules of Evidence 401, 402, 403, and 609.

Defendants submit that plaintiffs' motion in limine number 3 should be **denied**.

Dated: February 15, 2024          Respectfully submitted,

JONES MAYER

By: _____
James R. Touchstone
Denise L. Rocawich
Jeremy B. Warren
Attorneys for Defendants Officer Brett Beckstrom; Officer Tyler Moser; Officer Michael Lopez; Officer Angel Romero



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiffs have moved in limine to exclude evidence and/or testimony regarding any evidence, testimony, argument, or reference to a civil restraining order obtained by Silvia Rivera ("Ms. Rivera") against her son Daniel Rivera ("Rivera"). The motion was made pursuant to Federal Rules of Evidence 401, 402, 403, and 609. The evidence Plaintiffs seek to exclude is highly relevant to this case. Furthermore, Mr., Rivera's conduct during the associated arrests for violating the restraining orders demonstrates his intent, absence of mistake, lack of accident, and knowledge and pattern of resistance and fighting at the time of the incident giving rise to this case.

The restraining order evidence is also probative as to the nature of the relationship that existed between Ms. Rivera and Rivera. The evidence may also be a basis for impeachment.

Accordingly, defendants respectfully request that Plaintiffs' motion in limine no 2 be **denied.**

## II. THE RESTRAINING ORDERS, AS WELL RIVERA'S VIOLATIONS THEREOF AND THE CIRCUMSTANCES SURROUNDING THE ENFORCEMENT ARE RELEVANT AND SHOULD BE ADMITTED.

As an initial matter, evidence is relevant (even if it is not dispositive) if such evidence has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact at issue is "of consequence to determining the action." *See* Fed. R. Evid. 401. Fed. R. Evid 402(b)(2) sets forth:

(b) Other Crimes, Wrongs, or Acts.

(1) *Prohibited Uses.* Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.



Case 2:21-cv-02957-FWS-MAR   Document 192   Filed 02/15/24   Page 4 of 7   Page ID #:3148

   (2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Rivera's past alleged criminal conduct is highly relevant and admissible pursuant to Fed. R. Evid 402(b)(2).

  A summary of the facts of each incident pertaining to the restraining orders is as follows.

  On October 28, 2019, less than a year before the incident giving rise to this lawsuit, at 5:40 am in the morning, Ms. Rivera called police to her home because her son, Rivera, was asleep in her garage in violation of a restraining order issued on August 28, 2019, Case Number 9SV03444.  The order was valid for three years and the suspect was present in court when it was issued.

  Similar to the case at issue, at time of arrest, Rivera initially presented his hands behind his back then began to pull away and lock his arm out when the officers attempted handcuffing.  Similarity between the two events was to the extent the officers in this restraining order case also attempted to use two sets of handcuffs to secure Rivera, as did the officers on August 14, 2020.  During the struggle, Rivera dug his fingernail into an officer's thumb causing a half inch cut.

  On September 12, 2019, Silvia Rivera again called officers to her home because her son, Daniel Rivera, jumped the fence into her yard and was banging on the window wanting money. As with other arrests, as part of resisting being taken into custody, Daniel Rivera stiffened his arms and body and exerted pressure to prevent being handcuffed. As further similarity to the case at issue, an officer admonished Rivera about impending use of a Taser if he continued to resist and removed the device from its holster but determined not to discharge the device based on likelihood of ineffectiveness at such close distance. Both officers had their body worn cameras knocked off during the incident. One officer sustained complaint of hand pain and both officers received scratch and abrasion injuries on their hands.  During the associated

- 4 -



1  investigation, Silvia Rivera said she obtained the order because her son fights with her
2  and uses illegal narcotics. She also said she cares for two young children at the residence
3  and feared for their safety. The order was described as a Criminal Protective Order for
4  Domestic Violence issued by the San Fernando Court on August 15, 2019, Case
5  Number 9SV03444. Records indicated the order was valid until August 28, 2022.

6  One year before the incident at issue, on August 14, 2019, at 0440 am in the
7  morning, Sylvia Rivera again called police because Daniel Rivera was in her garage.
8  The restraining order in place at that time was identified as Case Number 8SV01131.
9  Following his arrest, Rivera told officers he was possibly overdosing on
10 methamphetamine, and was transported by ambulance to Mission Community Hospital
11 for treatment.

12 On March 21, 2017, Daniel Rivera came to his mother's house banging on the
13 front door begging for food. She ignored him and he left.  He returned at approximately
14 1:00am, 3:00 am, 4:00 am, and 5:00 am before she finally called police when he
15 returned a sixth time at 6:00 am.  Rivera's mother said she was afraid of him because
16 of his violent tendencies and narcotic use.  Silvia Rivera signed the private person arrest
17 form. The order in place at that time was Case Number 6sv01820.

18 On February 14, 2016, Daniel Rivera was arrested at his mother's home after she
19 pointed him out in the garage and said she had a restraining order against him.  During
20 this arrest, he also actively resisted handcuffing pulling his hands away and his left arm
21 into his body, leading to a struggle on the ground, again consistent with conduct during
22 the other arrests. The order being applied was Case Number 5SR03907 expiring on
23 7/27/2018.  At that time, Sylvia Rivera said they were afraid of Daniel Rivera.

24 On September 27, 2015, Daniel Rivera was arrested for violation of a restraining
25 order for being at his mother's residence.  Rivera did not physically resist during this
26 arrest.  The order being applied was described as a Protective Order and the arrest was
27 made under Penal Code 273.6(a), Violation of a Protective Order.

28 Under Fed. R. Evid. 401, Rivera's past conduct relating to the restraining orders



1  is relevant to the central issue in this case, namely the reasonableness of the force
2  necessary to take Rivera into custody. Moreover, the pattern of his conduct is so similar
3  to the instant cast and so extensive, that its admissibility under Rule 401(2)(b) is clear.

4        Rivera's previous conduct demonstrates his intent to resist arrest during the
5  incident at issue.  His conduct in resisting arrest in some of the instances is very similar,
6  including his tensing up and resistance to being handcuffed.  Like the instant case, he
7  consistently was present on property where he was not allowed to be. In addition, his
8  previous arrests for crimes is evidence that he had knowledge that his acts would lead
9  to a response by police and, therefore, his intent, motive and modus operandi to attempt
10 to flee and escape. Also significant is that more than one officer was frequently on scene
11 and he resisted multiple officers and escalated the situation, which should have resulted
12 in an arrest without incident.

13       The existence of the restraining orders, the enforcement of the orders, and the
14 circumstances surrounding enforcement are relevant to the core issues in this case.  The
15 evidence reaches to determination of use of force reasonableness, injury causation, and
16 evaluation of damages and are admissible pursuant to Fed. R. Evid 402(b)(2).

17       Accordingly, the restraining orders, Rivera's repeated violations thereof and the
18 enforcement by police of the restraining orders is so similar to the instant case, it is hard
19 to conceive of a case more appropriate for the admission of such evidence under Rule
20 401(2)(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity,
21 absence of mistake, or lack of accident.

22 **III.  THE RESTRAINING ORDERS AND RIVERA'S PAST CONDUCT**
23 **RELATED THERETO IS RELEVANT TO DAMAGES AND IS NOT**
24 **PRECLUDED BY RULE 403.**

25       The evidence of the restraining orders and Rivera's conduct related thereto is
26 also relevant to damages asserted from the alleged wrongful death. Ms, Rivera was the
27 person that filed for the restraining orders and was the victim of Mr. Rivera's violations
28 thereof. Such violations led to Rivera being arrested and in his resisting of such arrests.



Ms. Rivera is a Plaintiff in this case. Such evidence may also potentially be used for impeachment purposes.

The probative value far outweighs the potential prejudice or other considerations under Fed. Rule Evid. 403. "The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'" *U.S. v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008) (quoting *U.S. v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)). Rivera's criminal conduct meets all of these criteria for ad mission into evidence. Contrary to Plaintiffs' assertions, the prior incidents were not remote in time, the oldest one being referenced occurring in August of 2015 and the most recent occurring in October of 2019, less than a year before the incident giving rise to the instant case.

## IV. CONCLUSION.

Defendants respectfully request that Plaintiffs' motion in limine no. 3 be denied.

Dated: February 15, 2024

Respectfully submitted,

JONES MAYER

By: _____
James R. Touchstone
Denise L. Rocawich
Jeremy B. Warren
Attorneys for Defendants Officer Brett Beckstrom; Officer Tyler Moser; Officer Michael Lopez; Officer Angel Romero