**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; and OFFICER ANGEL ROMERO, <br><br> Defendants. | Case No.: 2:21-cv-02957-FWS-MAR <br><br> **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** <br><br> PTC: March 7, 2024, 8:30 a.m. <br> Courtroom: 10D <br><br> Trial: April 16, 2024, 8:30 a.m. <br> Courtroom: 10D |

1.

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## I. THE PARTIES

Plaintiffs are M.A.R., a minor, by and through his guardian ad litem Elisabeth Barragan, individually and as successor in interest to Daniel Rivera; and Silvia Rivera.

Defendants are Los Angeles Police Department Officers Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero.

## II. JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. § 1331, and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391.

## III. TRIAL DURATION

The trial is estimated to take 4–5 days.

## IV. JURY TRIAL

The trial is to be a jury trial.

On February 8, 2024, the Parties filed their Memoranda of Contentions of Fact and Law, their Witness lists and their joint exhibit list. On February 15, 2024, the Parties filed their joint proposed jury instructions and their respective disputed proposed jury instructions. The Parties also filed their joint proposed statement of the case, joint verdict form, and proposed additional voir dire questions.

## V. ADMITTED FACTS

The following facts are admitted and require no proof:

1. Defendants Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero are officers with the Los Angeles Police Department;
2. At all times relevant, Defendants Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero were acting under color of law;
3. Daniel Rivera was born January 13, 1983;
4. M.A.R. is the son of Daniel Rivera;
5. M.A.R. was born December 19, 2003;
6. Silvia Imelda Rivera is the mother of Daniel Rivera;
7. The incident took place on August 14, 2020;
8. Daniel Rivera died on August 14, 2020; and
9. Officer Moser deployed a Taser during this incident.

## VI. STIPULATED FACTS

Plaintiffs are not seeking economic damages for loss of income or loss of financial support. Plaintiffs are seeking damages for Daniel Rivera's pre-death pain and suffering, and loss of life; damages for their loss of Daniel Rivera's love, aid, comfort, society, affection, and guidance; and punitive damages.

## VII. PARTIES' CLAIMS AND DEFENSES

**Plaintiff's Claims**:

a. *Plaintiffs plans to pursue the following claims against Defendants Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero:*

Claim 1: Unreasonable Search and Seizure (42 U.S.C. § 1983, Fourth Amendment)

Claim 2: Interference With Familial Relationship (42 U.S.C. § 1983, Fourteenth Amendment)

b. *The elements required to establish Plaintiffs' claims are:*

Claim 1: Unreasonable Search and Seizure (42 U.S.C. § 1983)

Elements:
    i.    Defendants acted under color of state law;
    ii.    Defendants used excessive or unreasonable force and/or restraint against Daniel Rivera;
    iii.    The use of excessive force and/or restraint was a cause of injury, damage, loss, or harm to Daniel Rivera and Plaintiffs.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25—Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive (Deadly and Non-Deadly) Force (March 2023 update).

<u>Claim 2</u>: Interference With Familial Relationship (42 U.S.C. § 1983)

Elements:
    i.    Defendants acted under color of state law;
    ii.    If the jury determines that the officer defendants had time to deliberate, then whether the officer defendants acted with deliberate indifference to Daniel Rivera's rights; if the jury determines the officer defendants did not have time to deliberate, then whether the officer defendants acted with a purpose to harm unrelated to a legitimate law enforcement purpose.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.32; *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1137 (9th Cir. 2008).

    c. *Key Evidence Plaintiffs Rely on for Claims 1 and 2*

    1.    Testimony of Officer Brett Beckstrom
    2.    Testimony of Officer Tyler Moser
    3.    Testimony of Officer Michael Lopez
    4.    Testimony of Officer Angel Romero

| | | |
|---|---|---|
| 5. | Testimony of Officer Nathan Ramos |
| 6. | Testimony of Dr. Brice Hunt |
| 7. | Testimony of Ernie Burwell (Plaintiffs' expert witness) |
| 8. | Testimony of Dr. Bennett Omalu (Plaintiffs' expert witness) |
| 9. | Testimony of M.A.R. |
| 10. | Testimony of Elisabeth Barragan |
| 11. | Testimony of Silvia Imelda Rivera |
| 12. | Los Angeles Coroner's Report |
| 13. | Video of incident obtained from the individual officers' body worn cameras |
| 14. | Communications from the involved police officers, including observations made from the LAPD helicopter. |
| 15. | Family photos and other items illustrating the losses and harms. |
| 16. | Relevant POST Learning Domains |

**Defendant's Affirmative Defenses:**

a. Defendants plan to pursue the following affirmative defenses:

**Defense 1:** Qualified Immunity.

**Defense 2:** Daniel Rivera voluntarily assumed all risks, responsibility and liability for the alleged injuries or damages, if any, sustained by Plaintiffs.

**Defense 3:** Lawful Conduct. Defendants' conduct was at all times reasonable and lawful under the circumstances.

**Defense 4:** Failure to Mitigate Damages. Plaintiffs have failed to take reasonable measures/actions to avoid the injuries/damages alleged, and thus any recovery should be reduced accordingly.

**Defense 5:** Legal and/or Proximate Cause. Defendants' acts were not the legal and/or proximate cause of any of the damages alleged by Plaintiffs.

**Defense 6:** Apportionment: The liability of all defendants, named or unnamed, should be apportioned according to the relative degrees of fault, and the liability of Defendants should be reduced accordingly.

**Defense 7:** Privilege. Defendants' conduct was, at all times, justified and privileged.

**Defense 8:** Speculative Damages. Plaintiffs' claims for damages are barred, either in whole or in part, because Plaintiffs' purported damages are remote, speculative and/or unavailable. as a matter of law.

b. The elements required to establish Defendants' affirmative defenses are:

**Defense 1 - Qualified Immunity:** The defense of qualified immunity requires a two-prong analysis. First, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right' *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L. Ed. 2d 272 (2001). Second, if the plaintiff has succeeded in alleging a deprivation of a constitutional right, the plaintiff must still show that the constitutional right at issue was "clearly established." *Id.*; *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993). The query for the Court under this second part of the test is "whether reasonable officers could have believed their conduct lawful under the clearly established principals of law governing that conduct." *Alexander v. County of Los Angeles*, 64 F.3d 1315, 1319 (9th Cir. 1995).

c. Key Evidence Defendants Rely on for Defense 1:

    1. Testimony of Officer Brett Beckstrom
    2. Testimony of Officer Tyler Moser
    3. Testimony of Officer Michael Lopez
    4. Testimony of Officer Angel Romero
    5. Testimony of Officer Nathan Ramos
    6. Testimony of other LAPD officers present as listed on the witness list.
    7. Testimony of Dr. Brice Hunt
    8. Testimony of Ed Flosi (Defendants' expert police practices witness)
    9. Testimony of Dr. Richard Clark (Defendants' expert medical witness)

|   |   |   |
|---|---|---|
| 1 | 10. | Testimony of Dr. Michael Vilke (Defendants' expert medical witness) |
| 2 | 11. | Los Angeles Coroner's Report |
| 3 | 12. | Video of incident obtained from LAPD officers' body worn cameras |
| 4 | 13. | Communications from the involved police officers |
| 5 | 14. | 911 calls and radio communications. |

**Defense 2 - Assumption of Risk:**

"Primary assumption of risk arises where a plaintiff voluntarily participates in an activity or sport involving certain inherent risks; primary assumption of risk ... bar[s] recovery because no duty of care is owed as to such risks." Connelly v. Mammoth Mountain Ski Area (1995) 39 Cal.App.4th 8, 11 [internal citations omitted.]

(c) Key Evidence Defendants Rely on for Defense 2:

Same as Defense No. 1.

**Defense 3 – Lawful Conduct:**

In general, all claims of excessive force, whether deadly or not, should be analyzed under the objective reasonableness standard of the Fourth Amendment as set forth in *Lombardo v. City of St. Louis*, 141 S. Ct. 2239, 2241 (2021), *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546 (2017), *Scott v. Harris*, 550 U.S. 372, 381-85 (2007), *Graham v. Connor*, 490 U.S. 386, 397 (1989), and *Tennessee v. Garner*, 471 U.S. 1, 7-12 (1985). *See also Lombardo*, 141 S. Ct. at 2241 n.2 (explaining that objective reasonableness standard applies whether excessive force claim is brought under Fourth Amendment or Fourteenth Amendment). The objective reasonableness of such conduct is assessed by balancing the nature and quality of the intrusion on Fourth Amendment rights against the government's countervailing interest in the force used. *Estate of Aguirre v. County of Riverside*, 29 F.4th 624, 628 (9th Cir. 2022) (quoting *Graham*, 490 U.S. at 396); *see Mendez*, 137 S. Ct. at 1546 ("'[D]etermining whether the force used to effect a particular seizure is reasonable requires balancing of the individual's Fourth Amendment interests against the relevant government interests.'" (internal quotation marks omitted) (quoting *Graham*, 490 U.S. at 396)); *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1151

(9th Cir. 2022) ("To determine whether an officer's actions were objectively reasonable, we consider: '(1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity of the intrusion on the individual and the government's need for that intrusion.'" (quoting *Rice v. Morehouse*, 989 F.3d 1112, 1121 (9th Cir. 2021)). Ninth Circuit Manual of Model Jury Instructions, Instruction 9.25.

(c) Key Evidence Defendants Rely on for Defense 2:

Same as Defense 1.

**Defense 4 – Failure to Mitigate Damages:**

Plaintiff must make reasonable efforts to mitigate damages. Valle de Oro Bank v. Gamboa, 26 Cal.App.4th 1686, 1691 (1994). To prove this affirmative defense, Defendants must show by a preponderance of the evidence that (1) that the Plaintiffs failed to use reasonable efforts to mitigate damages and (2) the amount by which damages would have been mitigated. Ninth Circuit Manual of Model Jury Instructions, Instruction 5.3.

(c) Key Evidence Defendants Rely on for Defense 4:

1. Testimony of Silvia Imelda Rivera.

**Defense 5 – Causation / Proximate Cause:**

"In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id*. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) (noting that federal courts turn to common law of torts for causation in civil rights cases). *See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.2.

(c) Key Evidence Defendants Rely on for Defense 5:

Same as Defense 1.

**Defense 6 – Apportionment:**

8.

Defendant Officers allege that the negligence or fault of Plaintiffs or third parties contributed to Plaintiffs' harm, if any. To prove this affirmative defense, Defendant Officers must show that: (1) 1. That Plaintiffs or third parties were negligent or otherwise at fault; and (2) That Plaintiffs' or third parties' negligence or fault was a substantial factor in causing Plaintiffs' harm, if any. See Judicial Council of California Civil Jury Instructions (CACI) § 406. If the negligence or fault of Plaintiffs or third parties was a substantial factor in causing Plaintiffs' harm, then the proportionate degree of fault of every such person be determined and prorated by the trier of fact, and that any judgment which might be rendered against Defendant Officers be reduced by that percentage of fault to be found to exist of Plaintiff or others and causative fault, whether sued herein or not.

(c) Key Evidence Defendants Rely on for Defense 6:

Same as Defense 1.

**Defense 7 -Privilege:**

Police officers are privileged by statute to use force to make an arrest, prevent escape, or overcome resistance, so long as the force used is not excessive. See Cal. Penal Code § 835a; Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272-73 (1998).

(c) Key Evidence Defendants Rely on for Defense 7:

Same as Defense 1.

**Defense 8 – Speculative Damages:**

Speculative damages cannot be awarded in civil rights cases. *Gunby v. Pennsylvania Electric Co.*, 840 F.2d 1108 (3d Cir. 1988). "Whatever its measure in a given case, it is fundamental that 'damages which are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery.' However, recovery is allowed if claimed benefits are reasonably certain to have been realized but for the wrongful act of the opposing party." *Piscitelli v. Friedenberg*, 87 Cal.App.4th 953, 989 (2001) [internal citations omitted].

(c) Key Evidence Defendants Rely on for Defense 8:

    1.    Testimony of Silvia Imelda Rivera

## VIII. REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Defendants Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero used excessive or unreasonable force and/or restraint against Daniel Rivera;
2. Whether their use of excessive force caused injury, damage, loss, or harm to Daniel Rivera and Plaintiffs;
3. Nature and extent of Plaintiffs' damages (wrongful death damages);
4. Nature and extent of Daniel Rivera's damages (survival damages);
5. Per Defendants, whether Defendants are entitled to qualified immunity.

## IX. DISCOVERY

All discovery is complete.

## X. DISCLOSURES AND EXHIBIT LIST

All disclosures under FED. R. CIV. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been submitted. In view of the volume of exhibits marked by each party, the parties have incorporated in the "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds therefor. In addition to the objections included in the Joint Exhibit List, Plaintiffs will object to exhibits 43–56 under Fed. R. Evid. 37(c)(1), since Plaintiffs believe these exhibits were not turned over during discovery. On February 14, 2024—eight months past the discovery cutoff—Defendants served amended disclosures including evidence marked CITY001585–001648. Plaintiffs are still reviewing this new production but will likely object to its introduction at trial under Fed. R. Evid. 37(c)(1) and other appropriate

10.

rules of evidence.

Defendants respond that in the initial disclosures, the plaintiffs were provided with the LAPD Force Investigation Report (FID) which clearly identified the reports of the prior incidents which these exhibits represent.

The parties reserve their right to file an amended exhibit list as permitted by the Court.

## XI. WITNESS LISTS

Witness lists of the parties were filed with the Court on February 8, 2024.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

The Parties reserve their right to file amended witness lists.

## XII. MOTIONS IN LIMINE

The following motions in limine are pending:

1. Plaintiffs' Motion in Limine No. 1 to exclude information not known to the Defendant Officers at the time of their use of force;
2. Plaintiffs' Motion in Limine No. 2 to exclude information regarding Daniel Rivera's criminal history;
3. Plaintiffs' Motion in Limine No. 3 to exclude evidence of Plaintiff Silvia Imelda Rivera's civil restraining order against Daniel Rivera;
4. Plaintiffs' Motion in Limine No. 4 to exclude any reference to the fact that the Los Angeles District Attorney and California Attorney General chose not to criminally prosecute the Defendant Officers.
5. Defendants' Motion in Limine No. 1 to exclude evidence regarding police officer personnel information including any findings of LAPD policy violations.
6. Defendants' Motion in Limine No. 2 to exclude evidence relating to economic damages calculations and excluding plaintiffs from requesting from the jury a

specific dollar amount for his non-economic damages.

7. Defendants' Motion in Limine No. 3 to exclude certain testimony and evidence related to Dr. Bennet Omalu.

8. Defendants' Motion in Limine No. 4 to exclude reference to the underlying criminal conduct as "non-violent" or "property" offenses.

9. Defendants' Motion in Limine No. 5 to exclude references and argument to unrelated local and national events, statistics, and appeals to juror emotions; and the ninth circuit and supreme court appeal.

## XIII. BIFURCATION

Plaintiffs conditionally request bifurcation of liability and damages should the Court deny Plaintiffs' Motions in Limine 1, 2, or 3. *See Est. of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016).

Defendants request that the issues of liability be tried separately from the issue of punitive damages. In the furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, the court may order a separate trial of any claim or of any separate issue. F.R.Civ.P. 42(b). Plaintiffs are not opposed to bifurcating the *amount of punitive damages*, if any, into a separate phase of trial, but Plaintiffs would like the predicate question of punitive damages to be included in the first phase of the trial.

**XIV. ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED:

                                      HON. FRED W. SLAUGHTER
                                      UNITED STATES DISTRICT JUDGE

Approved as to form and content by:

Dated: February 15, 2024          Respectfully submitted,

                                      JONES MAYER

                                      By: */s/ Jeremy B. Warren*
                                          James R. Touchstone
                                          Denise L. Rocawich
                                          Jeremy B. Warren
                                          Attorneys for Defendants Officer Brett Beckstrom; Officer Tyler Moser; Officer Michael Lopez; Officer Angel Romero

Dated: February 15, 2024          **LAW OFFICES OF DALE K. GALIPO**

                                      By: */s/ Cooper Alison-Mayne*
                                          Dale K. Galipo, Esq.
                                          Cooper Alison-Mayne, Esq.
                                          Attorneys for Plaintiffs, M.A.R.
                                          SILVIA IMELDA RIVERA