James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
Jeremy B. Warren, Esq. SBN 199583
jw@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:  (714) 446-1448

*Attorneys for Defendants*

V. James DeSimone (SBN: 119668)
Carmen D. Sabater (SBN: 303546)
Ryann E. Hall (SBN: 306080) Of Counsel
V. JAMES DESIMONE LAW
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Phone: (310) 693-5561
Email: vjdesimone@gmail.com;
cds820@gmail.com;
rhall@bohmlaw.com;
VJD000095@bohmlaw.com

*Attorneys for Plaintiffs*

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem, ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>OFFICER BRET BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO,<br><br>　　　　　　Defendants. | Case No.: 2:21-cv-02957-FWS-MAR<br><br>*Judge: Hon. Fred W. Slaughter*<br><br>**JOINT [PROPOSED] DISPUTED JURY INSTRUCTIONS**<br><br>PTC Date: March 7, 2024<br>Time: 8:30 a.m.<br>Courtroom: 10D<br><br>Trial Date: April 16, 2024<br>Time: 8:30 a.m.<br>Courtroom: 10D |

**TO THE HONORABLE COURT AND TO ALL PARTIES HEREIN:**

1

**PLEASE TAKE NOTICE THAT** the Parties hereby submit their Disputed Jury Instructions

Respectfully submitted,

Dated: February 15, 2024

Respectfully submitted,

JONES MAYER

By: */s/ Jeremy B. Warren*
    James R. Touchstone
    Denise L. Rocawich
    Jeremy B. Warren
    Attorneys for Defendants Officer Brett Beckstrom; Officer Tyler Moser; Officer Michael Lopez; Officer Angel Romero

Dated: February 15, 2024

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*
    Dale K. Galipo, Esq.
    Cooper Alison-Mayne, Esq.
    Attorneys for Plaintiffs, M.A.R.
    SILVIA IMELDA RIVERA

roposed Disputed Jury Instructions

| Number | Title | Source | Disputed by | Page(s) |
|---|---|---|---|---|
| 1. | Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Probable Cause Arrest | 9th Circuit Manual of Model Jury Instructions (2017 Edition) ("9th Cir.") 9.23 | Plaintiffs | 4 |
| 2. | Causation | 9th Cir. 9.2 | Plaintiffs | 6 |
| 3. | Damages – Mitigation | 9th Cir. 5.3 | Plaintiffs | 8 |
| 4. | Nominal Damages | 9th Cir. 5.6 | Plaintiffs | 10 |
| 5. | Cautionary Instructions | 9th Cir. 2.0 | Plaintiffs | 11 |
| 6. | Fourth Amendment Excessive Force – Integral Participation And Failure To Intervene | Case Law | Defendants | 13 |

# DISPUTED INSTRUCTION NO. 1
# PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that [he] [she] was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under state law, it is a crime to enter or attempt to enter a residence.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 9.23 (2017 Ed.).

**Plaintiffs' Objection:**

Plaintiffs do not bring a false arrest claim and probable cause is not at issue in this case. This case hinges on the application of the fourth amendment excessive force standard, and introducing a legal standard that does not apply to any of the claims risks confusing the jury.

**Defendants' Statement In Support:**

Although there is no false arrest claim and Plaintiffs claim that probable cause is not at issue, this instruction is necessary to the assist the jury in understanding that the Officer Defendants had the legal right to arrest Daniel Rivera.

## DISPUTED INSTRUCTION NO. 2

## 9TH CIRCUIT MODEL JURY INSTRUCTION NO. 9.2

"In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id*. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) (noting that federal courts turn to common law of torts for causation in civil rights cases).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). For example, when deprivation of a protected interest is substantively justified but the procedures were deficient, a plaintiff must show injury from the denial of procedural due process itself and cannot recover damages from the justified deprivation. *Carey v. Piphus*, 435 U.S. 247, 260-64 (1978); *Watson v. City of San Jose*, 800 F.3d 1135, 1140-42 (9th Cir. 2015) (expanding types of constitutional tort actions subject to *Carey's* causation analysis and quoting trial court's damages instruction).

A person deprives another of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "An officer's liability under section 1983 is predicated on his integral participation in the alleged violation." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019) (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (internal quotes omitted)). Thus, an "officer could be held liable where he is just one participant in a sequence of events that gives rise to [the alleged] constitutional violation." *Nicholson*, 935 F.3d at 692.

**Authority:** 9th Circuit Model Civil Jury Instruction No. 9.2 Comment

**Plaintiffs' Objection:**

This is simply not a jury instruction. The language proposed by Defendants is far too technical and abstruse to provide useful guidance to a jury. Plaintiffs agree with the legal principles discussed here and are agreeable to meeting and conferring further to find a jury instruction that both encompasses the principles above and presents those principles in a way that is digestible to a lay jury.

**Defendants' Statement In Support:**

This Instruction sets for the general principles of causation in a Section 1983 action.

# DISPUTED INSTRUCTION NO. 3

## 5.3 Damages—Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**Authority:** 9th Circuit Model Civil Jury Instruction No. 5.3

**Plaintiffs' Objection:**

The concept of mitigating damages, which typically applies in cases involving financial losses or certain types of harm where the plaintiff has the opportunity and obligation to lessen the impact of the damage, does not readily apply to the irreversible loss of life. In the context of the loss of a son or a father, as experienced by Daniel Rivera's family, the nature of the loss is fundamentally irreplaceable and immeasurable in terms that mitigation could address.

Mitigation of damages assumes that the plaintiff can take reasonable steps to reduce the harm they suffer. However, when the harm is the death of a family member, there are no actions that the surviving relatives can undertake to lessen the severity of their loss. The emotional, psychological, and relational impacts of such a loss are permanent and cannot be quantified or compensated through actions to 'mitigate' in the same way financial losses can be.

**Defendants' Statement In Support:**

This Instruction sets for the general principle of mitigation of damages.

# DISPUTED INSTRUCTION NO. 4

## 5.6 Nominal Damages

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Authority:** 9th Circuit Model Civil Jury Instruction No. 5.3

**Plaintiffs' Objection:**

Instructing the jury on nominal damages undermines the seriousness of the claims in this case. If the jury believes that the consequence of finding a violation will result only in a symbolic award, they may not fully appreciate the gravity of the defendant's misconduct.

**Defendants' Statement In Support:**

This Instruction sets for the general principle of nominal damages.

# DISPUTED INSTRUCTION NO. 6
# CAUTIONARY INSTRUCTIONS

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

**Authority:** Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.0 (2017 Ed.).

**Plaintiffs' Objection:**

This is not a case involving famous people and nothing about this case indicates that it will get significant press coverage. So, Plaintiffs believe this instruction is unnecessary and will unnecessarily add to the already lengthy instructions being sent back with the jury.

**Defendants' Statement In Support:**

This instruction is a standard cautionary instruction.

## DISPUTED INSTRUCTION NO. 6

## FOURTH AMENDMENT EXCESSIVE FORCE – INTEGRAL PARTICIPATION AND FAILURE TO INTERVENE

Plaintiffs assert that Defendants integrally participated and/or failed to intervene in the use of excessive force against Daniel Rivera. Police officers have a duty to intervene when their fellow officers violate the constitutional rights of a citizen. An officer can be held liable for failing to intervene only if they had a realistic opportunity to intervene.

To prove their failure to intervene claim against Defendant Beckstrom, Moser, Lopez, and Romero, the plaintiffs must prove all of the following by a preponderance of the evidence:

1. At least one of the Defendants used excessive force or restraint against Daniel Rivera.

2. The officer was aware of the need to intervene in the use of excessive force or restraint against Daniel Rivera.

3. The officer had an opportunity to intervene in the use of excessive force or restraint.

4. The officer failed to intervene in the use of excessive force and/or restraint.


**Authority:** Case Law

**Defendants Objection:**

No authority is cited for this instruction. It is prejudicial to the Defendants.

**Plaintiffs' Statement In Support:**

Plaintiffs' claims include a theory of liability based on the defendants failure to intervene. The jury should be instructed on how to apply the law and properly evaluate this theory of liability.