James R. Touchstone (SBN 184584)
  jrt@jones-mayer.com
Scott Wm. Davenport (SBN 159432)
  kmj@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants
OFFICER BRETT BECKSTROM, OFFICER
TYLER MOSER, OFFICER MICHAEL LOPEZ,
and OFFICER ANGEL ROMERO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A.R., a minor, by and through his Guardian ad litem ELISABETH BARRAGAN, individually, and as a successor in interest to DANIEL RIVERA; SILVIA IMELDA RIVERA, individually, | Case No. 2:21-CV-02957-FWS-MAR |
| | *Hon. Fred W. Slaughter* |
| Plaintiff, | **DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER CONTINUING TRIAL FOR *FIVE-WEEKS ONLY* BASED ON SUPREME COURT ACTION** |
| v. | |
| CITY OF LOS ANGELES; OFFICER BRETT BECKSTROM; OFFICER TYLER MOSER; OFFICER MICHAEL LOPEZ; OFFICER ANGEL ROMERO; Police Chief MICHAEL MOORE, in his individual and official capacity; and DOES 1-10, inclusive, | |
| Defendants. | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO hereby submit this *Ex Parte* Application for an Order Continuing Trial for ***Five-Weeks Only*** [From April 16, 2024 to May 21, 2024] based on Supreme Court Action in this case. Defendants further request that all other

dates associated with this trial remain as currently set.  Defendants are informed and believe that plaintiffs' counsel will oppose this request.

### **LOCAL RULE 7-19 COMPLIANCE**

Pursuant to Local Rule 7-19, Defendant hereby indicates that Opposing Counsel's Information is as follows:

Dale Galipo
Cooper Alison-Mayne
LAW OFFICES OF DALE GALIPO
21800 Burbank Blvd, Ste. 310
Woodland Hills, CA  91367
Tel:  818-347-3333
Fax:  818-347-4118
dalekgalipo@yahoo.com
cmayne@galipolaw.com

Carmen D. Sabater
Ryann Elizabeth Hall
BOHM LAW GROUP
13160 Mindanao Way, Ste. 280
Marina Del Rey, CA  90292
Tel: 310-693-5561
Fax:  323-544-6880
cds820@gmail.com
rhall@bohmlaw.com

*This ex parte application is being filed following meet and confer attempts by the parties as required by local rule 7-19.1 and this Court's Civil Standing Order.*  See Declaration of Scott Wm. Davenport attached hereto.

Dated: February 20, 2024

Respectfully Submitted,

JONES MAYER

By: */s/Scott Wm. Davenport*
James R. Touchstone
Scott Wm. Davenport

Attorneys for Defendants,
OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO



**MEMORANDUM OF POINTS AND AUTHORITIES**

**GOOD CAUSE EXISTS TO GRANT A BRIEF,**
**FIVE-WEEK TRIAL CONTINAUNCE**

Defendants OFFICER BRETT BECKSTROM, OFFICER TYLER MOSER, OFFICER MICHAEL LOPEZ, and OFFICER ANGEL ROMERO hereby submit this *Ex Parte* Application for an Order Continuing Trial for ***Five-Weeks Only*** [From April 16, 2024 to May 21, 2024] based on Supreme Court Action in this case.  This application is based on the following showing of good cause:

(1)     On August 14, 2020, members of the Los Angeles Police Department were dispatched after receiving multiple 911 calls that Daniel Rivera was attempting to forcibly enter several residences.  These residents reported observing Rivera banging on doors and windows, attempting to remove window screens to forcibly enter, and vandalizing homes while the residents were inside.  According to these reports, Rivera seemed to be confused and appeared to be under the influence of drugs and alcohol, which turned out to be in that Rivera was under the influence of methamphetamine.

(2)     Multiple officers responded – including Defendant Officers Beckstrom, Romero, Lopez and Moser) – who activated their Body Worn Cameras ("BWC") during the incident. What transpired next was captured on video , rendering these facts undisputed.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell different stories, one of which is blatantly contradicted by the record so that no reasonable jury could believe it, a court should not adopt that version of facts for the purposes of ruling on a motion for summary judgment.").

(3)     The undisputed facts – as demonstrated by the clear BWC evidence – demonstrated that as the officers approached Rivera, they repeatedly instructed him to get on the ground.  In response, Rivera turned, climbed over a chain-linked fence, and ran down a steep embankment toward a wash area of the Los Angeles River.

(4)     As the officers approached Rivera, they observed him lying on his side at the bottom of the embankment.  Rivera's hands were obscured, and the officers repeatedly



instructed him in both English and Spanish to show his hands. Rivera did not respond. A brief struggle ensued in which the officers attempted to control Rivera, who resisted and attempted to "buck" officers off of him. Ultimately, the officers deployed their TASER to Rivera's leg; however, the TASER appeared to have no effect on Rivera, who continued to struggle. Although Rivera continuously struggled, the officers were eventually able to apply handcuffs and a hobble restraint. Thereafter, Rivera was briefly placed in a prone position, where he continued to struggle.

(5)    After a few minutes, Rivera's condition began to deteriorate, and he appeared to be unconscious while experiencing labored breathing. LAFD Firefighter/Paramedics, who were already on scene and were trying to determine how to best transport Rivera up the steep embankment, noted that Rivera was breathing and appeared to track them with his eyes. However, before they could transport him, the Paramedics determined that Rivera was in cardiac arrest and began CPR. Unfortunately, these results were unsuccessful, and Rivera was pronounced dead at the scene.

(6)    The officers filed a motion for summary judgment asserting that the undisputed facts demonstrated that the force used was not excessive under *Graham v. Connor*, 490 U.S. 386 (1989), and that they were entitled to qualified immunity, as they did not knowingly violate any clearly established law. After reviewing all the documentary and video evidence, District Judge John Walter issued a detailed, 24-page order granting the motion for summary judgment.

(7)    On appeal, the Ninth Circuit issued a five-page, unpublished, Memorandum Opinion which stated that, viewing the evidence in the light most favorable to Plaintiffs, the officers used excessive force and did so in violation of clearly-established law. The Ninth Circuit's opinion, however, did not address the uncontroverted nature of the video evidence, pursuant to *Scott v. Harris*' mandate. In addition, the Ninth Circuit's opinion did not address the fact that the officers are entitled to qualified immunity, as the District Court correctly concluded, even where there is a reasonable mistake of fact. *Pearson v. Callahan*, 555 U.S. 223, 230 (2009).

/ / /




(8)     Petitioners filed a timely Petition for Rehearing and Petition for Rehearing En Banc.  On September 25, 2023, this Petition was denied.

(9)     On December 22, 2023, Defendants filed a Petition for a Writ of Certiorari to the United States Supreme Court.  *Exhibit* "A".  Thereafter, Plaintiff filed a waiver of a right to respond.  *Id.*

(10)    **On February 7, 2024, the matter was submitted for a conference by the United States Supreme Court on February 23, 2004.  *Id.*  Thereafter, on February 13, 2024, after the case was distributed to chambers, the United States Supreme Court issued an order requesting that Plaintiff file a response to the Petition for a Writ of Certiorari not later than March 14, 2024.**  *Id.*

(11)    It is anticipated that after Plaintiffs file their response to the Petition for a Writ of Certiorari, the matter will once again be submitted for conference by the United States Supreme Court, probably within three to four weeks.  If the Court grants the Petition for a Writ of Certiorari, it could thereafter reinstate this Court's prior ruling, thereby rendering trial in this matter moot.  Additionally, if trial proceeds prior to the completion of review, it would effectively deprive the Supreme Cour of jurisdiction over this matter.

(12)    Jury trial in this case is currently scheduled to commence on April 16, 2024. Accordingly, based on the foregoing showing of good cause, Defendants request an order continuing jury trial for ***Five-Weeks Only*** [From April 16, 2024 to May 21, 2024] based on the Supreme Court Action in this case.  Defendants do not seek an order continuing any of the other associated trial dates in this matter and, indeed, ask that they remain as currently set.

(13)    In making this request, Defendants are cognizant of the fact that the United States Supreme Court receives approximately 7,000 Petition for a Writ of Certiorari every year and that it agrees to hear only 100 to 150 cases (approximately 2%).  Thus, in the overwhelming and vast majority of these cases, the petitions are summarily denied.

(14)    **However, according to the standard manual, Supreme Court Practice, on those instances in which a response is requested by the United States Supreme Court, it "may reflect the belief of one or more Justices that the petition is prima facie meritorious,**



1  **or that it is complex or difficult enough to make presentation of the views of the**

2  **respondent appropriate.**"  Thus, while the issuance of the order requesting a response in this

3  matter does not guarantee that certiorari will be granted, it does suggest that the issues presented

4  in the petition are prima facie meritorious to at least one of the justices.

5   (15)   Finally, Defendant acknowledges that an *ex parte* application must show why

6  the moving party should be allowed to "go to the head of the line" in front of other litigants.

7  *Mission Power Engineering v. Continental Cas. Co.,* 883 F.Supp. 488, 492 (CD CA 1995).

8  Defendants also acknowledge that *ex parte* orders are to be used sparingly and are proper

9  only in limited situations such as ministerial matters, scheduling matters, or emergencies in

10  which the delay caused by notifying the opposing party of the motion, or action the opposing

11  party may take after learning of the motion, may itself defat the purposes of the motion.

12  *Federal Rutter Guide* § 12:162.  This is one such case.

13   (16)   In this case, given that trial is scheduled to commence on April 16, 2024, there

14  is a legitimate concern about whether the Supreme Court will have a sufficient opportunity to

15  hold its conference by that time, and whether the issues presented in the petition would render

16  the matter moot.  Accordingly, Defendants will be irreparably prejudiced if the relief

17  requested in this application is not granted. Conversely, given that Defendants are seeking a

18  continuance of *five-weeks only,* Plaintiffs will not suffer any substantial prejudice associated

19  with this request.   Indeed, the short continuance requested will ensure that the resources of

20  all parties and the Court are not wasted in the event the Supreme Court grants the Petition and

21  restores the original decision of the District Court.

22   (17)   Finally, beginning on February 14, 2024, the day after the Supreme Court

23  issued its order, the parties began to meet and confer on this issue.  Unfortunately, the parties

24  were not able to resolve this matter informally, thereby requiring intervention by this Court.

25  <u>**CONCLUSION**</u>

26   For all the foregoing reasons, Defendants respectfully requests that this Court issue an

27  order continuing trial for *five-weeks only* [from April 16, 2024 to May 21, 2024] based on

28



Supreme Court Action in this case.  Defendants further request that all other dates associated with this trial remain as currently set.

Dated: February 20, 2024                Respectfully Submitted,

                                        JONES MAYER


                                        By: */s/Scott Wm. Davenport*
                                            James R. Touchstone
                                            Scott Wm. Davenport,

                                            Attorney for Defendants,
                                            OFFICER BRETT BECKSTROM, OFFICER
                                            TYLER MOSER, OFFICER MICHAEL
                                            LOPEZ, and OFFICER ANGEL ROMERO

## DECLARATION OF SCOTT WM. DAVENPORT

I, Scott Wm. Davenport, declare:

1.      I am an attorney licensed to practice law in the State of California and before this Court.  I am a Certified Appellate Specialist and an attorney in the law firm of Jones Mayer, counsel of record for Defendants in this matter.  This Declaration is submitted in support of Defendant's *Ex Parte* Application for an Order Continuing Trial for ***Five-Weeks Only*** Based on Supreme Court Action. If called as a witness, I would and could competently testify to all of the facts contained within this declaration based upon my personal knowledge.

2.      On March 28, 2022, District Judge John Walter issued a detailed, 24-page order granting the motion for summary judgment in this case.

3.      On   July 17, 2023, the Ninth Circuit issued a five-page, unpublished, Memorandum Opinion which stated that, viewing the evidence in the light most favorable to Plaintiffs, the officers used excessive force and did so in violation of clearly-established law. The Ninth Circuit's opinion, however, did not address the uncontroverted nature of the video evidence, pursuant to *Scott v. Harris*' mandate.  In addition, the Ninth Circuit's opinion did not address the fact that the officers are entitled to qualified immunity, as the district court correctly concluded, even where there is a reasonable mistake of fact.  *Pearson v. Callahan*, 555 U.S. 223, 230 (2009).

4.      Petitioners filed a timely Petition for Rehearing and Petition for Rehearing En Banc.  On September 25, 2023, this Petition was denied.

5.      On December 22, 2023, Defendants filed a Petition for a Writ of Certiorari to the United States Supreme Court.  A true and correct copy of the Supreme Court Docket, for which judicial notice is hereby requested, is attached hereto as *Exhibit* "A".  Thereafter, Plaintiff filed a waiver of a right to respond.  *Id.*

6.      **On February 7, 2024, the matter was submitted for a conference by the United States Supreme Court on February 23, 2004.  *Id.*  Thereafter, on February 13, 2024, after the case was distributed to chambers, the United States Supreme Court issued an order requesting that Plaintiff file a response to the Petition for a Writ of Certiorari**



**not later than March 14, 2024**. *Id*.

7.      It is anticipated that after Plaintiffs file their response to the Petition for a Writ of Certiorari, the matter will once again be submitted for conference by the United States Supreme Court, probably within three to four weeks.  If the Court grants the Petition for a Writ of Certiorari, it could thereafter reinstate this Court's prior ruling, thereby rendering trial in this matter moot.  Additionally, if trial proceeds prior to the completion of review, it would effectively deprive the Supreme Cour of jurisdiction over this matter.

8.      Jury trial in this case is currently scheduled to commence on April 16, 2024. Accordingly, based on the foregoing showing of good cause, Defendants request an order continuing jury trial for Five-Weeks Only [From April 16, 2024 to May 21, 2024] based on the Supreme Court Action in this case.  Defendants do not seek an order continuing any of the other associated trial dates in this matter and, indeed, ask that they remain as currently set.

9.      In making this request, Defendants are cognizant of the fact that the United States Supreme Court receives approximately 7,000 Petition for a Writ of Certiorari every year and that it agrees to hear only 100 to 150 cases (approximately 2%).  Thus, in the overwhelming and vast majority of these cases, the petitions are summarily denied.

10.     However, **according to the standard manual, Supreme Court Practice, on those instances in which a response is requested by the United States Supreme Court, it "may reflect the belief of one or more Justices that the petition is prima facie meritorious, or that it is complex or difficult enough to make presentation of the views of the respondent appropriate**."  Thus, while the issuance of the order requesting a response in this matter does not guarantee that certiorari will be granted, it does suggest that the issues presented in the petition are potentially of interest to at least one of the justices.

11.     In this case, given that trial is scheduled to commence on April 16, 2024, there is a legitimate concern about whether the Supreme Court will have a sufficient opportunity to hold its conference by that time, and whether the issues presented in the petition could render the matter moot.  Accordingly, Defendants will be irreparably prejudiced if this application is not heard. Conversely, given that Defendants are seeking a continuance of *five-weeks only*,



Plaintiff will not suffer any substantial prejudice associated with this request.

12.     Finally, beginning on February 14, 2024, the day after the Supreme Court issued its order, the parties began to meet and confer on this issue.  Unfortunately, the parties were not able to resolve this matter informally, thereby requiring intervention by this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of February, 2024, at Chula Vista, California.

*/s/ Scott Wm. Davenport*

_____

Scott Wm. Davenport,
Declarant

