UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 2:21-cv-02957-FWS-MAR                    Date: February 22, 2024
Title: M.A.R. *et al.* v. City of Los Angeles *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

 Melissa H. Kunig                                         N/A
    Deputy Clerk                                    Court Reporter

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

      Not Present                                  Not Present

**PROCEEDINGS: ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION
     TO CONTINUE TRIAL [197]**

Before the court is Defendants Officer Brett Beckstrom, Officer Tyler Moser, Officer Michael Lopez, and Officer Angel Romero's ("Defendants") *Ex Parte* Application for an Order Continuing Trial. (Dkt. 197 ("Application").) Plaintiffs Silvia Imelda Rivera and M.A.R., a Minor, By and Through His Guardian ad Litem, Elisabeth Barragan ("Plaintiffs"), oppose the Motion. (Dkt. 198.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Application.[1]

*Ex parte* applications "are appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001). "Evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party must establish that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 512 (C.D. Cal. 2019) (citations and internal quotation marks omitted).

---

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02957-FWS-MAR                    Date: February 22, 2024
Title: M.A.R. *et al.* v. City of Los Angeles *et al.*

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Arakaki v. Lingle*, 477 F.3d 1048, 1069 (9th Cir. 2007) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).  Under Federal Rule of Civil Procedure 16(b), scheduling orders "entered before the final pretrial conference may be modified upon a showing of 'good cause.'" *Johnson*, 975 F.2d at 608 (citation omitted).  "The good cause standard of Rule 16(b) 'primarily considers the diligence of the party seeking the amendment.'" *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609).  Accordingly, the "pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).  "While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification[;] if that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (cleaned up).

Having considered the relevant record in this matter, in particular the fact the Supreme Court recently ordered Plaintiffs to respond to Defendants' pending petition for writ of certiorari on or before March 14, 2024,[2] the court finds good cause to modify the scheduling

---

[2] As both parties note, "[i]t is well-established that the Supreme Court rarely grants certiorari." *Waithaka v. Amazon.com, Inc.*, 2020 WL 7028945, at *3 (W.D. Wash. Nov. 30, 2020) (citing Margaret Meriwether Cordray & Richard Cordray, *The Calendar of the Justices: How the Supreme Court's Timing Affects its Decisionmaking*, 36 ARIZ. ST. L.J. 183, 204 (2004) (observing that the Supreme Court grants an average of 1.19% of the petitions for certiorari it reviews); *see also* Supreme Court Rule 10(a)-(c) (listing criteria the Court considers in granting writs of certiorari).  However, "[a] call for response significantly increases the chances the Supreme Court grants review." *Rittmann v. Amazon.com, Inc.*, 2023 WL 8544145, at *1 (W.D. Wash. Dec. 11, 2023) (citing David C. Thompson & Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, 16 GEO. MASON L. REV. 237, 250 (2009)).  While a call for response elevates the chance the Supreme Court grants certiorari in a given case to a level

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02957-FWS-MAR                    Date: February 22, 2024
Title: M.A.R. *et al.* v. City of Los Angeles *et al.*

order and briefly continue trial for five (5) weeks.  *See Johnson*, 975 F.2d at 608-09 (scheduling orders may be modified under Rule 16(b) upon a showing of "good cause," which principally turns on the diligence of the movant seeking the extension); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259-61 (9th Cir. 2010) (discussing "good cause" standard in the context of motions seeking to continue deadlines under Rule 6(b)(1); *cf.* Fed. R. Civ. P. 1 (procedural rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  In light of the circumstances of this case, particularly the impending trial date in this matter, the court finds relief through an *ex parte* application to be proper.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (discussing standard for granting relief outside the court's regular procedures for noticed motions); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1139-41 (D. Nev. 2015) (noting emergency relief is "disfavored" and "properly confined" to "limited circumstances").  Accordingly, the Application is **GRANTED** and the trial date in this matter is **CONTINUED** as set forth in Appendix A to this Order.


**IT IS SO ORDERED.**


Initials of Deputy Clerk:  mku

---

that remains relatively low, it is nevertheless "a strong sign that the Court is interested in hearing argument in a case."  *See* Thompson & Wachtell, at 250 (finding a call for response "from the Court increases the probability that the Court will grant oral argument by roughly 9 times, from 0.9% to 8.6%" but cautioning "[c]are must be taken in interpreting this figure").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02957-FWS-MAR                    Date: February 22, 2024
Title: M.A.R. *et al.* v. City of Los Angeles *et al.*

**Appendix A**[3]

| Event | Current Date | New Date |
|---|---|---|
| Trial (First Day), 8:00 a.m., Courtroom 10D | **April 16, 2024** | **May 21, 2024** |

---

[3] Unless otherwise noted in Appendix A, all remaining dates and deadlines (Dkt. 160) remain in effect, including the Final Pretrial Conference & Hearing on Motions in Limine, scheduled on March 7, 2024, at 8:30 a.m., in Courtroom 10D.