.
_____

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-02957-FWS-MAR | Date: April 16, 2024 |
| Title: M.A.R *et al.* v. City of Los Angeles, *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER VACATING DATES, STAYING CASE, AND ORDERING JOINT STATUS REPORT [202]**

On April 15, 2024, Plaintiffs M.A.R. and Silvia Rivera ("Plaintiffs") jointly filed with Defendants Brett Beckstrom, Tyler Moser, Michael Lopez, and Angel Romero ("Defendants") and Plaintiff A.M., a "Notice of Conditional Settlement." (Dkt. 202.) The parties state they settled the above-entitled action, but that the settlement is contingent upon approval by certain offices and departments of the City of Los Angeles (collectively, "City"). (*Id.* at 2.) The parties estimate that confirmation of the settlement would take up to six (6) months. (*Id.*) The parties request that the court vacate the current dates in the action and stay all proceedings pending the City's approval of the settlement. (*Id.*) The parties state they will file a stipulation to dismiss the entire action within seven (7) days of Plaintiff's receipt of the settlement funds. (*Id.*)

The "decision to grant a stay" is "'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). A court's power to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). For example, a court may "enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case" whether "the separate proceedings are judicial, administrative, or arbitral in character," or "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

_____

.
_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-02957-FWS-MAR                                    Date: April 16, 2024
Title: M.A.R *et al.* v. City of Los Angeles, *et al.*

     "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[1] *Id.* (quoting *CMAX*, 300 F.2d at 268). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

     In this case, based on the record before the court, the court finds no indication that granting a temporary stay would cause damage to the parties or impose hardship or inequity. Both parties support—and in fact jointly request—the stay, which would be limited in duration to the City's decision on whether to approve the parties' settlement. A temporary stay would also support the orderly course of justice by permitting the parties to finalize their settlement. *See CMAX*, 300 F.2d at 268. A stay favors judicial economy as well given the parties' settlement, upon approval, would terminate proceedings in this case. (*See* Dkt. 202 at 2.) Accordingly, the court **VACATES** all pending dates, including the trial date of May 21, 2024, and **STAYS** the action from the date of this Order **until October 21, 2024 (inclusive)**. The court **ORDERS** the parties to file a joint status report regarding the status of the settlement on **August 21, 2024**, and **September 23, 2024**. If the City has not approved the settlement on or before **November 4, 2024**, the parties **are directed to file** a joint stipulation requesting an in-person status conference on or before **November 8, 2024**. Thereafter, the court will set an in-person status conference regarding lifting the stay imposed by this Order and resetting dates in a new scheduling order.

     **IT IS SO ORDERED**.

---

[1] The court refers to these three considerations as the *Landis* factors in its analysis.

_____
**CIVIL MINUTES – GENERAL**                                                                 2